IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION ) | |
| ) | C.A. No. 06-476-GMS |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC. ) | **PUBLIC VERSION** |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

Defendant Monolithic Power Systems, Inc. ("MPS") hereby answers the complaint of plaintiff Linear Technology Corporation ("Linear") for breach of contract and patent infringement as follows:

### JURISDICTION AND VENUE

1. Answering paragraph 1, MPS admits that Linear purports to bring this complaint under Title 35 of the United States Code. MPS further admits that Linear asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338. MPS expressly denies any liability thereunder. The remaining allegation of paragraph 1 of the complaint calls for a legal conclusion for which MPS is without sufficient information and belief; on that basis MPS denies the remaining allegation of paragraph 1.

2. Answering paragraph 2, MPS admits that venue is proper in this district. MPS denies that it has breached any contract or that it has committed any acts of infringement.

### PARTIES AND PATENTS AT ISSUE

3. Answering paragraph 3, MPS admits the allegations.

4. Answering paragraph 4, MPS admits the allegations.

5. Answering paragraph 5, MPS admits that the United States Patent and Trademark office issued U.S. Patent No. 5,481,178 (the "'178 Patent") on January 2, 1996, and that a copy is attached to the complaint as Exhibit A. MPS is without sufficient information and belief as to the remaining allegations of paragraph 5 and on that basis denies the remaining allegations.

6. Answering paragraph 6, MPS admits that the United States Patent and Trademark office issued U.S. Patent No. 6,580,258 (the "'258 Patent") on June 17, 2003, and that a copy is attached to the complaint as Exhibit B. MPS is without sufficient information and belief as to the remaining allegations of paragraph 6 and on that basis denies the remaining allegations.

7. Answering paragraph 7, MPS denies the allegations. MPS avers that Linear filed its complaint without providing any notice to MPS to the effect that Linear believed the MP1543 product infringed claims of either the '178 Patent or the '258 Patent.

## COUNT 1 – BREACH OF SETTLEMENT AGREEMENT

8. Answering paragraph 8, MPS admits that, at the behest of Linear, the United States International Trade Commission instituted an investigation of MPS under Section 337 of the Tariff Act of 1930, as amended, on August 17, 2004. MPS denies the remaining allegations of paragraph 8.

9. Answering paragraph 9, MPS admits the allegations.

10. Answering paragraph 10, MPS admits the allegations of the first sentence. MPS further admits that section 3.3 of the Settlement and License Agreement contains the language quoted by Linear in the indented block quotation. MPS denies the remaining allegations of paragraph 10, including but not limited to the extent they are construed to allege that MPS ever sold any product that infringed the asserted patents. MPS denies that it ever did so.

11. Answering paragraph 11, MPS admits that section 3.3 of the Settlement and License Agreement provides, inter alia, that MPS

**REDACTED**

MPS denies that it has practiced the Asserted Claims, or any unasserted claims, anywhere in the world.

12. Answering paragraph 12, MPS admits that the Settlement and License Agreement contains the language quoted by Linear. MPS denies that it is obligated to pay any royalty to Linear in connection with the MP1543 product.

13. Answering paragraph 13, MPS denies the allegations. MPS avers that Linear has selectively quoted from the Settlement and License Agreement and has omitted the language that

**REDACTED**

14. Answering paragraph 14, MPS admits that, with the exception of a typographical error, Linear has quoted from a section of the Settlement and License Agreement. MPS denies that it has violated the Settlement and License Agreement, or that this is, or could be, an action to enforce the Consent Order or the Settlement and License Agreement.

15. Answering paragraph 15, MPS denies the allegations.

16. Answering paragraph 16, MPS denies the allegations.

## COUNT 2 – PATENT INFRINGEMENT

17. Answering paragraph 17, MPS restates and incorporates by reference its responses to the allegations set forth by paragraphs 1 – 16 above.

18. Answering paragraph 18, MPS denies the allegations.

19. Answering paragraph 19, MPS denies the allegations.

20. Answering paragraph 20, MPS denies the allegations.

21. Answering paragraph 21, MPS denies the allegations.

22. In response to Linear's prayer for relief, MPS denies that Linear is entitled to the requested relief or any declaration, injunction, damages, costs, fees, judgment, order or any other relief against MPS whatsoever.

## DEFENSES

As and for its defenses, MPS alleges as follows:

### First Defense

Linear's complaint fails to allege sufficient facts to state a claim on which relief can be granted.

### Second Defense

MPS does not infringe and has not infringed any valid claim of either the '178 Patent or the '258 Patent.

### Third Defense

MPS has not willfully infringed any valid claim of either the '178 Patent or the '258 Patent.

### Fourth Defense

On information and belief, the '178 and '258 Patents are unenforceable due to patent misuse, including but not limited to

**REDACTED**

### Fifth Defense

On information and belief, the claims of the '178 and '258 Patents are invalid under 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### Sixth Defense

4

Linear is not entitled to liquidated damages in connection with this proceeding. Any construction of the Settlement and License Agreement that would allow Linear to seek or recover liquidated damages in this proceeding would render the Settlement and License Agreement invalid and unenforceable, at least to that extent.

