# EXHIBIT A

# PUBLIC VERSION

## UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C. 20436

|  |  |
|---|---|
| In the Matter of CERTAIN VOLTAGE REGULATOR CIRCUITS, COMPONENTS THEREOF AND PRODUCTS CONTAINING SAME | ) ) ) ) ) ) ) |

Investigation No. 337-TA-___

## COMPLAINT UNDER SECTION 337
## OF THE TARIFF ACT OF 1930, AS AMENDED

### COMPLAINANT

**LINEAR TECHNOLOGY CORPORATION**
1630 McCarthy Boulevard
Milpitas, California 95035
(408) 432-1900

### COUNSEL FOR COMPLAINANT

Mark G. Davis
D. Sean Trainor
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone:  (202) 756-8000
Facsimile:  (202) 756-8087

Terrence P. McMahon
Vera M. Elson
Peter P. Chen
Keaton S. Parekh
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone:  (650) 813-5000
Facsimile:  (650) 813-5100

### PROPOSED RESPONDENT

**MONOLITHIC POWER SYSTEMS, INC.**
983 University Avenue
Building A
Los Gatos, California 95032
(408) 357-6258

voltage regulator mounted thereon.  As shown in **Exhibits 12** and **13**, use of the MP1556 directly infringes exemplary claim 51 of the '178 Patent and exemplary claim 34 of the '258 Patent. Thus, Monolithic is committing unfair acts by importing, selling after importation, or offering for sale for importation, products such as the evaluation board that contain the MP1556 voltage regulator, which infringe the patents-in-suit.

## X.    THE DOMESTIC INDUSTRY

39.    As defined by Section 337(a)(3), a domestic industry exists in connection with Linear's activities related to voltage regulators that practice the claims of the patents-in-suit, including (1) significant United States investments in plant and equipment, (2) significant employment of labor and capital in the United States, and (3) substantial investment in the exploitation of the subject patent.

### A.    LINEAR MEETS THE TECHNICAL PRONG OF THE DOMESTIC INDUSTRY REQUIREMENT

40.    Linear meets the technical prong of the domestic industry requirement.  Linear currently makes and sells a family of voltage regulators known as the LTC1148 series, which practice the claims of the patents-in-suit.  Examples of Linear's voltage regulators that practice the patents-in-suit are the LTC1148-3.3 and LTC1148-5.

41.    **Exhibit 19** is a claim chart applying exemplary claim 51 of the '178 Patent to Linear's LTC1148.  This claim chart demonstrates that use of Linear's LTC1148 practices the invention claimed in the '178 Patent.  **Exhibit 20** is a claim chart applying exemplary claim 34 of the '258 Patent to Linear's LTC1148.  This claim chart demonstrates that use of Linear's LTC1148 practices the invention claimed in the '258 Patent. Thus, a domestic industry exists as to the patents-in-suit.

ADI, without prejudice. Maxim and Mr. Vinsant remain as adverse parties in the pending litigation involving the '178 Patent.

52.    Upon appeal, the Court of Appeals for the Federal Circuit, on June 17, 2004, found that the district court erred in construing certain key claim limitations of the claims of the '178 Patent, and as a result, re-construed those terms, vacated the district court's summary judgment of non-infringement by Maxim, affirmed the district court's denial of Maxim's motion for summary judgment as to inventorship, and remanded for further consideration. *See Linear Technology Corp. v. Impala Linear Corp.*, No. 02-1569, No. 02-1576, 2004 U.S. App. LEXIS 11882 (Fed. Cir. June 17, 2004).

**B.    PRIOR LITIGATION**

53.    Aside from the above-described pending litigation, there is no prior litigation related to either of the patents-in-suit.

## XII.    RELIEF REQUESTED

Monolithic has infringed and will continue to infringe Linear's patents-in-suit unless the ITC prohibits the importation and sale in the United States of Monolithic's voltage regulators and/or components thereof and/or products containing the same.

WHEREFORE, Complainant Linear respectfully requests that:

**A.    INSTITUTE AN INVESTIGATION**

The ITC institute an immediate investigation pursuant to Section 337(b)(1) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, into the violations by Monolithic of Section 337 arising from the sale for importation into the United States, and/or importation into the United States, and/or sale within the United States after importation, of infringing voltage regulation circuits containing Monolithic's voltage regulators, and/or components thereof and/or products containing the same that infringe one or more claims of Linear's patents-in-suit;

**B.    CONDUCT A HEARING**

The ITC, pursuant to Section 337(c) and (d), hold a hearing for purposes of receiving evidence and hearing argument concerning whether there has been a violation of Section 337;

