IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-476 (GMS) |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

In accordance with the Court's Notice of Scheduling Conference, dated December 14, 2006 (D.I. 23), counsel for Linear Technology Corporation ("Linear") and counsel for Monolithic Power Systems, Inc. ("Monolithic") submit this Joint Status Report in preparation for the Status and Scheduling Conference before the Court on January 22, 2007.  Attached for the Court's consideration is a chart summarizing the parties' proposed schedule for this action. (Exhibit A).

### 1.    JURISDICTION AND SERVICE

The parties agree that this Court has jurisdiction over the subject matter of, and the parties to, this action.

### 2.    SUBSTANCE OF ACTION

#### (a)    Linear's position

Plaintiff Linear brought this action against defendant Monolithic alleging breach of contract and patent infringement.  Linear alleges that Monolithic has made, used, offered for sale and sold voltage regulator products, including the MP1543 product, that practice one or more claims of two Linear patents, U.S. Patent Nos. 5,481,178 and 6,580,258 B2 (the "Linear Patents"), in breach of the Settlement Agreement the parties entered to terminate an investigation

of Monolithic under 19 U.S.C. § 1337 before the International Trade Commission, Inv. No. 337-TA-521 ("ITC Investigation"). The ITC Investigation involved allegations that certain of Monolithic's voltage regulator products infringed the Linear Patents. Monolithic settled that Investigation by agreeing to cease its infringing activities and further agreed not to challenge or otherwise contest the validity or enforceability of the Linear Patents. After the settlement of the ITC Investigation, Monolithic released additional voltage regulator products that infringe the Linear Patents in breach of its agreement. Linear further alleges that Monolithic has infringed and is infringing the Linear Patents, and that Monolithic's infringement has been willful. Linear seeks monetary and other damages it has incurred as a result of Monolithic's willful infringement of the Linear Patents as well as monetary damages, including liquidated damages and attorneys' fees, pursuant to the terms of the Settlement Agreement. Linear also seeks the entry of a preliminary and permanent injunction enjoining Monolithic's infringement.

**(b)      Monolithic's Position**

At this time, Linear has accused a single Monolithic product, the MP1543, of infringement. Linear has not identified which claims of the asserted patents allegedly are infringed. Monolithic alleges that the MP1543 does not infringe the asserted patents. Monolithic further alleges that the asserted patents are invalid and are unenforceable.

Monolithic asserts that it has not breached the Settlement Agreement, the terms of which Linear has misstated. In the ITC Investigation, Linear alleged that specific circuitry (designated the "ZX circuitry") in a specific Monolithic part (the MP1556) and three derivative parts under development (the MP1557-59) practiced a limited number of claims in the two asserted patents. Monolithic denied Linear's allegations. Ultimately, Monolithic was willing to settle the ITC Investigation – not because it believed any of Linear's patent claims to be valid or infringed, but

rather because the MP1556 had not succeeded commercially and continuing to litigate concerning that product did not make financial sense. The Settlement Agreement reflects this – it is limited to the specific ZX circuitry and the specific Monolithic parts (MP1556-59). The parties never contemplated, much less agreed, that Linear could accuse a different Monolithic part of infringement in the future but MPS would be precluded from challenging the validity of Linear's patent claims. Indeed, the parties entered into the Settlement Agreement before the ITC Judge had issued any claim construction rulings. It is nonsensical for Linear to contend that the parties agreed to a Settlement Agreement wherein Linear can advocate whatever claim construction it desires yet Monolithic is precluded from establishing invalidity.

Monolithic seeks an order declaring that Linear is not entitled to the relief it seeks, or to any other relief, and that Monolithic is entitled to recover the attorneys' fees and costs it incurs in this action.

### 3.    IDENTIFICATION OF ISSUES

The parties agree that the issues to be decided in this matter include the following:

1)    whether Monolithic has breached the Settlement Agreement;

2)    whether Monolithic has infringed, induced infringement or contributed to the infringement of one or more claims of the '178 and '258 patents;

3)    whether infringement, if any, by Monolithic of any claims of the '178 or '258 patents, has been willful;

4)    the damages to which Linear is entitled if Monolithic is found to have infringed any of the claims of the '178 or '258 patents and/or to have breached the Settlement Agreement;

5)    whether Linear is entitled to a preliminary and/or permanent injunction enjoining Monolithic's alleged infringement of the Linear Patents.

In addition to these agreed-upon issues, Monolithic contends that the Linear Patents are invalid and unenforceable.

