# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

KAREN JACOBS LOUDEN
(302) 351-9227
(302) 425-4681
klouden@mnat.com

January 25, 2007

<u>By E-Filing</u>

Hon. Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE 19801

        Re:     <u>Linear Technology Corporation v. Monolithic Power Systems, Inc., C.A. 06-476 (GMS)</u>

Dear Judge Sleet:

        Pursuant to the Court's direction at the January 22, 2007 Scheduling Conference, we are filing herewith for the Court's consideration a Proposed Scheduling Order which reflects the dates the Court set at that conference. In addition, the parties have agreed upon a date for opening claim construction briefs, within the guidelines set by the Court, and have adjusted the schedule for service of *in limine* motions to coincide with the date set by the Court for filing of the Pretrial Order.

                                          Respectfully,

                                          Karen Jacobs Louden

/cbh
Enc.

cc:     Clerk of the Court (by hand) (w/enc.)
         Richard J. Horwitz, Esq. (by hand) (w/enc.)
         Dean G. Dunlavey, Esq. (by telecopy) (w/enc.)
         Joel M. Freed, Esq. (by telecopy) (w/enc.)
703884.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-476 (GMS) |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

This _____ day of _____ 2007, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on January 22, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures.** The parties have exchanged Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) on **January 12, 2007**.

2. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **March 16, 2007**.

3. **Reliance Upon Advice of Counsel.** Defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than **July 9, 2007**. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than **July 9, 2007**.

    4.    **Markman Claim Construction Hearing**.  A *Markman* claim construction hearing shall be held on **July 26, 2007**, beginning at 9:00 a.m., in conjunction with the *Markman* hearing for related case C.A. No. 06-346.

    The parties shall exchange lists of claim terms they believe are in dispute, together with their proposed constructions of those terms on **May 7, 2007**.  The parties shall exchange all intrinsic support for their proposed claim constructions and exchange designations of items to be included in the joint appendix containing relevant prosecution history on **May 21, 2007**.  The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues and the contents of the joint appendix on **May 28, 2007**.  On or before **June 4, 2007**, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence.

    The parties shall exchange opening claim construction briefs on **June 8, 2007**, and answering claim construction briefs on **June 26, 2007**.

    5.    **Fact Discovery**.  All fact discovery in this case shall be initiated so that it will be completed on or before **August 20, 2007**.

        a.    Depositions shall be limited to ten (10) fact witnesses per side (excluding depositions of third parties), with each deposition limited to seven (7) hours;

        b.    Each seven (7) hours of Rule 30(b)(6) depositions will be counted as one fact witness deposition, regardless of the number of Rule 30(b)(6) topics or the number of witnesses presented to provide testimony concerning those topics;

        c.    Requests for admissions shall be limited to seventy-five (75) per side, excluding requests for admissions directed at authenticating documents;

        d.    Interrogatories shall be limited to twenty-five (25) per side as set forth in the Federal Rules of Civil Procedure.

e.  By **February 16, 2007**, Monolithic shall provide transistor-level schematics for the accused MP1543 product and those MPS DC-DC converters that MPS has sold during the period since October 2005 whose operation is described as "synchronous" in MPS product literature. Also by **February 16, 2007**, Monolithic will produce, if available, three samples of each such product and any evaluation board(s) incorporating that product.

f.  For each product where Monolithic has provided transistor-level schematics (and, if available, samples and evaluation boards) by February 16, 2007, Linear shall identify the patent claims it intends to assert against that product and provide claim charts identifying where in the accused product(s) each element of each asserted claim allegedly can be found by **March 16, 2007**.

g.  For the patent claims asserted by Linear, Monolithic shall identify its non-infringement and invalidity contentions and provide claims charts identifying where each element of the asserted claims allegedly can be found in the prior art by **April 16, 2007**.

6.  **Expert Discovery**. Expert discovery in this case shall be initiated so that it will be completed on or before **November 9, 2007**. Opening expert reports of the party bearing the burden of proof shall be served on **September 10, 2007**, and answering expert reports shall be served on **October 10, 2007**.

7.  **Discovery and Scheduling Matters**. Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, nonargumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. Should the court

find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

8. **Confidential Information and Papers Filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers. **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in the previous paragraph.**

9. **Settlement Conference**. This case cannot be referred to the United States Magistrate for the purpose of exploring the possibility of a settlement at this time. Counsel may obtain a private neutral mediator at their discretion to discuss settlement, if necessary.

10. **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than **October 8, 2007**. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than **October 15, 2007**. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before **October 22, 2007**. The Court will hold a

4

tele-conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on **November 2, 2007** at 10:00 a.m.  **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in this paragraph.**

      11.     **Case Dispositive Motions**.  All case dispositive motions and an opening brief and affidavits, if any, in support thereof shall be served and filed on or before **November 26, 2007**.  Answering briefs in opposition to such case dispositive motions shall be served and filed on or before **December 12, 2007**.  Reply briefs shall be served and filed on or before **December 21, 2007**.  Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

      12.     **Applications by Motion**.  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion, filed via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      13.     **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

      14.     **Pretrial Conference**.  On **April 2, 2008**, beginning at 10:00 a.m., the Court will hold a Pretrial Conference in Chambers with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order (a sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov) satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of

the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order.

Motions *in limine*: No party shall file more than ten (10) motions *in limine*. The parties shall exchange opening *in limine* briefs on **February 11, 2008**, answering *in limine* briefs on **February 25, 2008**, and reply *in limine* briefs on **March 3, 2008**. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed by **March 3, 2008**. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before 4:30 p.m. on **March 3, 2008**.

15. **Trial**. This matter is scheduled for an eight (8) day jury trial beginning at 9:00 a.m. on **April 28, 2008**.

16. **Scheduling**. The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel are on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE

705147.1