IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION | ) | C.A. No. 06-476 (GMS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**

Subject to approval of the Court, it is hereby stipulated that:

1. <u>Designation of Documents and Things as Confidential</u>. With respect to such matter that has been or will be sought or produced during discovery, the Producing Party[1] may identify or otherwise designate such matter as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (aka "HIGHLY CONFIDENTIAL") (collectively, "Designated Material"). Information, documents, and things that a Producing Party in good faith believes constitute or contain nonpublic, confidential or proprietary information may be designated as "CONFIDENTIAL." Information, documents, and things that a Producing Party in good faith believes constitutes or contains proprietary, trade secret and/or other sensitive confidential research, development, business, commercial or financial information, the disclosure of which to another party to this litigation can reasonably be expected to lead to competitive harm to the

---

[1] "Producing Party" is defined to include parties as well as nonparty persons or entities subject to discovery in this action. The provisions of this Protective Order shall fully apply to information, documents or things designated "Confidential" and "Confidential – Attorneys' Eyes Only" by a Producing Party.

Producing Party, may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The information, documents, and things that a Party designated as "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" and produced in Investigation No. 337-TA-521 or Investigation No. 337-TA-564 in the International Trade Commission will be treated in this matter as though designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.  <u>Treatment of Information Made Available for Inspection</u>. Any and all information, documents and things that are made available for inspection shall be treated as having been designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order, whether or not so marked, until copies of the information, documents and things are requested and produced. The parties shall treat produced documents and things, and information therein, in accordance with the designation, if any, marked on the documents by the Producing Party.

3.  <u>Uses of Confidential Information</u>. Any information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Producing Party shall be used by the Discovering Party[2] solely for the preparation and trial of this lawsuit, settlement discussions and negotiations in connection with this lawsuit, or any form of alternative dispute resolution of this action, and for no other purposes.

4.  <u>Identification of Documents and Things</u>. All documents and things provided in discovery by each Producing Party shall bear identifying numbers when a copy or copies are

---

[2] "Discovering Party" is defined to mean any party to this action receiving information, documents or things from a Producing Party.

provided to the Discovering Party. The Producing Party shall be clearly identified by identifying numbers and/or letters stamped on the documents or things pursuant to this Section 4.

5.  "Confidential" Information – Permitted Disclosure. Information, documents and things designated as "CONFIDENTIAL" by a Producing Party in accordance with Section 1, shall not be disclosed, given, shown or made available or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons:

(a) the Court and court personnel;

(b) outside counsel for the Discovering Party, including trial counsel, local counsel, and their respective legal assistants and clerical employees;

(c) outside consultants or independent non-party experts (each referred to herein as an "Expert") for the sole purpose of providing expert consultation or testimony in this action or otherwise to assist in the preparation of this action for trial, but such disclosure shall be subject to the requirements of paragraph 8.b. below;

(d) any person who is an author, addressee, or who has been identified on the document or in a discovery response as a person who has received the designated document or thing;

(e) court reporting and deposition videography services and other third party vendors who provide document management, database, outside copying, computer services, graphics and other litigation support services in connection with this action;

3

(f)     any other person employed or otherwise retained by a Discovering Party who has agreed to adhere to the terms of this Order without objection or after Order of the Court following compliance with the procedures set forth in paragraph 8.a. below. No more than five (5) such persons shall be entitled to receive Confidential Information of the Producing Party, and such information shall be provided solely for the purpose of providing assistance to the Discovering Party in this litigation; and

(g)     any other Person as to whom the Producing Party agrees in writing.

