# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) |
| | ) C. A. No. 06-476 (GMS) |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) **PUBLIC VERSION** |
| MONOLITHIC POWER SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT MONOLITHIC POWER SYSTEMS, INC.'S
## MOTION FOR LEAVE TO FILE AMENDED ANSWER

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

OF COUNSEL:

*Attorneys for Defendant*
*Monolithic Power Systems, Inc.*

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
633 W. Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 485-1234

Dated: March 14, 2007
Public Version Dated: March 21, 2007
784788 / 30611

Pursuant to Fed. R. Civ. P. 15(a) Defendant Monolithic Power Systems, Inc. ("MPS") hereby moves for leave of this Court to file its First Amended Answer on the grounds set forth herein. This motion is timely, as the applicable Scheduling Order sets March 16, 2007 as the deadline for filing motions to amend pleadings. In compliance with the Court's Local Rules, the proposed Amended Answer is attached as Exhibit A. A black-lined version of the proposed Amended Answer showing how it differs from the Answer is attached as Exhibit B.

A proposed order granting MPS's motion is attached as Exhibit C.

On March 1, 2007, MPS requested Plaintiff Linear Technology Corporation ("Linear") for its consent to this motion. On March 13, 2007, Linear responded by stating that it would give its consent only if MPS agreed to a stipulation restricting MPS's future litigation strategy and conduct. Because Linear has no basis for attempting to impose conditions for consenting to the amendment, MPS requests that the Court grant this motion.

## STATEMENT OF FACTS

Linear filed suit on August 3, 2006, accusing defendant MPS of breaching a settlement agreement and infringing United States Patent Nos. 5,481,178 and 6,580,258. On September 14, 2006, MPS filed its Answer to Linear's Complaint, denying Linear's allegations and asserting various defenses. Linear subsequently filed a motion to strike certain of MPS's defenses, arguing that the settlement agreement precludes MPS from raising such defenses. MPS opposed the motion. The Court heard argument on the motion at the January 22, 2007 Status and Scheduling Conference. The Court has not ruled on the motion.

In the Joint Status Report filed January 16, 2007, the parties agreed to "reserve the right to amend their pleadings within the time period set forth in the schedule entered by the Court." Joint Report, at 5. The parties jointly proposed March 16, 2007 as the date by which any motions to amend pleadings would be filed. *Id.*, Exh. A. On January 30, 2007, the Court entered the Scheduling Order, stating the motions to amend the pleadings "shall be filed on or before March 16, 2007." MPS now seeks leave to amend its Answer. As the Court can see from the black-lined version of the proposed Amended Answer, the proposed amendments are minimal, addressing MPS's re-location of its corporate headquarters, correcting capitalizations, and adding the phrases "denies the remaining allegations of paragraph 2" and "denies the remaining allegations of paragraph 11." MPS has made the latter amendment to make it even more clear that it disagrees with Linear's characterization and interpretation of the terms of the settlement agreement between the parties.

On March 1, 2007, MPS provided Linear with a copy of the proposed Amended Answer and a black-line comparison against the Answer. MPS asked Linear's counsel whether Linear would consent to the Amended Answer being filed. Linear responded on March 13, 2007 – twelve days later. Linear's response was to that it would give its consent only if MPS would stipulate to conditions restricting MPS's future litigation strategy and conduct. Specifically, Linear's proposed conditions were that (1) "MPS will not oppose Linear's admission of MPS's original answer into evidence at the trial of this action as an admission by MPS" and (2) "MPS will not oppose Linear's use of MPS's original answer as support for any motion Linear may file or has filed in this action or object to such admission on the ground that it has filed a superseding pleading." Because

MPS disagrees with Linear's attempt to condition MPS's ability to Amend its Answer, MPS files this Motion.

