IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  06-476 (GMS) |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC. | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**LINEAR TECHNOLOGY CORPORATION'S OPPOSITION TO
DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE   19899
(302) 658-9200

*Attorneys for Plaintiff
Linear Technology Corporation*

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

Dated:  March 28, 2007

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF PROCEEDINGS                                        1

SUMMARY OF ARGUMENT                                                    1

STATEMENT OF FACTS                                                     2

ARGUMENT                                                               5

A.   MONOLITHIC ADMITTED IN ITS ANSWER THAT IT AGREED
     NOT TO PRACTICE THE LINEAR PATENTS                                5

     1.   In Response To Paragraph 2, Monolithic Admitted That This
          Action Arises Under The Settlement Agreement.                5

     2.   In Response To Paragraph 11, Monolithic Admitted It Has A Duty
          Under The Settlement Agreement Not To Practice The Linear
          Patents.                                                     6

B.   LINEAR WOULD BE UNDULY PREJUDICED IF MONOLITHIC
     WERE GRANTED LEAVE TO AMEND BECAUSE MONOLITHIC
     SEEKS TO DEPRIVE LINEAR OF THE RIGHT TO PRESENT
     EVIDENCE.                                                         8

     1.   Undue Prejudice Results When A Party Is Precluded From
          Offering Evidence At Trial.                                  8

     2.   Monolithic's Objections To The Proposed Conditions Are Without
          Merit Because Linear Has The Right To Introduce Into Evidence
          Admissions Against Interest From A Superseded Pleading.      9

CONCLUSION                                                             10

## TABLE OF AUTHORITIES

CASES

*Barringer v. Prudential Ins. Co. of America*,
    62 F. Supp. 286 (E.D. Pa. 1945), *aff'd,* 153 F.2d 224 (3rd Cir. 1946) .................................... 9

*Broadway Advisors, LLC v. Hipro Elecs., Inc.*,
    2007 Bankr. LEXIS 315, 22-23 (Bankr. D. Del. 2007) ............................................................ 9

*Cornell & Co. v. Occupational Safety & Health Review Com.*,
    573 F.2d 820 (3d Cir. 1978) .................................................................................................... 8

*Creedon Controls, Inc. v. Banc One Bldg. Corp.*,
    2007 U.S. Dist. LEXIS 4432 (D. Del. 2007) .......................................................................... 9

*Dole v. Arco Chem. Co.*,
    921 F.2d 484 (3d Cir. 1990) .................................................................................................... 8

*Foman v. Davis*,
    371 U.S. 178 (1962) ................................................................................................................. 8

*Foster v. JLG Indus.*,
    199 Fed. Appx. 90 (3d Cir. 2006) ........................................................................................... 8

*Giannone v. U.S. Steel Corp.*,
    238 F.2d 544 (3d Cir. 1956) .................................................................................................... 9

*Jones v. United States Postal Serv.*,
    1991 U.S. Dist. LEXIS 15547 (D. Del. 1991) ........................................................................ 8

*Penn. R. Co. v. Girard*,
    210 F.2d 437 (6th Cir. 1954) ................................................................................................. 10

*Shell v. Parrish*,
    448 F.2d 528 (6th Cir. 1971) .................................................................................................. 9

*United States ex rel. B & R, Inc. v. Donald Lane Constr.*,
    19 F. Supp. 2d 217 (D. Del. 1998) .......................................................................................... 5

*Valentin v. Phila. Gas Works*,
    128 Fed. Appx. 284 (3d Cir. 2005) ......................................................................................... 8

*White v. ARCO/Polymers. Inc.*,
    720 F.2d 1391 (5th Cir. 1983) ................................................................................................ 9

**STATUTES**

28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) ..................................................................5

**OTHER AUTHORITIES**

6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND
    PROCEDURE § 1476 (2d ed. 1990)............................................................................9

Fed. R. Civ. P. 8 ..............................................................................................................5

Fed. R. Civ. P. 8(b) ..........................................................................................................4

Fed. R. Civ. P. 8(d) ......................................................................................................5-6

Fed. R. Civ. P. 12(c) ........................................................................................................1

Fed. R. Civ. P. 12(f) .........................................................................................................1

Fed. R. Civ. P. 15(a) .....................................................................................................1, 8

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Linear Technology Corporation ("Linear") hereby submits its answering brief in opposition to Defendant Monolithic Power Systems, Inc.'s ("Monolithic" or "MPS") motion for leave to file an amended answer. (The "Motion," D.I. 36).