### Seventh Defense

Linear is barred from asserting its first claim for relief based on its unclean hands and bad faith in asserting a claim against a product that it knows or should know is not within the scope of the Settlement and License Agreement.

### Eighth Defense

Linear did not provide MPS with actual notice of the alleged infringement. On information and belief, Linear has failed to comply with the notice requirements of 35 U.S.C. § 287 prior to the filing of its complaint and thus is barred from seeking or recovering any damages for any alleged infringement of either the '178 Patent or the '258 Patent that allegedly occurred prior to the filing of Linear's complaint.

### Ninth Defense

On information and belief, each and every claim of the '178 and '258 Patents is unenforceable due to inequitable conduct. As set forth below, the patentees and others involved in prosecuting those and related patents violated the duty of candor and good faith required of persons who prepare or prosecute patent applications before the United States Patent and Trademark Office (the "PTO").

On information and belief, the patentees and others involved in prosecuting the '178 Patent knowingly, and with the intent to mislead, withheld from the PTO prior art documents and information material to patentability. The deliberately withheld prior art documents and information was a detailed, 26-page document describing Maxim Integrated Products, Inc.'s MAX782 evaluation board. The MAX782 is a controller chip for a synchronous switching voltage regulator containing "reverse current prevention"

circuitry, which was reduced to working silicon and distributed to potential customers in the United States and abroad prior to the filing of the '178 Patent application.

The 26-page Maxim document included schematic diagrams clearly showing Maxim's "reverse current protection" circuitry – circuitry that Linear would later charge with infringing claims of the '178 Patent. However, despite the fact that the patentees and others involved in prosecuting the '178 Patent had the document in their possession and had reviewed it before the '178 Patent application was even filed, they never disclosed it to the PTO during the entire prosecution. Instead, they provided the PTO with a different, undated, far less informative document concerning the MAX782 in order to hide the invalidating art. That other document, an 8-page preliminary datasheet, does not disclose the "reverse current protection" circuitry and thus was entirely immaterial for purposes of determining the patentability of the '178 Patent claims.

The deliberate withholding of the Maxim documentation during the prosecution of the '178 Patent constitutes inequitable conduct which renders both that patent and the '258 Patent unenforceable.

On information and belief, the '258 Patent is also unenforceable because Linear's patent prosecution attorneys and others involved in the prosecution of the patent application intentionally, and with intent to deceive, buried the patent examiner with over 220 references, while withholding the roadmap documents that could have provided a reasonable examiner with a meaningful explanation of the significant prior art buried amongst all the immaterial filler material. Facing the onslaught of hundreds of references, the patent examiner twice complained that the applicants were "burying" him with numerous documents that "do not appear material to claimed invention." Remarkably, even after the examiner's complaints, the prosecution attorneys submitted an "Updated Information Disclosure Statement" that again listed hundreds of references and again provided none of the roadmap documents that could have assisted a competent examiner in making sense of the document dump.

6

Linear's patent prosecution attorneys likewise had a duty to inform the examiner that two other examiners previously had rejected exactly the same claims that the examiner reviewing the '258 Patent application had mistakenly allowed, as such prior rejections necessarily were material. In violation of their duty of candor, the patent attorneys withheld that information from the examiner. This deliberate attempt to "bury" the examiner with numerous immaterial references, as well as the failure to disclose material information, coupled with the intent to deceive, renders the '258 Patent unenforceable.

### **RELIEF REQUESTED**

WHEREFORE, MPS prays for relief as follows:

A. That United States Patent No. 5,481,178, and each and every asserted claim thereof, be declared not infringed, invalid, and unenforceable;

B. That United States Patent No. 6,580,258 B2, and each and every asserted claim thereof, be declared not infringed, invalid, and unenforceable;

C. That the Court declare that MPS has not breached the Settlement and License Agreement;

D. That Linear take nothing by its complaint and that said complaint be dismissed with prejudice;

E. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, the Court find that Linear's conduct renders this an exceptional case and that MPS be awarded its attorneys' fees in this action; and

F. That MPS be awarded such other relief as the Court shall deem just and reasonable.

## JURY DEMAND

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, MPS hereby requests trial by jury on all issues triable by a jury.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Rosslyn Stevens Hummer
LATHAM & WATKINS
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 485-1234

By: /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    Kenneth L. Dorsney (#3726)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, Delaware 19889-0951
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    kdorsney@potteranderson.com

Dated: September 14, 2006
Public Version Dated: September 14, 2006

*Attorneys for Defendant
Monolithic Power Systems Inc.*

749758

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on September 14, 2006, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Karen Jacobs Louden
Morris, James, Hitchens & Williams
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on September 14, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com

By: /s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

750219