**C.    ISSUE A PERMANENT EXCLUSION ORDER**

The ITC, pursuant to Section 337(d) and (f)(1), determine that there has been a violation of Section 337 and issue a permanent exclusion order forbidding entry into the United States of infringing voltage regulation circuits containing Monolithic's voltage regulators and/or components thereof and/or products containing the same that infringe one or more claims of Linear's patents-in-suit;

**D.    ISSUE PERMANENT CEASE AND DESIST ORDERS**

The ITC, pursuant to Section 337(f), direct that Monolithic cease and desist from importing, selling, promoting, marketing, and/or advertising in the United States, infringing voltage regulation circuits containing Monolithic's voltage regulators and/or components thereof and/or products containing the same that infringe one or more claims of Linear's patents-in-suit; and

### E.    OTHER RELIEF

The ITC grant all other necessary and proper relief.

Dated: July _16_ , 2004

By: _____

Mark G. Davis
D. Sean Trainor
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone:     (202) 756-8000
Facsimile:     (202) 756-8087

Terrence P. McMahon
Vera M. Elson
Peter P. Chen
Keaton S. Parekh
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, California  94304-1212
Telephone:     (650) 813-5000
Facsimile:     (650) 813-5100

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORP., | ) | |
| | ) | |
| Plaintiff, | ) | **PUBLIC VERSION** |
| | ) | |
| v. | ) | C.A. No. 06-476 (GMS) |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LINEAR TECHNOLOGY CORPORATION'S REPLY
BRIEF IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT'S
AFFIRMATIVE DEFENSES OF INVALIDITY AND UNENFORCEABILITY
UNDER FED. R. CIV. P. 12(f) OR, IN THE ALTERNATIVE,
FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware  19899
(302) 658-9200
  Attorneys for plaintiff Linear Technology
  Corporation

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

Originally Filed:  October 23, 2006
Redacted Version Filed:  October 24, 2006

i.

## TABLE OF CONTENTS

|                                                                                                 | Page |
| ----------------------------------------------------------------------------------------------- | ---- |
| TABLE OF CITATIONS                                                                              | ii   |
| INTRODUCTION                                                                                    | 1    |
| I.   IN THIS PROPERLY-PLED ACTION FOR BREACH OF THE SETTLEMENT AGREEMENT, **REDACTED**          | 2    |
| II.  MONOLITHIC CANNOT TAKE BACK ITS PROMISE IN THE SETTLEMENT AGREEMENT **REDACTED**           | 3    |
| III. MONOLITHIC DOES NOT CONTEST **REDACTED**                                                   | 5    |
| CONCLUSION                                                                                       | 7    |

ii.

## TABLE OF CITATIONS

Page(s)

Cases

*Brulotte v. Thys Co.*, 379 U.S. 29 (1964)                5, 6

*Hemstreet v. Spiegel, Inc.*,
        851 F.2d 348, 351 (Fed. Cir. 1988)              6

*Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co.*,
        49 F. Supp. 2d 893 (E.D. Tex. 1999)            6

Statutes

Fed. R. Civ. P. 12(c)                                  7

Fed. R. Civ. P. 12(f)                                  7

.

INTRODUCTION

Monolithic continues to run from the deal it struck with Linear on the eve of trial

in the ITC.

**REDACTED**

In essence,

Monolithic argues that this suit is not an action for breach of the Settlement Agreement because

it contends that it has not breached the agreement. This argument, of course, is entirely circular.

The plain fact is that, *on its face*, this is an action to enforce the Settlement Agreement. The fact

that Monolithic argues that it should prevail does not change the nature of this proceeding.

Monolithic's attempt to muddle the issues should be recognized for what it is.

**REDACTED**

However, the sole question

before the Court is whether Monolithic's invalidity and unenforceability defenses are, in this

action to enforce the Settlement Agreement, legally insufficient

**REDACTED**          It is clear that

Linear has properly plead a cause of action for breach of the Settlement Agreement. And it is

likewise clear that because of that, Monolithic's defenses challenging the Linear Patents are

improper.          **REDACTED**

2.

Monolithic does nothing in its answering brief to counter these basic facts. Indeed, in its haste to renege on the Settlement Agreement, Monolithic does not even address the controlling case law that Linear cited, holding that a party's agreement in settlement of litigation to waive challenges to a patent will be enforced.

**REDACTED**

I.    IN THIS PROPERLY-PLED ACTION FOR BREACH OF THE
      SETTLEMENT   AGREEMENT,
                **REDACTED**

**REDACTED**

(Monolithic's Opposition Brief, "MOB," D.I. 17, at 1).   Monolithic instead attempts by fiat to declare that this action does not constitute a proceeding to enforce the Settlement Agreement.

**REDACTED**

After all, the Complaint, not the outcome, of this lawsuit determines its character. Monolithic's contrary position is disingenuous.