Linear asserts that Monolithic agreed that it would not assert any such challenges to the Linear Patents in settling the ITC Investigation. Linear accordingly has filed a Motion to Strike Defendant's Affirmative Defenses of Invalidity and Unenforceability Under Fed. R. Civ. P. 12(f) or, in the Alternative, for Judgment on the Pleadings Under Fed. R. Civ. P. 12(c) (the "Motion to Strike," D.I. 11).

Monolithic asserts that Linear is misstating the terms of the Settlement Agreement that resulted in the termination of the ITC Investigation. It further asserts that the parties never agreed that Monolithic would not challenge the validity or enforceability of the asserted patents in future litigation not involving the specific parts and specific circuitry accused by Linear in the ITC Investigation. Accordingly, Monolithic has filed an Opposition to the Motion to Strike.

4.    **NARROWING OF ISSUES**

Linear believes that the grant of its Motion to Strike would significantly narrow the issues for trial by eliminating Monolithic's invalidity and unenforceability defenses. Monolithic believes that the Motion to Strike should be denied for the reasons stated in its Opposition and that the perceived scheduling consequences of the Court's ruling on the Motion to Strike provide no basis for granting the motion.

The parties expect that they may be able to narrow the issues as discovery in this case proceeds. The parties also anticipate seeking to file certain dispositive motions that may assist in narrowing the issues for trial.

5.    **RELIEF**

Linear requests that this Court enter a preliminary and permanent injunction enjoining Monolithic from making, using, offering for sale and selling products that infringe the Linear

Patents, including the MP1543 product, and awarding Linear damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty. Linear further requests that the Court enter judgment against defendant Monolithic declaring that Monolithic has infringed the Linear Patents and that Monolithic's conduct has been willful, and awarding Linear treble damages sustained as a result of Monolithic's willful infringement. Linear also seeks recovery of attorney's fees and costs due to the exceptional nature of this case in accordance with 35 U.S.C. § 285.

Linear further seeks entry of judgment awarding Linear monetary damages for Monolithic's breach of the Settlement Agreement, including liquidated damages, royalties and attorney's fees.

Monolithic seeks a judgment dismissing all of Linear's claims, finding that the Settlement Agreement has not been breached, and finding that the asserted claims of the '178 and '258 patents are not infringed and are invalid and unenforceable. Monolithic also seeks the recovery of its attorneys' fees and costs due to the exceptional nature of Linear's meritless claims.

### 6. AMENDMENT OF PLEADINGS

The parties are not aware of any amendments needed to the pleadings at this time, but reserve the right to amend their pleadings within the time period set forth in the schedule entered by the Court.

### 7. JOINDER OF PARTIES

The parties are not aware of any additional parties that should be joined in this action at this time. The parties, however, reserve the right to move to join parties, if appropriate, within the time period set forth in the schedule entered by the Court.

**8.    NOTICE OF PENDING CASE INVOLVING THE TWO PATENTS-IN-SUIT**

There is a separate lawsuit pending before the Court which involves, in part, the two patents-in-suit.  Specifically, *Analog Devices Inc. v. Linear Technology Corp.*, C.A. No. 06-346 (GMS), involves eight Linear patents, two of which are the patents-in-suit in this case, as well as three Analog patents.  Trial in the *Analog Devices* case is scheduled for June 16, 2008.  The Markman hearing is set for July 26, 2007 at 9 a.m. and is scheduled for the entire day.

**9.    DISCOVERY**

**Scheduling of Litigation Events.**  Linear and Monolithic were previously parties to an ITC Investigation involving the Linear Patents in which substantial discovery was taken regarding Monolithic's research and development of its products, Linear's research and development, inventorship and conception/reduction to practice of the inventions disclosed and claimed in the Linear Patents, as well as Monolithic's claims of invalidity and unenforceability with respect to those patents.

The parties agree that the discovery from the ITC Investigation is admissible to the extent and may be used for the same purposes as if such discovery was taken in this matter.  Pursuant to the protective order in the ITC Investigation, the parties were required to return or destroy certain documents designated by the producing party as confidential.  The parties agree that they will produce such documents once again without requiring formal discovery requests.  The parties will cooperate in ensuring that this production occurs promptly.

Linear  is also a party to another ITC investigation (the "AATI Investigation") involving a company named Advanced Analogic Technologies Inc. ("AATI").  The AATI Investigation involves two patents, one of which is the '258 patent.

Linear agrees that it will produce from the AATI Investigation, without waiving any argument relating to relevancy or admissibility, all deposition transcripts of Linear witnesses relating to the '258 patent, all expert reports of Linear's expert dealing with claim construction issues relating to the '258 Patent, and Linear's document production from that Investigation relating to the '258 patent promptly, without waiting for formal discovery requests.