6.     "Confidential – Attorneys' Eyes Only" Information – Permitted Disclosure. Information, documents and things designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Producing Party in accordance with Section 1, shall not be disclosed, given, shown, made available or communicated in any way, directly or indirectly, by the Discovering Party to anyone other than the following persons:

(a)     the Court and court personnel;

(b)     outside counsel for the Discovering Party, including outside trial counsel and local counsel, and their respective legal assistants and clerical employees;

(c)     outside consultants or independent non-party experts (each referred to herein as an "Expert") for the sole purpose of providing expert consultation or testimony in this action or otherwise to assist in the preparation of this action for trial, but such disclosure shall be subject to the requirements of paragraph 8.b. below;

(d)     any person who is an author, addressee, or who has been identified on the document or in a discovery response as a person who has received the designated documents;

(e)     court reporting and deposition videography services and other third party vendors who provide document management, database, outside copying, computer services, graphics and other litigation support services in connection with this action; and

(f)     any other Person as to whom the Producing Party agrees in writing.

7.  Requirements for Disclosure to Certain Designated Persons / Experts.

(a)     Each individual to whom CONFIDENTIAL material is to be disclosed pursuant to subsection 5(f). above, shall acknowledge in writing prior to such disclosure, by signing the Acknowledgement attached hereto, that he or she has been informed of this Protective Order, that he or she has been provided with a copy thereof, that he or she fully understands and agrees to his or her obligations pursuant to this Protective Order.  The Discovering Party shall serve signed copies of such acknowledgments on counsel for the opposing party together with the job title (and to the extent not clear from the title, a brief description of the job responsibilities) of the individual.  Counsel for the Discovering Party shall maintain copies of such acknowledgments.  If the opposing party does not object to the disclosure in writing within ten (10) days after service of the signed acknowledgment of a specific individual, the Discovering Party may disclose CONFIDENTIAL information to such individual.  If there is an objection, however, no disclosure shall occur except upon further Order of the Court or the written agreement between the parties.  Notwithstanding the foregoing, at a court

hearing or deposition, a witness's failure to certify the above in writing shall not prevent any Party from questioning such witness with respect to CONFIDENTIAL information or from disclosing CONFIDENTIAL information to such a witness (and to his or her counsel) during the course of the court hearing or deposition for the purpose of conducting such questioning.

(b)  The following provisions shall apply to the disclosure of Designated Material to an Expert pursuant to subsections 5(c) or 6(c). above:

(i) Not less than ten (10) days prior to the disclosure of Designated Material to an Expert, the party contemplating such disclosure shall give written notice to the opposing party. The required Notice shall include at least the following information: the full name and business address of the Expert; the Expert's curriculum vitae, resume, or other document identifying, at a minimum, the Expert's post-secondary educational degrees, current employer and title/position, and any titled positions currently held by such person with industrial or trade organizations; and identification of each of the Expert's employers, positions with such employers, and consulting clients over the preceding five (5) years. If the Expert believes that the fact of the consulting relationship is itself confidential, the required Notice may be marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with Section 1, above. Identification of an Expert pursuant to this

        subparagraph shall not, itself, give rise to a right to depose the Expert as an expert or consultant.

(ii)    Such Expert shall acknowledge in writing, by signing the Acknowledgment attached hereto, that he or she had been informed of this Protective Order, that he or she has been provided with a copy thereof, and that he or she fully understands and agrees to his or her obligations pursuant to this Protective Order. A copy of such acknowledgment shall be served on counsel for the opposing party along with the written notice provided for in subsection 7(b)(1).

(iii)    If the opposing party does not object in writing within ten (10) days after service of the written notice and acknowledgment, Designated Material may be disclosed to such individual. If the opposing party objects to the proposed disclosure, whether in whole or in part, it must provide its objections, and the reason(s) therefor in writing within ten (10) days of receipt of the Notice and Acknowledgement. If the parties cannot resolve the objection the opposing party may seek appropriate ruling(s) from the Court no later than 30 days after receiving the Notice and Acknowledgement. Failure to apply for appropriate ruling(s) from the Court in a timely fashion shall constitute waiver by the opposing party of its objections and approval of the proposed disclosure. Notwithstanding the opposing party's obligation to seek appropriate ruling(s) from the Court, the party seeking to disclose Designated Materials also may seek a

ruling(s) from the Court. No disclosure of Designated Materials shall be made to such individual until the Court rules on the motion. No party shall oppose a motion made pursuant to this subparagraph on the ground that the motion is made on an expedited basis. The Producing Party shall bear the burden of demonstrating that disclosure of the Material and information to the proposed non-party expert or consultant would prejudice the Producing Party.