## LEGAL BACKGROUND

The Federal Rules of Civil Procedure provide that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In the words of the Supreme Court, in the absence of:

> any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. ... denial [of leave to amend a complaint] is not an exercise of discretion; it is merely [an] abuse of that discretion and [is] inconsistent with the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

The underlying purpose of Rule 15(a) is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Courts have repeatedly held that motions to amend pleadings should be "liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see also Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984) ("liberal amendment philosophy [of Rule 15] limits the district court's ability to deny leave to amend"); *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (noting general presumption in favor of permitting amendment); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (the policy favoring amendment "should be applied with 'extreme liberality'").

"[T]he Third Circuit Court of Appeals has found that absent a *clear* reason such as delay, bad faith, or prejudice, it is an abuse of discretion for a district court to deny leave to amend." *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 732

(D. Del. 2002) (emphasis added) (citing *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). MPS has not displayed undue delay, bad faith or prejudice in proposing amendment of its Answer.

## ARGUMENT

MPS should be granted leave to amend.

**No inconsistency between Answer and Amended Answer.** MPS's proposed Amended Answer will not contradict the answer it will replace, nor will it omit a material fact. MPS is amending its answer to provide clarification.

**No undue delay.** The parties agreed to the March 16, 2007 date by which they would file any motions for leave to amend. MPS informed Linear of its intent to amend its Answer more than two weeks prior to that deadline and requested that Linear consent to the amendment. MPS has not delayed the amendment of its Answer in any deliberate fashion. Neither party has noticed or taken any depositions at this time. Thus, there has been no delay, much less undue delay.

**No bad faith.** MPS offers these amendments in good faith. It intends to have them addressed on the merits by this Court or at trial.

**No undue prejudice.** Any claimed prejudice must be real and irreparable. Conclusory allegations of "prejudice" are not sufficient to justify denial of leave to amend under Fed. R. Civ. P. 15(a). *Coca-Cola Bottling Co. v. The Coca-Cola Co.*, 668 F. Supp. 906, 922 (D. Del. 1987) (allowing leave to amend when the non-moving party solely argued that the possibility of additional discovery inherent in amendment constituted undue prejudice).

There is no prejudice in this case. MPS's amended answer seeks, *inter alia*, to add clarification to its denial of allegations contained in paragraph 11 of Linear's Complaint. MPS's amendment is consistent with the position that it has maintained from the time Linear filed its Complaint – MPS has not breached the Settlement Agreement, Linear's attempts to re-draft the terms of the Settlement Agreement are without merit, and Linear's patents are invalid, unenforceable and not infringed. Linear has ample time to address all of these contentions. Linear cannot argue that it has lost the opportunity to explore any aspect of the proposed Amended Answer; deposition discovery has not even been scheduled much less commenced.

**The amendment is not futile.** A plaintiff can oppose a proposed amendment only if it can establish that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rycoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Linear cannot possibly contend that it would be able to meet this burden.

## CONCLUSION

For the foregoing reasons, MPS respectfully requests that the Court grant its

Motion for Leave to File its Amended Answer.


POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Dean G. Dunlavey                    By:   /s/ Kenneth L. Dorsney
Mark A. Flagel                              Richard L. Horwitz (#2246)
Robert Steinberg                            Kenneth L. Dorsney (#3726)
Sean S. Pak                                 Hercules Plaza, 6th Floor
LATHAM & WATKINS LLP                        1313 North Market Street
633 W. Fifth Street, Suite 4000             Wilmington, DE 19889-0951
Los Angeles, CA 90071-2007                  Tel:  (302) 984-6000
Tel:  (213) 485-1234                        rhorwitz@potteranderson.com
                                            kdorsney@potteranderson.com

Dated:  March 14, 2007
Public Version Dated:  March 21, 2007       *Attorneys for Defendant*
784788 / 30611                              *Monolithic Power Systems, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, hereby certify that on March 21, 2007, the foregoing

document was hand delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification to the registered

attorney(s) of record that the document has been filed and is available for viewing and

downloading:

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on March 21, 2007, I have Electronically Mailed the

documents to the following:

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com

By:  /s/ Kenneth L. Dorsney
        Richard L. Horwitz
        Kenneth L. Dorsney
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, Delaware 19899-0951
        (302) 984-6000
        rhorwitz@potteranderson.com
        kdorsney@potteranderson.com

750219

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION | ) | |
| | ) | C.A. No. 06-476-GMS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC. | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

## AMENDED ANSWER TO COMPLAINT

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendant*
*Monolithic Power Systems Inc.*

OF COUNSEL:

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 485-1234

Dated: March 14, 2007
Public Version: March 21, 2007
784713 / 30611

Defendant Monolithic Power Systems, Inc. ("MPS") hereby answers the complaint of plaintiff Linear Technology Corporation ("Linear") for breach of contract and patent infringement as follows:

## JURISDICTION AND VENUE

1.      Answering paragraph 1, MPS admits that Linear purports to bring this complaint under Title 35 of the United States Code. MPS further admits that Linear asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338. MPS expressly denies any liability thereunder. The remaining allegation of paragraph 1 of the complaint calls for a legal conclusion for which MPS is without sufficient information and belief; on that basis MPS denies the remaining allegation of paragraph 1.

2.      Answering paragraph 2, MPS admits that venue is proper in this district. MPS denies the remaining allegations of paragraph 2. MPS specifically denies that it has breached any contract or that it has committed any acts of infringement.

## PARTIES AND PATENTS AT ISSUE

3.      Answering paragraph 3, MPS admits the allegations.

4.      Answering paragraph 4, MPS admits that it was first incorporated in 1997 in California. MPS further admits that it reincorporated in Delaware in 2004. MPS denies that it has its headquarters in Los Gatos, California. MPS avers that its corporate headquarters in the United States are located in San Jose, California.

5.      Answering paragraph 5, MPS admits that the United States Patent and Trademark office issued U.S. Patent No. 5,481,178 (the "'178 patent") on January 2, 1996, and that a copy is attached to the complaint as Exhibit A. MPS is without sufficient information and belief as to the remaining allegations of paragraph 5 and on that basis denies the remaining allegations.

6.      Answering paragraph 6, MPS admits that the United States Patent and Trademark office issued U.S. Patent No. 6,580,258 (the "'258 patent") on June 17, 2003,

and that a copy is attached to the complaint as Exhibit B.  MPS is without sufficient

information and belief as to the remaining allegations of paragraph 6 and on that basis

denies the remaining allegations.

7.      Answering paragraph 7, MPS denies the allegations.  MPS avers that

Linear filed its complaint without providing any notice to MPS to the effect that Linear

believed the MP1543 product infringed claims of either the '178 patent or the

'258 patent.

### COUNT 1 – BREACH OF SETTLEMENT AGREEMENT

8.      Answering paragraph 8, MPS admits that, based upon a request made by

Linear, the United States International Trade Commission instituted an investigation of

MPS under Section 337 of the Tariff Act of 1930, as amended, on August 17, 2004.

MPS denies the remaining allegations of paragraph 8.

9.      Answering paragraph 9, MPS admits the allegations.

10.     Answering paragraph 10, MPS admits the allegations of the first sentence.

MPS further admits that section 3.3 of the Settlement and License Agreement contains

the language quoted by Linear in the indented block quotation.  MPS denies the

remaining allegations of paragraph 10.  MPS specifically denies that it ever sold any

product that infringed the asserted patents.

11.     Answering paragraph 11, MPS admits that section 3.3 of the Settlement

and License Agreement provides, inter alia, that MPS



MPS denies the remaining allegations of paragraph 11.  MPS specifically

denies that it has practiced the Asserted Claims, or any unasserted claims of the asserted

patents, anywhere in the world.

12.    Answering paragraph 12, MPS admits that the Settlement and License Agreement contains the language quoted by Linear.  MPS denies that it is obligated to pay any royalty to Linear in connection with the MP1543 product.