## SUMMARY OF ARGUMENT

This is an unusual case in that Monolithic does not seek to amend its answer to add new factual allegations or defenses. Instead it seeks to amend for the sole purpose of attempting to retract two admissions it made in its original pleading about the meaning of the parties' Settlement Agreement. This is an improper use of Federal Rule of Civil Procedure 15(a).

In its original Answer, Monolithic made the following admissions: (1) Monolithic did not deny, and therefore admitted, that under the Settlement Agreement Monolithic has a duty not to infringe the patents-in-suit; and (2) Monolithic admitted that this action arises under the Settlement Agreement. (D.I. 9, ¶¶ 2, 11). Linear relied on these admissions in support of its motion to strike Monolithic's affirmative defenses of invalidity and unenforceability under Fed. R. Civ. P. 12(f) or, in the alternative, for judgment on the pleadings under Fed. R. Civ. P. 12(c) ("Linear's Motion for Judgment on the Pleadings," D.I. 11).[1] Unhappy with these admissions, Monolithic seeks to retract them by amending its pleading to remove them.

Monolithic's original pleading thus contained significant admissions that the proposed amendment seeks to change. Linear still should have the right, as a matter of law, however, to use the Monolithic admissions made in its original answer as evidence in this case.

---

[1]    Linear's motion has been fully briefed, but the Court has not ruled on the motion.

Thus, Linear informed Monolithic that it would not oppose Monolithic's proposed amendment as long as Monolithic agreed that Linear's rights to use Monolithic's original answer would be preserved. Specifically, Linear requested that Monolithic stipulate that it will not oppose Linear's right to offer into evidence at trial the admissions against interest that Monolithic made in its original Answer. *See* Linear's Proposed Stipulation, Ex. A.

Monolithic's refusal to stipulate shows that its real intent in amending its pleading is to deprive Linear of the right to use Monolithic's prior admissions. Linear therefore opposes leave for Monolithic to amend unless it is conditioned on the provisions of that proposed stipulation. A proposed form of Order is attached as Exhibit B.

### STATEMENT OF FACTS

Linear brought this action to enforce an agreement settling an International Trade Commission ("ITC") investigation (the "Settlement Agreement"), whereby Monolithic agreed that it would not sell any products that infringe U.S. Patent Nos. 5,481,178 and 6,580,258 B2 (collectively, the "`178 and `258 patents" or "the Linear Patents"), other than those specifically licensed for a limited time under the agreement. Monolithic further agreed that in any action arising under the Settlement Agreement it would not assert a defense of invalidity or otherwise challenge the Linear Patents. Having learned of Monolithic's renewed infringement of the `178 and `258 patents, Linear sued on August 3, 2006, alleging breach of the Settlement Agreement and willful infringement of the Linear Patents.

Monolithic filed its Answer to Linear's Complaint on September 14, 2006. (D.I. 9). In that Answer, Monolithic did not deny, and thus admitted, Linear's interpretation of certain key terms of the Settlement Agreement. Specifically in its response to Paragraph 2, Monolithic admitted that this action arises under the Settlement Agreement. Also, in Paragraph 11,

Monolithic did not deny the allegation that it agreed not to practice the Linear Patents anywhere in the world, but only denied that it in fact practices the patents. It thus admitted that under the terms of the Settlement Agreement, Monolithic is under a duty not to sell any products that "practice" the `178 and `258 patents.