3.

The ultimate question in this proceeding —

**REDACTED**          · — does not affect nature of this action.

By analogy, a properly pled patent infringement suit remains a patent infringement suit even if a

jury returns a verdict of noninfrigement.

**REDACTED**

II.    MONOLITHIC CANNOT TAKE BACK ITS PROMISE IN THE
       SETTLEMENT  AGREEMENT      **REDACTED**

**REDACTED**

Paragraph 3.3 states in full that (emphasis added):

**REDACTED**

Consistent with the parties' goal of settling infringement litigation involving the Linear Patents,

**REDACTED**

4.

**REDACTED**

Monolithic's attempt to circumvent that contract would defeat the very purpose of the settlement. Monolithic's agreement should be enforced.

---

[1] Monolithic also selectively cited a portion of section 3.3 in its Answer, stating that "[it] admits that section 3.3 of the Settlement and License Agreement provides, *inter alia*, that

**REDACTED**

5.

III.    MONOLITHIC    DOES    NOT    CONTEST
**REDACTED**

Monolithic fails to even address Linear's position on the operative provision in

the Settlement Agreement,            **REDACTED**

(Settlement Agreement at ¶ 2.5, emphasis added).    Instead,

Monolithic expounds on the difference between invalidity and enforceability challenges and

warns against rewriting language in the contract. (MOB, D.I. 17, at 9).   But Linear neither seeks

to equate invalidity with unenforceability or to alter the clear language of the Agreement.

**REDACTED**


Finally, a note about patent misuse.   Monolithic again attempts to escape the

terms of the bargain it struck by relying on *Brulotte v. Thys Co.*, 379 U.S. 29 (1964), a case not

on point in here.   *Brulotte* held a license agreement requiring payment of royalties beyond the

expiration of the patents' statutory 17-year term to constitute patent misuse.  *Id.* at 321.  First, that

case involved a license agreement, not a settlement agreement.   As discussed in Linear's opening

brief, a compelling public interest and policy warrants upholding and enforcement of voluntary

agreements settling litigation.[2]    (D.I. 12 at 6-10).   Second, *Brulotte* dealt with a patentee

attempting to recapture patents in the public domain or unlawfully extend the temporal scope of

its patent rights.            **REDACTED**

---

[2]    In *Hemstreet v. Spiegel, Inc.*, the Federal Circuit held binding a provision in a settlement
agreement requiring the payment of royalties on an invalid or unenforceable patent,
stating that "[appellant] cannot rely on federal patent policy to avoid its settlement
commitment that it would continue to make the payments specified in the settlement
agreement 'notwithstanding that said patents-in-suit may be held invalid and/or
unenforceable in any other proceeding at a later date.'"  851 F.2d 348, 351 (Fed. Cir.
1988).

6.

**REDACTED**

The language Monolithic now finds objectionable, however, merely reflects the global context of the ITC investigation terminated by the settlement. The ITC action examined Monolithic's import practices, which involved worldwide sales. Specifically, Linear alleged that Monolithic sold the accused products outside the United States for importation into the United States. (*See* Ex. A, Public Version of Linear's Complaint, *In the Matter of Certain Voltage Regulator Circuits, Components Thereof and Products Containing Same*, Investigation No. 337-TA-521, at 12, 15, 16).

**REDACTED**

---

[3]    Monolithic cannot assert patent misuse, as it comes to this equitable defense with unclean hands. *See Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 49 F. Supp. 2d 893 (E.D. Tex. 1999) (dismissing patent misuse defense where defendant, *inter alia*, helped draft the very provision in a license agreement it later accused of constituting patent misuse).

CONCLUSION

# REDACTED

, Linear respectfully requests that

the Court grant its motion to strike those defenses under  Rule 12(f) of the Federal Rules of Civil

Procedure.  In the alternative, Linear requests that the Court enter judgment on the pleadings in

favor of Linear on those defenses under Rule 12(c) of the Federal Rules.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware  19899
(302) 658-9200
  Attorneys for plaintiff Linear Technology
  Corporation

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

October 24, 2006
542603

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 24, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on October 24, 2006 upon the following in the manner indicated:

### BY HAND AND EMAIL

> Richard L. Horwitz
> POTTER ANDERSON & CORROON LLP
> 1313 North Market Street
> P.O. Box 951
> Wilmington, DE 19899-0951

### BY EMAIL

> Dean G. Dunlavey
> Mark A. Flagel
> Robert Steinberg
> Rosslyn Stevens Hummer
> LATHAM & WILLIAMS
> 633 West Fifth Street, Ste. 4000
> Los Angeles, CA 90071

> /s/ Karen Jacobs Louden
> klouden@mnat.com