Monolithic contends that Linear should produce a substantially greater collection of the materials from the AATI Investigation relating to the '258 patent. The additional materials include all deposition transcripts of witnesses relating to the '258 patent, the hearing transcripts, all expert reports relating to the '258 patent, briefs, exhibits, claim construction materials, invalidity and unenforceability contentions and materials relating to the '258 patent, and the ALJ's rulings and orders.

Linear notes that the AATI Investigation is ongoing and that many of the materials Monolithic seeks are irrelevant to the issues in this action and/or are confidential materials covered by the Protective Order entered in that Investigation. Linear further notes that the additional materials Monolithic requests are litigation documents, not primary sources of information. "[T]aking into account the needs of the case," (Fed. R. Civ. P. 26(b)(2)), the marginal relevancy, if any, of the additional secondary materials requested, the production of primary materials, and the burden that would be imposed on Linear to extensively review and properly redact the requested materials, make Monolithic's demand for immediate production of these materials, without any formal discovery requests to which Linear can properly pose objections, inappropriate. Linear believes that the proper time and place for dealing with such additional requests is in the normal course of discovery, after discovery requests are made and

Linear responds, and the parties meet and confer, if necessary, all in accordance with the procedures set forth in the Federal Rules of Civil Procedure.

Monolithic responds to Linear's preceding comments by observing that Monolithic has already served discovery requests on Linear requiring the production of the identified categories of documents from the AATI Investigation. Monolithic hopes that Linear will cooperate in, rather than resist, discovery. Monolithic is confident that if Linear does so, any legitimate concerns as to the confidentiality of third party documents can be resolved, e.g., through an appropriate protective order.

The parties' agreement as to the identification and timing of deadlines and events in the action is set forth for the Court's consideration in Exhibit A.

At present, the parties believe that each will require discovery on at least the following issues:

A.    the design, development, and operation of the accused product(s);

B.    the identification of the asserted claim(s), the construction of terms within those claims; and Monolithic's alleged infringement of those claims;

C.    issues relating to the interpretation of the Settlement Agreement;

D.    documents, testimony, and expert opinion materials regarding, infringement, willful infringement, damages and damages amounts. Monolithic further contends that documents, testimony and expert opinion materials will be needed on validity and enforceability;

E.    the factual basis for each party's claims, affirmative defenses, and counterclaims, including any opinion of counsel upon which any party intends to rely;

F.    expert and third party discovery on the above-listed items.

**Limitations on Discovery.** Linear and Monolithic propose that the parties limit discovery as follows:

1)      Depositions shall be limited to ten (10) fact witnesses per side (excluding depositions of third parties), with each deposition limited to seven (7) hours;

2)      Each seven (7) hours of Rule 30(b)(6) depositions will be counted as one fact witness deposition, regardless of the number of Rule 30(b)(6) topics or the number of witnesses presented to provide testimony concerning those topics;

3)      Requests for Admissions shall be limited to seventy five (75) per side, excluding Requests for Admissions directed at authenticating documents; and

4)      Interrogatories shall be limited to twenty-five (25) per side as set forth in the Federal Rules of Civil Procedure.

## 10.     ESTIMATED TRIAL LENGTH

Linear estimates that the trial of this case will take five (5) days, but that if the Court denies the pending Motion to Strike and Monolithic is allowed to proceed with its invalidity and unenforceability defenses, trial will take a total of eight (8) days.

Monolithic estimates that trial will take eight (8) to ten (10) days and further states that Linear's assertion that the trial length would be shortened were the Court to grant Linear's pending motion has no bearing on the merits of that motion.

The parties' proposed trial date is April 21, 2008, as set forth in Exhibit A.

## 11.     JURY TRIAL

Both parties seek a jury trial on all issues that are so triable to a jury.

## 12.     SETTLEMENT

The parties have explored the possibility of settlement, but have not reached an agreement at this time.

**13.    OTHER MATTERS**

Briefing is complete on Linear's Motion to Strike.  (D.I. 11).  Linear has requested oral

argument pursuant to D. Del. L.R. 7.1.4.

Because confidential information will have to be exchanged in this action, the parties

agree that a protective order will be necessary and will attempt to agree on the form of such an

order.