8.  **Requirements for Disclosure to Individuals Generally.** All individuals to whom Designated Material is to be disclosed, except for the Court and Court personnel and counsel for all parties other than the Producing Party, including trial counsel, local counsel, and their respective legal assistants and clerical employees, shall acknowledge in writing prior to such disclosure, by signing the Acknowledgment attached hereto, that he or she has been informed of this Protective Order, that he or she had been provided with a copy thereof, that he or she fully understands and agrees to his or her obligations pursuant to this Protective Order. All individuals to whom Designated Material is to be disclosed shall be instructed that Designated Material may not be used other than in connection with this litigation, and may not be disclosed to anyone other than those persons authorized under this Protective Order, court reporters recording testimony in this case and necessary notarizing officers. The Receiving Parties shall take reasonable steps to ensure adherence to the terms and conditions of this Protective Order by their respective stenographic and clerical employees. Notwithstanding the foregoing, at a court hearing or deposition, a witness's failure to certify the above in writing shall not prevent any Party from questioning such a witness with respect to Designated Material or from disclosing

Designated Material to such a witness (and to his or her counsel) during the course of the court hearing or deposition for the purpose of conducting such questioning.

9.    <u>Non-Testifying Experts</u>. To the extent a designated individual to whom Designated Material may be disclosed pursuant to subsections 5(c) or 6(c) of this Protective Order is or may be a non-testifying Expert consulted by counsel, the following provisions are applicable:

(a)    No party will be deemed to have waived any work-product privilege by disclosing the name of a non-testifying Expert to whom counsel intends to show Designated Material.

(b)    No non-testifying Expert disclosed pursuant to subsection 7(b) will be subject to deposition or subpoena as a witness at trial based solely on the fact that he/she was the subject of such disclosure. This provision is not intended to preclude the deposition or trial testimony of any individual whom a party believes in good faith has independent knowledge of facts relevant to the case.

(c)    The identity of a non-testifying Expert disclosed pursuant to subsection 7(b). may be disclosed to counsel and employees of the Producing Party only to the extent necessary to determine if any objection to the proposed disclosure is warranted. Such disclosure, the process of determining the necessity of an objection and the process of making an objection, including affidavits filed in support of such an objection, will not be the subject of depositions or used at trial for any purpose.

(d) Nothing in this Section 9 is intended to limit discovery of, to, or with regard to Experts who produce reports in this case in anticipation of testifying at trial.

10. <u>Designation of Interrogatory Answers or other Written Discovery Responses</u>. In the case of interrogatory answers or other written discovery responses disclosing Confidential Information, designation shall be made by placing one of the following legends (or its equivalent) on each page of such answer: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

11. <u>Designation of Deposition Testimony</u>. For depositions taken in this litigation, a party may designate testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so advising the court reporter during the course of that testimony for which CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY treatment is desired, or by so advising opposing counsel in writing within thirty (30) days of receipt of the transcript. Until such thirty (30) days have expired, the entire transcript shall be treated as having been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12. <u>Designation of Documents Filed in Court</u>. Any discovery papers, including deposition transcripts, exhibits or other documents, and any court documents such as briefs or motions, to be filed with the Court and that include Designated Material shall be sealed in an envelope and accompanied by a cover sheet that includes the the caption of the case, including the case number; and the title "CONFIDENTIAL – FILED UNDER SEAL" or similar words.

13. <u>Use and Disclosure of Designated Material</u>.

(a) No Designated Material may be utilized in examining or cross-examining any witness in deposition except (i) a witness authorized to see the Designated Material under Sections 5 or 6 or (ii) any witness who is at the time of deposition or was at the time of the creation of the material, employed by the Producing Party and reasonably likely to have discoverable information concerning the material; provided, however, that the resulting transcripts shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY in the same manner as the underlying documents or information.