13.    Answering paragraph 13, MPS denies the allegations.  MPS avers that Linear has selectively quoted from the Settlement and License Agreement and has omitted the language that ███████████████████████████████████████

██████████████████████████████████████████████████████████████

14.    Answering paragraph 14, MPS admits that, with the exception of a typographical error, Linear has quoted from a section of the Settlement and License Agreement.  MPS denies that it has violated the Settlement and License Agreement, or that this is, or could be, an action to enforce the Consent Order or the Settlement and License Agreement.

15.    Answering paragraph 15, MPS denies the allegations.

16.    Answering paragraph 16, MPS denies the allegations.

### COUNT 2 – PATENT INFRINGEMENT

17.    Answering paragraph 17, MPS restates and incorporates by reference its responses to the allegations set forth by paragraphs 1 – 16 above.

18.    Answering paragraph 18, MPS denies the allegations.

19.    Answering paragraph 19, MPS denies the allegations.

20.    Answering paragraph 20, MPS denies the allegations.

21.    Answering paragraph 21, MPS denies the allegations.

22.    In response to Linear's prayer for relief, MPS denies that Linear is entitled to the requested relief or any declaration, injunction, damages, costs, fees, judgment, order or any other relief against MPS whatsoever.

### DEFENSES

As and for its defenses, MPS alleges as follows:

### First Defense

Linear's complaint fails to allege sufficient facts to state a claim on which relief can be granted.

### Second Defense

MPS does not infringe and has not infringed any valid claim of either the '178 patent or the '258 patent.

### Third Defense

MPS has not willfully infringed any valid claim of either the '178 patent or the '258 patent.

### Fourth Defense

On information and belief, the '178 and '258 patents are unenforceable due to patent misuse, including but not limited to █████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████

### Fifth Defense

On information and belief, the claims of the '178 and '258 patents are invalid under 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### Sixth Defense

Linear is not entitled to liquidated damages in connection with this proceeding. Any construction of the Settlement and License Agreement that would allow Linear to seek or recover liquidated damages in this proceeding would render the Settlement and License Agreement invalid and unenforceable, at least to that extent.

4

**Seventh Defense**

Linear is barred from asserting its first claim for relief based on its unclean hands and bad faith in asserting a claim against a product that it knows or should know is not within the scope of the Settlement and License Agreement.

**Eighth Defense**

Linear did not provide MPS with actual notice of the alleged infringement. On information and belief, Linear has failed to comply with the notice requirements of 35 U.S.C. § 287 prior to the filing of its complaint and thus is barred from seeking or recovering any damages for any alleged infringement of either the '178 patent or the '258 patent that allegedly occurred prior to the filing of Linear's complaint.

**Ninth Defense**

On information and belief, each and every claim of the '178 and '258 patents is unenforceable due to inequitable conduct. As set forth below, the patentees and others involved in prosecuting those and related patents violated the duty of candor and good faith required of persons who prepare or prosecute patent applications before the United States Patent and Trademark Office (the "PTO").

On information and belief, the patentees and others involved in prosecuting the '178 patent knowingly, and with the intent to mislead, withheld from the PTO prior art documents and information material to patentability. The deliberately withheld prior art documents and information was a detailed, 26-page document describing Maxim Integrated Products, Inc.'s MAX782 evaluation board. The MAX782 is a controller chip for a synchronous switching voltage regulator containing "reverse current prevention" circuitry, which was reduced to working silicon and distributed to potential customers in the United States and abroad prior to the filing of the '178 patent application.

The 26-page Maxim document included schematic diagrams clearly showing Maxim's "reverse current protection" circuitry – circuitry that Linear would later charge with infringing claims of the '178 patent. However, despite the fact that the patentees

and others involved in prosecuting the '178 patent had the document in their possession and had reviewed it before the '178 patent application was even filed, they never disclosed it to the PTO during the entire prosecution. Instead, they provided the PTO with a different, undated, far less informative document concerning the MAX782 in order to hide the invalidating art. That other document, an 8-page preliminary datasheet, does not disclose the "reverse current protection" circuitry and thus was entirely immaterial for purposes of determining the patentability of the '178 patent claims.