On October 2, 2006, Linear filed its Motion for Judgment on the Pleadings, seeking to strike Monolithic's defenses of invalidity and unenforceability because they are barred by the Settlement Agreement. In opposing the Motion, Monolithic made arguments that contradicted its *own* admissions and the plain language of the Settlement Agreement. (D.I. 17 at 3, 7-8). In particular, Monolithic argued that this action does not arise under the Settlement Agreement and argued that Monolithic did not take on a general duty not to sell products that practice the Linear Patents. *Id.*[2]

Linear pointed out these inconsistencies in its reply brief, including Monolithic's admission that it agreed not to practice the Linear Patents. (D.I. 19 at 3-4). Monolithic seeks to retract that admission and put its new interpretation into an amended pleading, contending that its promise in the Settlement Agreement not to **REDACTED** the asserted claims of the

---

[2]    Paragraph 3.3 states in full that (emphasis added):


**REDACTED**

Linear Patents means something other than the broad language to which it agreed and that the Settlement Agreement supposedly does not reach the products at issue in this enforcement proceeding.

On March 1, Monolithic asked Linear to consent to the filing of a proposed Amended Answer. Other than Monolithic's changes to its prior admissions, the proposed Amended Answer did not add any new defenses or factual allegations other than to correct business address information that is not disputed.

Notwithstanding the improper purpose of the amendment, Linear informed Monolithic it would not oppose its amendment if "MPS will not oppose Linear's admission of MPS's original answer into evidence at the trial of this action as an admission by MPS and that MPS will not oppose Linear's use of MPS's original answer as support for any motion Linear may file or has filed in this action or object to such admission on the ground that it has filed a superceding pleading." *See* Proposed Stipulation, Ex. A. The conditions for non-opposition Linear proposed are well-supported in the law. Monolithic summarily refused to accept them, demonstrating that not only is Monolithic attempting to back away from its prior admissions but that Monolithic wants to pretend those admissions were never made and seeks to preclude Linear from showing otherwise. Because Monolithic refused to recognize Linear's right to offer Monolithic's admissions against interest into evidence, Linear opposes the amendment, except on condition that Linear be permitted to introduce Monolithic's admissions into evidence.

**ARGUMENT**

A.    **MONOLITHIC ADMITTED IN ITS ANSWER THAT IT AGREED NOT TO PRACTICE THE LINEAR PATENTS**

It is a well-known rule of pleading that those averments that are not denied in an answer, are admitted. Rule 8(b) of the Federal Rules of Civil Procedure provides, in part, that "a party shall … admit or deny the averments upon which the adverse party relies." Fed. R. Civ. P. 8. Also, Rule 8(d) provides "averments . . . are admitted when not denied in a responsive pleading." *Id.; see, e.g., United States ex rel. B & R, Inc. v. Donald Lane Constr.*, 19 F. Supp. 2d 217, 220 (D. Del. 1998).

There can be no doubt that Monolithic, in responding to Linear's Complaint pursuant to Rule 8(d), admitted those portions of paragraphs 2 and 11 that it did not specifically deny. Now, Monolithic attempts to amend its answer and add qualified denials to paragraphs 2 and 11. It is certain that Monolithic seeks to add these denials to proceed under the pretense that it never made these admissions.

Monolithic's Motion for Leave to Amend erroneously contends that Monolithic's Answer and its proposed amended answer are not inconsistent and that it seeks to amend for "clarification." (D.I. 36 at 4). But the inaccuracy of that statement can be seen by a comparison of Monolithic's responses in its Answer and proposed Amended Answer as shown below.

1.    **In Response To Paragraph 2, Monolithic Admitted That This Action Arises Under The Settlement Agreement.**

In paragraph 2 of the Complaint, Linear averred that:

"Venue is proper under 28 §§ 1391(b), 1391(c), and 1400(b) because both parties reside in this district and defendant's acts of infringement and breach of contract have occurred in this district. Additionally, under the express terms of the contract that Monolithic breached, the parties agreed that any dispute arising

thereunder would be brought in Delaware." (Complaint, D.I. 1, at ¶ 2).