**14.    CONFIRMATION OF RULE 26(F) TELECONFERENCE.**

Counsel for the parties have conferred about each of the above matters.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT &<br>  TUNNELL LLP | POTTER, ANDERSON & CORROON LLP |
| | |
| */s/ Karen Jacobs Louden* | */s/ Kenneth L. Dorsney* |
| _____ | _____ |
| Jack B. Blumenfeld (#1014) | Richard L. Horwitz (#1088) |
| Karen Jacobs Louden (#2881) | Kenneth L. Dorsney (#3726) |
| 1201 N. Market Street | Hercules Plaza, 6th Floor |
| P.O. Box 1347 | 1313 N. Market Street |
| Wilmington, DE  19899 | Wilmington, DE  19899 |
| (302) 658-9200 | (302) 984-6000 |
| Attorneys for plaintiff Linear Technology | Attorneys for defendant Monolithic Power |
|   Corporation |   Systems, Inc. |
| | |
| OF COUNSEL: | OF COUNSEL: |
| Raphael V. Lupo | Dean G. Dunlavey |
| Joel M. Freed | Mark A. Flagel |
| Mark G. Davis | Robert Steinberg |
| Ronald J. Pabis | Rosslyn Stevens Hummer |
| Stephen K. Shahida | LATHAM & WATKINS |
| MCDERMOTT WILL & EMERY LLP | 631 West Fifth Street, Ste. 4000 |
| 600 13th Street, N.W. | Los Angeles, CA  90071 |
| Washington, DC  20005 | (213) 485-1234 |
| (202) 756-8000 | |

January 16, 2007
676929

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on January 16, 2007 I electronically filed the foregoing Answer and Counterclaims with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on January 16, 2007 upon the following in the manner indicated:

**By Hand**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**By Email**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Rosslyn Stevens Hummer
Latham & Watkins
633 West Fifth Street, Ste. 400
Los Angeles, CA 90017

/s/ Karen Jacobs Louden
_____
klouden@mnat.com

# EXHIBIT A

**EXHIBIT A**

| Event | Date |
|---|---|
| Initial disclosures (per Fed. R. Civ. P. 26). | January 12, 2007 |
| Parties to file all motions to join other parties or amend pleadings. | March 16, 2007 |
| Monolithic to provide transistor-level schematics for the accused MP1543 product and those MPS DC-DC converters that MPS has sold during the period since October 2005 whose operation is described as "synchronous" in MPS product literature. Monolithic will produce, if available, 3 samples of each such product and any evaluation board(s) incorporating that product. | February 16, 2007 |
| For each product where Monolithic has provided transistor-level schematics, samples and evaluation boards by February 16, 2007, Linear shall identify the patent claims it intends to assert against that product and provide claim charts identifying where in the accused product(s) each element of each asserted claim allegedly can be found | March 16, 2007 |
| For the patent claims asserted by Linear, Monolithic shall identify its non-infringement and invalidity contentions and provide claims charts identifying where each element of the asserted claims allegedly can be found in the prior art. | April 16, 2007 |
| Parties exchange lists of claim terms they believe are in dispute, together with their proposed constructions of those terms | May 7, 2007 |
| Parties exchange all intrinsic support for their proposed claim constructions and exchange designations of items to be included in the joint appendix containing relevant prosecution history. | May 21, 2007 |
| Meet and confer to narrow disputes re claim terms and confer on contents of the joint appendix. | May 28, 2007 |
| Parties to file with Court statement of (a) agreed-upon claim constructions, and (b) each party's proposed constructions for claim limitations in dispute. | June 4, 2007 |
| Opening claim construction briefs of both parties. | June 11, 2007 |

| Event | Date |
|---|---|
| Responsive claim construction briefs | July 2, 2007 |
| Proposed Markman Hearing | July 25, 2007[*] |
| Notice of reliance on advice of counsel as a defense to willful infringement, production of opinion(s) of counsel | July 9, 2007 |
| Fact discovery cutoff- all discovery requests must be served so as to be completed by this date. | August 20, 2007 |
| Opening expert reports on issues for which a party bears the burden of proof. | September 10, 2007 |
| Letters to Court identifying potential summary judgment motions. | |
|     Opening Letter Brief | October 8, 2007 |
|     Answering Letter Brief | October 15, 2007 |
|     Reply Letter Brief | October 22, 2007 |
|     Status conference | October 29, 2007 |
| Responsive expert reports. | October 10, 2007 |
| Last day for expert depositions. | November 9, 2007 |
| Last day to file dispositive motions (if permitted by Court) | November 26, 2007 |
| Last day to file oppositions on dispositive motions. | December 12, 2007 |
| Last day to file reply briefs on dispositive motions. | December 21, 2007 |
| Last day to file motions in limine. | January 30, 2008 |
| Last day to file oppositions on motions in limine. | February 13, 2008 |
| Last day to file reply briefs on motions in limine. | February 20,2008 |
| Pretrial Order | February 20, 2008 |
| Proposed Pretrial Conference | March 21, 2008 |
| Proposed Trial Date | April 21, 2008 |

---

[*] As noted in the text of the joint report, the Markman hearing in the *Analog Devices* litigation is scheduled for July 26, 2007 at 9 a.m.