(b) If any party wishes to disclose any Designated Material to anyone in addition to those identified in Sections 5 and 6, they shall serve notice on counsel for the Producing Party. The notice shall include the identity of the person to whom disclosure is desired, the information to be disclosed, the need and purpose for the disclosure, and a signed copy of the Acknowledgement attached hereto (as duly executed by that person). If there is no objection made in writing within ten (10) days after such notice, the disclosure may occur. If there is any such objection, such disclosure shall not occur except upon further Order of the Court or by written agreement of the party making such objection. As to such individuals (i.e., persons not identified in either Section 5 or 6), the party seeking to make the disclosure shall bear the burden of demonstrating that disclosure of Designated Material is necessary and appropriate and would not prejudice the Producing Party.

14. <u>Disclosure at Trial</u>. This Protective Order is intended to facilitate discovery and pretrial preparation by protecting from disclosure Designated Material produced in this case during the pretrial phases of the litigation. This Order does not concern the protection of Designated Material during a trial in this matter. Prior to trial of this matter, counsel for the parties shall attempt to reach agreement on the handling of information, documents and things designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

15. <u>Limitations on Restrictions</u>. The restrictions of this Protective Order shall not apply to any information which in the future is made known to the Discovering Party on a non-confidential basis by the Producing Party, or which is otherwise subsequently made known to the Discovering Party on any basis by any source other than the Producing Party, which source is completely independent of the Discovering Party; further, said restrictions shall not apply to any information which the Discovering Party shall establish was already known to it at the time of disclosure, or has been or becomes a matter of public knowledge, or publicly available, subsequent to disclosure through no act of the Discovering Party.

16. <u>Prohibited Use of Designated Material</u>. Subject to the provisions of Section 15, regardless of the classification of documents and things as Designated Material or non-confidential, no documents or things produced by either party in connection with this litigation, and no information contained therein, shall be used by a Discovering Party in connection with marketing efforts, press releases or news conferences relating to this litigation without the prior, express written consent of the Producing Party.

17. <u>Limited Intent of Protective Order</u>. It is not the intention of this Protective Order to deal with any discovery objection to produce, answer or respond, including objections based on attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief, modification of this Protective Order, or additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

18. <u>Challenging a Confidential Designation</u>. At any time, the Discovering Party may notify the Producing Party, in writing, of an objection to the designation of certain information, documents or things as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and state why it believes each document or thing is not protectable. No later than ten (10) business days after the Producing Party's receipt of such Notice, the Parties shall meet and confer in a good faith attempt to resolve any challenge on an expedited and informal basis. If the parties are unable to reach an agreement on the disputed confidential designation, the Discovering Party may apply to the Court for an Order removing such designation, and the Producing Party shall respond with its reasons for making the designation. The party claiming confidentiality bears the burden of establishing the confidential nature of the information. As provided by law, other third parties with a legitimate interest in this litigation may also challenge the designation of certain information, documents or things as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to this Section 18.

19. <u>Inadvertent Disclosure</u>. A Producing Party that inadvertently fails to designate any documents or things as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY may subsequently furnish substitute copies properly labeled to the Discovering Party, along with written notice that such information is CONFIDENTIAL or CONFIDENTIAL –

ATTORNEYS' EYES ONLY. The Discovering Party must treat such information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, whatever the case may be, upon receipt of such written notice, make reasonable efforts to retrieve all copies from any person not authorized to have access under this Protective Order, and promptly return or destroy all such copies. The Discovering Party shall not bear any liability, however, as a result of its disclosure of such CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or things prior to receipt of notice.