The deliberate withholding of the Maxim documentation during the prosecution of the '178 patent constitutes inequitable conduct which renders both that patent and the '258 patent unenforceable.

On information and belief, the '258 patent is also unenforceable because Linear's patent prosecution attorneys and others involved in the prosecution of the patent application intentionally, and with intent to deceive, buried the patent examiner with over 220 references, while withholding the roadmap documents that could have provided a reasonable examiner with a meaningful explanation of the significant prior art buried amongst all the immaterial filler material. Facing the onslaught of hundreds of references, the patent examiner twice complained that the applicants were "burying" him with numerous documents that "do not appear material to claimed invention." Remarkably, even after the examiner's complaints, the prosecution attorneys submitted an "Updated Information Disclosure Statement" that again listed hundreds of references and again provided none of the roadmap documents that could have assisted a competent examiner in making sense of the document dump.

Linear's patent prosecution attorneys likewise had a duty to inform the examiner that two other examiners previously had rejected exactly the same claims that the examiner reviewing the '258 patent application had mistakenly allowed, as such prior rejections necessarily were material. In violation of their duty of candor, the patent attorneys withheld that information from the examiner. This deliberate attempt to "bury"

the examiner with numerous immaterial references, as well as the failure to disclose material information, coupled with the intent to deceive, renders the '258 patent unenforceable.

### RELIEF REQUESTED

WHEREFORE, MPS prays for relief as follows:

A.      That United States Patent No. 5,481,178, and each and every asserted claim thereof, be declared not infringed, invalid, and unenforceable;

B.      That United States Patent No. 6,580,258 B2, and each and every asserted claim thereof, be declared not infringed, invalid, and unenforceable;

C.      That the Court declare that MPS has not breached the Settlement and License Agreement;

D.      That Linear take nothing by its complaint and that said complaint be dismissed with prejudice;

E.      That pursuant to 35 U.S.C. § 285 and/or other applicable laws, the Court find that Linear's conduct renders this an exceptional case and that MPS be awarded its attorneys' fees in this action; and

F.      That MPS be awarded such other relief as the Court shall deem just and reasonable.

## JURY DEMAND

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, MPS hereby requests trial by jury on all issues triable by a jury.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
633 W. Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 485-1234

By:    /s/ Kenneth L. Dorsney
    Richard L. Horwitz (#2246)
    Kenneth L. Dorsney (#3726)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, DE 19889-0951
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    kdorsney@potteranderson.com

Dated: March 14, 2007
Public Version: March 21, 2007
784713 / 30611

*Attorneys for Defendant*
*Monolithic Power Systems, Inc.*

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION | ) | C.A. No.  06-476-GMS |
| Plaintiff, | ) | |
| v. | ) | **DEMAND FOR JURY TRIAL** |
| MONOLITHIC POWER SYSTEMS, INC. | ) | ~~CONFIDENTIAL~~ |
| Defendant. | ) | ~~FILED UNDER SEAL~~ |
| | ) | <u>PUBLIC VERSION</u> |

<u>AMENDED ANSWER TO COMPLAINT</u>

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

OF COUNSEL:

*Attorneys for Defendant*
*Monolithic Power Systems Inc.*

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
~~Rosslyn Stevens Hummer~~
<u>Sean S. Pak</u>
LATHAM & WATKINS
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel:  (213) 485-1234

Dated:  ~~September~~<u>March</u> 14, ~~2006~~<u>2007</u>
<u>Public Version Dated:  March 21, 2007</u>
<u>784759</u> / <u>30611</u>

Defendant Monolithic Power Systems, Inc. ("MPS") hereby answers the complaint of plaintiff Linear Technology Corporation ("Linear") for breach of contract and patent infringement as follows:

## JURISDICTION AND VENUE

1.     Answering paragraph 1, MPS admits that Linear purports to bring this complaint under Title 35 of the United States Code. MPS further admits that Linear asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338. MPS expressly denies any liability thereunder. The remaining allegation of paragraph 1 of the complaint calls for a legal conclusion for which MPS is without sufficient information and belief; on that basis MPS denies the remaining allegation of paragraph 1.