Set forth below is a comparison of the language in Monolithic's original Answer (D.I. 9, ¶ 2) and its proposed Amended Answer:

| Monolithic's Original Response to Para. 2 | Monolithic's Proposed Amended Response to Para. 2 |
|---|---|
| Answering paragraph 2, MPS admits that venue is proper in this district. MPS denies that is has breached any contract or that it has committed any acts of infringement. (Answer, D.I. 9 at ¶ 2). | Answering paragraph 2, MPS admits that venue is proper in this district. MPS **denies the remaining allegations of paragraph 2. MPS specifically** denies that is has breached any contract or that it has committed any acts of infringement. (Proposed Amended Answer at ¶ 2; addition in bold). |

As can be seen above, Monolithic did not deny that venue is proper under the Settlement Agreement or that the parties agreed that any dispute arising under the agreement would be brought in Delaware. Thus, pursuant to Rule 8(d), Monolithic admitted that this action arises under the Settlement Agreement. In its proposed amended answer, Monolithic now improperly attempts to deny this admission by adding the following qualified denial: "[MPS] denies the remaining allegations of paragraph 2."

### 2.    In Response To Paragraph 11, Monolithic Admitted It Has A Duty Under The Settlement Agreement Not To Practice The Linear Patents.

In paragraph 11 of the Complaint, Linear averred that:

"Under the terms of the Settlement Agreement, Monolithic is under an express duty not to sell any products that 'practice' the `178 and `258 patents. *See* Exhibit C, § 3.3" (Complaint, D.I. 1, at ¶ 11).

Set forth below is a comparison of the language in Monolithic's original Answer (D.I. 9, ¶ 11) and its proposed Amended Answer:

| Monolithic's Original Response to Para. 11 | Monolithic's Proposed Amended Response to Para. 11 |
|---|---|
| Answering paragraph 11, MPS admits that section 3.3 of the Settlement and License Agreement provides, *inter alia*, that MPS <br><br> **REDACTED** <br><br> MPS denies that it has practiced the Asserted Claims, or any unasserted claims, anywhere in the world. (Answer, D.I. 9, at ¶ 11).[3] | Answering paragraph 11, MPS admits that section 3.3 of the Settlement and License Agreement provides, inter alia, that MPS <br><br> **REDACTED** <br><br> MPS denies **the remaining allegations of paragraph 11. MPS specifically denies** that it has practiced the Asserted Claims, or any unasserted claims **of the asserted patents**, anywhere in the world. (Proposed Amended Answer at ¶ 11; addition in bold) |

It is unmistakable from the original answer that Monolithic did not deny, and thus admitted, Linear's allegation that Monolithic is under an express duty not to sell any products that practice the `258 or `178 patents. Rather, Monolithic only denied that "it has practiced the Asserted Claims, or any unasserted claims, anywhere in the world." *Id.* Thus, Monolithic admitted that it is under a duty under the Settlement Agreement not to practice the Linear Patents. In its proposed amended answer, Monolithic now tries to retract this admission by adding a qualified denial that: "[MPS] denies the remaining allegations of paragraph 11."

---

[3] It is noteworthy that Monolithic selectively cited a portion of section 3.3 in its Answer. Monolithic's use of an ellipsis is misleading at best, in that Monolithic notably left out the disjunctive phrase **REDACTED** that appears before the phrase **REDACTED**

After Linear cited to this admission in its Motion for Judgment on the Pleadings, Monolithic now seeks leave to amend its answer to remove the admission without consequence. This is improper.

**B.    LINEAR WOULD BE UNDULY PREJUDICED IF MONOLITHIC WERE GRANTED LEAVE TO AMEND BECAUSE MONOLITHIC SEEKS TO DEPRIVE LINEAR OF THE RIGHT TO PRESENT EVIDENCE.**

**1.    Undue Prejudice Results When A Party Is Precluded From Offering Evidence At Trial.**

While leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), justice does, after all, have to require it. Whether a motion to amend should be granted or denied is for the district court to decide, subject to reversal only for abuse of discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court has held that denial of leave to amend is appropriate when (among other reasons) "undue prejudice" would result "to the opposing party by virtue of allowance of the amendment." *Id.*

The Third Circuit has held that "prejudice to the nonmoving party is the touchstone for the denial of the amendment." *Cornell & Co. v. Occupational Safety & Health Review Com.*, 573 F.2d 820, 826 (3d Cir. 1978) (finding an abuse of discretion for allowance of an amended pleading that caused undue prejudice). A party can show prejudice if it is "deprived of the opportunity to present facts or evidence." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990). Courts in the Third Circuit have regularly denied amendments to prevent prejudice. *See, e.g., Foster v. JLG Indus.*, 199 Fed. Appx. 90, 92 (3d Cir. 2006); *Valentin v. Phila. Gas Works*, 128 Fed. Appx. 284, 287 (3d Cir. 2005); *Jones v. United States Postal Serv.*, 1991 U.S. Dist. LEXIS 15547 (D. Del. 1991).