20. <u>Termination of this Action</u>. This Stipulation and Order, insofar as it restricts the dissemination and use of Designated Material, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals. Within sixty (60) days after final disposition of this litigation, including all appeals therefrom, all Designated Material, copies of Designated Material, and all excerpts therefrom, in the possession, custody or control of the parties other than the Producing Party shall be destroyed or returned to counsel for the Producing Party. The parties and their respective counsel shall each provide written certifications to the Producing Party within sixty (60) days after the final disposition of this litigation that the actions required by this paragraph have been completed. Notwithstanding the foregoing, trial counsel and local counsel for each Party shall each be entitled to retain one complete and unredacted set of all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Designated Material), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Designated Material contained or referenced in such materials to any person except pursuant to court order or agreement with the Producing Party.

21. **Miscellaneous**.

(a)     Nothing in this Stipulation and Order shall bar or otherwise restrict any outside counsel or in-house counsel from discussing this action and/or rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Designated Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Designated Material to any person not entitled to have access to it.

(b)     Nothing in this Stipulation and Order shall preclude any Party or its counsel of record from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files which the Party itself has designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c)     The provisions of this Stipulation and Protective Order shall survive the termination of this litigation.

(d)     The inadvertent or unintentional disclosure by a Producing Party of information subject to a claim of attorney-client privilege or work product immunity shall not be deemed a waiver in whole or in part of the claim of privilege or work product immunity, either as to the specific information disclosed or as to any other information relating thereto. If a Producing Party inadvertently produces Material subject to a claim of immunity or privilege, the Discovering Party(ies), upon written request, shall promptly return or destroy the

inadvertently produced Material, and all copies thereof that may have been made, as well as any materials created based on such information. A Party returning such information may move the Court for an order compelling production of such information (1) on grounds other than waiver by its earlier production, or (2) on grounds that the Producing Party did not act promptly to request return of the documents subject to a claim of privilege upon discovering the inadvertent production and that return of the documents would unfairly prejudice the Discovering Party. If upon receipt of a written request to return allegedly inadvertently produced material subject to a claim of privilege, the Discovering Party notifies the Producing Party in writing of its intent to file a motion on ground (2) above, the receiving party shall retain the right to keep copies of the disputed documents solely for purposes of filing the motion, but may make no further use of the documents until the motion is decided by the Court.

DONE AND ORDERED THIS _____ day of _____, 2007

_____
UNITED STATES DISTRICT COURT JUDGE

STIPULATED AND AGREED TO:

LINEAR TECHNOLOGY CORPORATION.   MONOLITHIC POWER SYSTEMS, INC.

/s/ Karen Jacobs Louden   /s/ Richard L. Horwitz

By: _____   By: _____
    Jack B. Blumenfeld (#1014)       Richard L. Horwitz (#2246)
    Karen Jacobs Louden (#2881)       Kenneth L. Dorsney (#3726)
    Morris, Nichols, Arsht & Tunnell LLP       Potter Anderson & Corroon LLP
    1201 North Market Street       Hercules Plaza, 6th Floor
    Wilmington, Delaware 19889       1313 North Market Street
    Tel: (302) 659-9200       Wilmington, Delaware 19889-0951
           Tel: (302) 984-6000

Raphael V. Lupo   Dean G. Dunlavey
Joel M. Freed   Mark A. Flagel
Mark G. Davis   Sean S. Pak
Ronald J. Pabis   Robert Steinberg
Stephen K. Shahida   LATHAM & WATKINS LLP
MCDERMOTT WILL & EMERY LLP   633 West Fifth Street, Suite 4000
600 13th Street, N.W.   Los Angeles, CA 90071
Washington, DC 20005   (213) 485-1234
(202) 756-8000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION ) | C.A. No. 06-476 (GMS) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |

## ACKNOWLEDGMENT

I, _____, acknowledge that I have been provided with a copy of, and have read, the Protective Order entered in the above-caption lawsuit and that I fully understand and agree to my obligations pursuant to that Protective Order. Under threat of penalty of contempt, I agree to be bound by the terms of the Protective Order, and consent to the jurisdiction of the United States District Court for the District of Delaware for all purposes relating to enforcement of the Protective Order.

DATE: _____    _____

735433.1