2.     Answering paragraph 2, MPS admits that venue is proper in this district. MPS denies the remaining allegations of paragraph 2. MPS specifically denies that it has breached any contract or that it has committed any acts of infringement.

## PARTIES AND PATENTS AT ISSUE

3.     Answering paragraph 3, MPS admits the allegations.

4.     Answering paragraph 4, MPS admits the allegationsthat it was first incorporated in 1997 in California. MPS further admits that it reincorporated in Delaware in 2004. MPS denies that it has its headquarters in Los Gatos, California. MPS avers that its corporate headquarters in the United States are located in San Jose, California.

5.     Answering paragraph 5, MPS admits that the United States Patent and Trademark office issued U.S. Patent No. 5,481,178 (the "'178 Patentpatent") on January 2, 1996, and that a copy is attached to the complaint as Exhibit A. MPS is without sufficient information and belief as to the remaining allegations of paragraph 5 and on that basis denies the remaining allegations.

6.     Answering paragraph 6, MPS admits that the United States Patent and Trademark office issued U.S. Patent No. 6,580,258 (the "'258 ~~Patent~~**patent**") on June 17, 2003, and that a copy is attached to the complaint as Exhibit B.  MPS is without sufficient information and belief as to the remaining allegations of paragraph 6 and on that basis denies the remaining allegations.

7.     Answering paragraph 7, MPS denies the allegations.  MPS avers that Linear filed its complaint without providing any notice to MPS to the effect that Linear believed the MP1543 product infringed claims of either the '178 ~~Patent~~**patent** or the '258 ~~Patent~~**patent**.

### COUNT 1 – BREACH OF SETTLEMENT AGREEMENT

8.     Answering paragraph 8, MPS admits that, ~~at the behest of~~**based upon a request made by** Linear, the United States International Trade Commission instituted an investigation of MPS under Section 337 of the Tariff Act of 1930, as amended, on August 17, 2004.  MPS denies the remaining allegations of paragraph 8.

9.     Answering paragraph 9, MPS admits the allegations.

10.     Answering paragraph 10, MPS admits the allegations of the first sentence. MPS further admits that section 3.3 of the Settlement and License Agreement contains the language quoted by Linear in the indented block quotation.  MPS denies the remaining allegations of paragraph ~~10, including but not limited to the extent they are construed to allege that MPS~~**10.  MPS specifically denies that it** ever sold any product that infringed the asserted patents.  ~~MPS denies that it ever did so.~~

11.     Answering paragraph 11, MPS admits that section 3.3 of the Settlement and License Agreement provides, inter alia, that MPS ███████████████████

███████████████████████████████████████

███████████████████████

MPS denies **the remaining allegations of paragraph 11.  MPS**

specifically denies that it has practiced the Asserted Claims, or any unasserted claims of the asserted patents, anywhere in the world.

12.    Answering paragraph 12, MPS admits that the Settlement and License Agreement contains the language quoted by Linear.  MPS denies that it is obligated to pay any royalty to Linear in connection with the MP1543 product.

13.    Answering paragraph 13, MPS denies the allegations.  MPS avers that Linear has selectively quoted from the Settlement and License Agreement and has omitted the language that ████████████████████████████████████████████

14.    Answering paragraph 14, MPS admits that, with the exception of a typographical error, Linear has quoted from a section of the Settlement and License Agreement.  MPS denies that it has violated the Settlement and License Agreement, or that this is, or could be, an action to enforce the Consent Order or the Settlement and License Agreement.