Linear was forced to oppose this motion to preserve its rights. Linear would be prejudiced if Monolithic were permitted to amend its Answer to retract its prior admissions

without Linear being able to introduce evidence that the admissions were previously made. Monolithic has indicated that it will seek to block Linear from offering these admissions into evidence and has refused to stipulate that it would not object to admission of its original answer on the basis that it is a superseded pleading. Linear has already relied on these admissions in its reply brief in support of its Motion for Judgment on the Pleadings and should be allowed to rely on them in the future as admissible evidence. Monolithic's attempt to amend its pleadings to block Linear's reliance on its earlier admissions should be denied.

> **2.  Monolithic's Objections To The Proposed Conditions Are Without Merit Because Linear Has The Right To Introduce Into Evidence Admissions Against Interest From A Superseded Pleading.**

In its motion, Monolithic notes that it objected to the proposed stipulation because it would "restrict[] MPS's future litigation strategy and conduct." (D.I. 36 at 1). That objection is without merit. If Monolithic is allowed to amend its Answer, then Linear has the right to introduce Monolithic's admissions against interest from the superseded original Answer into evidence at trial. It is well-established in the Third Circuit that "an admission contained in an amended or superseded pleading, while it may not have the full binding force of a judicial admission, is evidence against the pleader of the facts admitted." *Creedon Controls, Inc. v. Banc One Bldg. Corp.*, 2007 U.S. Dist. LEXIS 4432 (D. Del. 2007), *quoting Barringer v. Prudential Ins. Co. of America*, 62 F. Supp. 286, 287 (E.D. Pa. 1945), *aff'd,* 153 F.2d 224 (3rd Cir. 1946) (per curiam).[4, 5] As the Sixth Circuit held, "[t]he fact that the original petition was withdrawn

---

[4]    *See also Giannone v. U.S. Steel Corp.*, 238 F.2d 544, 547 (3d Cir. 1956) ("withdrawn or superseded pleadings are admissible" and collecting cases finding same); *Broadway Advisors, LLC v. Hipro Elecs., Inc.*, 2007 Bankr. LEXIS 315, 22-23 (Bankr. D. Del. 2007) ("A party may introduce superseded admissions into evidence to be considered as adverse evidentiary admissions by the fact-finder"); 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (2d ed. 1990). Many other circuits recognize this rule. *See, e.g., White v. ARCO/Polymers. Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983); *Shell v. Parrish*, 448 F.2d 528, 530 (6th Cir. 1971).

- 9 -

and that these statements were eliminated in the amended cross-petition is immaterial, for pleadings withdrawn or superseded by amended pleadings are admissions against the pleader in the action in which they were filed." *Penn. R. Co.*, 210 F.2d at 440. Without a doubt, Linear has the right to introduce Monolithic's admissions against interest at trial and rely on them in its motions, even in the event Monolithic's Answer is amended.

## CONCLUSION

For the reasons set forth above, Linear respectfully requests that the Court deny Monolithic's motion for leave to file an amended answer, except subject to the conditions in the form of Order attached as Ex. B.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE   19899
(302) 658-9200

*Attorneys for Plaintiff*
*Linear Technology Corporation*

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
McDermott Will &Emery LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

Dated:  March 28, 2007
779500.1

---

[5]    Even if the superseded admission is not offered into evidence at trial, the Court may take judicial notice of such admission. *See, e.g. Penn. R. Co. v. Girard*, 210 F.2d 437, 440 (6th Cir. 1954).