15.    Answering paragraph 15, MPS denies the allegations.

16.    Answering paragraph 16, MPS denies the allegations.

## COUNT 2 – PATENT INFRINGEMENT

17.    Answering paragraph 17, MPS restates and incorporates by reference its responses to the allegations set forth by paragraphs 1 – 16 above.

18.    Answering paragraph 18, MPS denies the allegations.

19.    Answering paragraph 19, MPS denies the allegations.

20.    Answering paragraph 20, MPS denies the allegations.

21.    Answering paragraph 21, MPS denies the allegations.

22.     In response to Linear's prayer for relief, MPS denies that Linear is entitled to the requested relief or any declaration, injunction, damages, costs, fees, judgment, order or any other relief against MPS whatsoever.

## DEFENSES

As and for its defenses, MPS alleges as follows:

### First Defense

Linear's complaint fails to allege sufficient facts to state a claim on which relief can be granted.

### Second Defense

MPS does not infringe and has not infringed any valid claim of either the '178 ~~Patent~~patent or the '258 ~~Patent~~patent.

### Third Defense

MPS has not willfully infringed any valid claim of either the '178 ~~Patent~~patent or the '258 ~~Patent~~patent.

### Fourth Defense

On information and belief, the '178 and '258 ~~Patents~~patents are unenforceable due to patent misuse, including but not limited to

### Fifth Defense

On information and belief, the claims of the '178 and '258 ~~Patents~~patents are invalid under 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### Sixth Defense

Linear is not entitled to liquidated damages in connection with this proceeding. Any construction of the Settlement and License Agreement that would allow Linear to seek or recover liquidated damages in this proceeding would render the Settlement and License Agreement invalid and unenforceable, at least to that extent.

### Seventh Defense

Linear is barred from asserting its first claim for relief based on its unclean hands and bad faith in asserting a claim against a product that it knows or should know is not within the scope of the Settlement and License Agreement.

### Eighth Defense

Linear did not provide MPS with actual notice of the alleged infringement. On information and belief, Linear has failed to comply with the notice requirements of 35 U.S.C. § 287 prior to the filing of its complaint and thus is barred from seeking or recovering any damages for any alleged infringement of either the '178 ~~Patent~~**patent** or the '258 ~~Patent~~**patent** that allegedly occurred prior to the filing of Linear's complaint.

### Ninth Defense

On information and belief, each and every claim of the '178 and '258 ~~Patents~~**patents** is unenforceable due to inequitable conduct. As set forth below, the patentees and others involved in prosecuting those and related patents violated the duty of candor and good faith required of persons who prepare or prosecute patent applications before the United States Patent and Trademark Office (the "PTO").

On information and belief, the patentees and others involved in prosecuting the '178 ~~Patent~~**patent** knowingly, and with the intent to mislead, withheld from the PTO prior art documents and information material to patentability. The deliberately withheld prior art documents and information was a detailed, 26-page document describing Maxim Integrated Products, Inc.'s MAX782 evaluation board. The MAX782 is a controller chip for a synchronous switching voltage regulator containing "reverse current prevention"

circuitry, which was reduced to working silicon and distributed to potential customers in the United States and abroad prior to the filing of the '178 ~~Patent~~**patent** application.

The 26-page Maxim document included schematic diagrams clearly showing Maxim's "reverse current protection" circuitry – circuitry that Linear would later charge with infringing claims of the '178 ~~Patent~~**patent**. However, despite the fact that the patentees and others involved in prosecuting the '178 ~~Patent~~**patent** had the document in their possession and had reviewed it before the '178 ~~Patent~~**patent** application was even filed, they never disclosed it to the PTO during the entire prosecution. Instead, they provided the PTO with a different, undated, far less informative document concerning the MAX782 in order to hide the invalidating art. That other document, an 8-page preliminary datasheet, does not disclose the "reverse current protection" circuitry and thus was entirely immaterial for purposes of determining the patentability of the '178 ~~Patent~~**patent** claims.