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 28, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on March 28, 2007 upon the following in the manner indicated:

**By Hand**

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**By Email**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Rosslyn Stevens Hummer
LATHAM & WATKINS
633 West Fifth Street, Ste. 400
Los Angeles, CA 90017

*/s/ James W. Parrett, Jr.*
_____
James W. Parrett, Jr. (#4299)

- 11 -

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LINEAR TECHNOLOGY CORPORATION,    )
                                  )
                  Plaintiff,      )
                                  )
        v.                        )    C.A. No. 06-476 (GMS)
                                  )
MONOLITHIC POWER SYSTEMS, INC.,   )
                                  )
                  Defendant.      )
                                  )

## STIPULATION

Plaintiff Linear Technology Corporation ("Linear") and Defendant Monolithic Power Systems, Inc. ("MPS") enter into the following stipulation:

WHEREAS, Linear makes certain assertions in the Complaint in this Action, including the following assertion in Paragraph 11 of the Complaint:

"Under the terms of the Settlement Agreement, Monolithic is under an express duty not to sell any products that 'practice' the '178 and '258 patents. See Exhibit C, sec. 3.3"; and

WHEREAS, MPS originally answered Paragraph 11 of the Complaint as follows:

Answering paragraph 11, MPS admits that Section 3.3 of the Settlement and License Agreement provides, inter alia, that MPS

### REDACTED

MPS denies that it has practiced the Asserted Claims, or any unasserted claims, anywhere in the world" and,

WHEREAS, MPS now seeks to amend its answer, including its response to Paragraph 11 as follows:

Answering paragraph 11, MPS admits that Section 3.3 of the Settlement and License Agreement provides, inter alia, that MPS

### REDACTED

MPS denies the remaining allegations of Paragraph 11. MPS specifically denies that it has practiced the Asserted Claims, or any unasserted claims of the asserted patents, anywhere in the world."

STIPULATED PROTECTIVE ORDER

The parties hereby stipulate that Linear will not oppose the amendment on condition that MPS will not oppose Linear's admission of MPS's original answer into evidence at the trial of this action as an admission by MPS and that MPS will not oppose Linear's use of MPS's original answer as support for any motion Linear may file or has filed in this action or object to such admission on the ground that it has filed a superceding pleading.

STIPULATED AND AGREED TO:

LINEAR TECHNOLOGY CORPORATION.          MONOLITHIC POWER SYSTEMS, INC.

By: _____          By: _____
    Jack B. Blumenfeld(#1014)                        Richard L. Horwitz (#2246)
    Karen Jacobs Louden (#2881)                  Kenneth L. Dorsney (#3726)
    Morris, Nichols, Arsht & Tunnell LLP     Potter Anderson & Corroon LLP
    1201 North Market Street                        Hercules Plaza, 6th Floor
    Wilmington, Delaware 19889                  1313 North Market Street
    Tel:  (302) 659-9200                              Wilmington, Delaware 19889-0951
                                                              Tel:  (302) 984-6000

Raphael V. Lupo                                       Dean G. Dunlavey
Joel M. Freed                                          Mark A. Flagel
Mark G. Davis                                         Sean S. Pak
Ronald J. Pabis                                       Robert Steinberg
Stephen K. Shahida                                LATHAM & WATKINS LLP
MCDERMOTT WILL & EMERY LLP          633 West Fifth Street, Suite 4000
600 13th Street, N.W.                              Los Angeles, CA 90071
Washington, DC 20005                            (213) 485-1234
(202) 756-8000

779563

2                                                          STIPULATION

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-476 (GMS) |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**<u>ORDER</u>**

The Court, having considered MPS's Motion for Leave to File an Amended Answer and

Linear's Opposition thereto, is of the opinion that the motion is GRANTED subject to the

following conditions:  MPS may not oppose Linear's admission of MPS's original answer into

evidence at the trial of this action as an admission by MPS, and MPS may not oppose Linear's

use of MPS's original answer as support for any motion Linear may file or has filed in this action

or object to such admission on the ground that it has filed a superseding pleading.

SIGNED and ENTERED this _____ day of _____, 2007.


_____
UNITED STATES DISTRICT JUDGE


779564