The deliberate withholding of the Maxim documentation during the prosecution of the '178 ~~Patent~~**patent** constitutes inequitable conduct which renders both that patent and the '258 ~~Patent~~**patent** unenforceable.

On information and belief, the '258 ~~Patent~~**patent** is also unenforceable because Linear's patent prosecution attorneys and others involved in the prosecution of the patent application intentionally, and with intent to deceive, buried the patent examiner with over 220 references, while withholding the roadmap documents that could have provided a reasonable examiner with a meaningful explanation of the significant prior art buried amongst all the immaterial filler material. Facing the onslaught of hundreds of references, the patent examiner twice complained that the applicants were "burying" him with numerous documents that "do not appear material to claimed invention." Remarkably, even after the examiner's complaints, the prosecution attorneys submitted an "Updated Information Disclosure Statement" that again listed hundreds of references

and again provided none of the roadmap documents that could have assisted a competent examiner in making sense of the document dump.

Linear's patent prosecution attorneys likewise had a duty to inform the examiner that two other examiners previously had rejected exactly the same claims that the examiner reviewing the '258 ~~Patent~~**patent** application had mistakenly allowed, as such prior rejections necessarily were material. In violation of their duty of candor, the patent attorneys withheld that information from the examiner. This deliberate attempt to "bury" the examiner with numerous immaterial references, as well as the failure to disclose material information, coupled with the intent to deceive, renders the '258 ~~Patent~~**patent** unenforceable.

## **RELIEF REQUESTED**

WHEREFORE, MPS prays for relief as follows:

A.    That United States Patent No. 5,481,178, and each and every asserted claim thereof, be declared not infringed, invalid, and unenforceable;

B.    That United States Patent No. 6,580,258 B2, and each and every asserted claim thereof, be declared not infringed, invalid, and unenforceable;

C.    That the Court declare that MPS has not breached the Settlement and License Agreement;

D.    That Linear take nothing by its complaint and that said complaint be dismissed with prejudice;

E.    That pursuant to 35 U.S.C. § 285 and/or other applicable laws, the Court find that Linear's conduct renders this an exceptional case and that MPS be awarded its attorneys' fees in this action; and

F.    That MPS be awarded such other relief as the Court shall deem just and reasonable.

## JURY DEMAND

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, MPS hereby requests

trial by jury on all issues triable by a jury.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

| | |
|---|---|
| Dean G. Dunlavey | By: ___ /s/ ~~Richard~~Kenneth L. ~~Horwitz~~ |
| Mark A. Flagel | *Dorsney* ___ |
| Robert Steinberg |     Richard L. Horwitz (#2246) |
| ~~Rosslyn Stevens Hummer~~ |     Kenneth L. Dorsney (#3726) |
| Sean S. Pak |     Hercules Plaza, 6th Floor |
| LATHAM & WATKINS LLP |     1313 North Market Street |
| 633 ~~West~~W. Fifth Street, Suite 4000 |     Wilmington, ~~Delaware~~DE 19889-0951 |
| |     Tel: (302) 984-6000 |
| Los Angeles, CA 90071-2007 |     rhorwitz@potteranderson.com |
| |     kdorsney@potteranderson.com |
| Tel: (213) 485-1234 | |

*Attorneys for Defendant*
*Monolithic Power Systems, Inc.*

Dated: ~~September~~March 14, ~~2006~~2007
**Public Version Dated: March 21, 2007**
784759 / 30611

~~749763~~783541 / 30611

# EXHIBIT C

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 06-476 (GMS) |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

The Court, having considered MPS's Motion for Leave to File an Amended Answer, is of the opinion that the motion should be GRANTED. The Amended Answer is deemed filed and served as of the date of this Order.

SIGNED and ENTERED this _____ day of _____, 2007.


_____
UNITED STATES DISTRICT JUDGE