IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C. A. No. 06-476-GMS |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| MONOLITHIC POWER SYSTEMS, INC., ) | |
| ) | **PUBLIC VERSION** |
| Defendant. ) | |

**DEFENDANT MONOLITHIC POWER SYSTEMS, INC.'S
RESPONSE TO LINEAR TECHNOLOGY'S OPPOSITION TO MOTION FOR
LEAVE TO FILE AMENDED ANSWER**

OF COUNSEL:

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean S. Pak
Latham & Watkins
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 485-1234

Dated: April 3, 2007
Public Version Dated: April 4, 2007
787295/30611

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

Requests from one party to another for consent to file an amended pleading without involving the Court are routinely granted. Not so with Linear. Instead, Linear is trying to game the system, presenting a strained reading of its complaint and arguing that MPS's responses to the complaint somehow resulted in the admission of facts. Despite MPS's express statements in its original Answer that (1) it had not committed any act of infringement, (2) it had not breached any term of the Settlement Agreement, (3) it had not agreed it would not sell any products that infringed the '178 patent or '258 patent, and (4) this is not, nor could it be, an action to enforce the Settlement Agreement, Linear claims that MPS somehow admitted that this is an action arising under the Settlement Agreement. Unfortunately, Linear's heavy-handed approach to litigation requires that MPS formally request the Court for leave to file its Amended Answer.

## RESPONSE TO LINEAR'S OPPOSITION ARGUMENTS

Despite the declaration that leave to amend a pleading "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), Linear argues that this Court should condition such leave based on a strained reading of two paragraphs in the Complaint and MPS's original Responses thereto. Yet "[f]ederal pleading is not a game of skill and courts should, as a general rule adjudicate cases on their merits, not on the formalities of pleading." *Martinez v. Cornell Corrections of Texas, Inc.*, 229 F.R.D. 236, 238 (D.N.M. 2005). Courts are advised to liberally grant leave to amend when "the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits." *Pierside Terminal Operators, Inc. v. M/V Floridian*, 423 F. Supp. 962, 964 (D.C. Va. 1976) (internal quotation omitted).

The Court should not accept Linear's attempt to read between the lines of Paragraphs 2 and 11 of its Complaint to find allegations that are not present in either. *See Uncle Henry's Inc. v. Plaut Consulting Inc.*, 240 F. Supp. 2d 63, 93 n.4 (D. Me. 2003) (failure to deny in responsive pleading is only an admission when the complaint includes "general averment" of matter to be deemed admitted); *Paramount Pictures Corp. v. Davis*, 234 F.R.D. 102, 110 (E.D. Pa. 2005) (construing pleadings to do substantial justice). Given Linear's strained reading of MPS's responses, MPS seeks leave to amend its Complaint to remove any possible ambiguity that it disagrees with Linear's characterization and interpretation of the terms of the Settlement Agreement between the parties.

Linear erroneously argues that MPS's failure to deny allegations resulted in admissions. For there to be an admission by failure to deny, there must be a clear statement of the facts in the averment that the plaintiff seeks to have admitted. *See* Fed. R. Civ. P. 8(d); *Uncle Henry's Inc.*, 240 F. Supp. 2d at 93. Such is not the case here. Furthermore, even if Linear's tortured "admission" argument were correct, Linear's primary authority on the law of admissions by failure to deny in a responsive pleading, *United States v. Donald Lane Construction*, 19 F. Supp. 2d 217 (D. Del. 1998), actually granted the defendant's motion to amend. Despite the defendant's failure to deny plaintiff's allegation of timeliness, the court concluded that the motion to amend was not brought in bad faith, that amendment would not be futile, and that an amendment would cause no undue prejudice to the plaintiff. *See id.* at 221-22.

Comparing Linear's averments in Paragraph 2 with MPS's original response makes clear that MPS did not fail to deny allegations that Linear would like the Court to now deem admitted. Paragraph 2 states:

> Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because both parties reside in this district and defendant's acts of infringement and breach of contract have occurred in this district. Additionally, under the express terms of the contract that Monolithic breached, the parties agreed that any dispute arising thereunder would be brought in Delaware.

(Complaint, D.I. 1, at ¶ 2.) A fair reading of this allegation would conclude that Linear has asserted that (1) Delaware is the proper venue because the district court has personal jurisdiction and because the parties agreed to Delaware as the choice of venue; and (2) MPS has infringed and breached a contract within Delaware.

MPS originally responded by stating:

> Answering paragraph 2, MPS admits that venue is proper in this district. MPS denies that it has breached any contract or that it has committed any acts of infringement.

(Answer, D.I. 9 at ¶ 2.) Accordingly, MPS admitted that venue is proper in Delaware and denied that it breached any contract or committed any acts of infringement.

Linear, however, wants to twist MPS's denials into an admission that this action arises under the Settlement Agreement. Linear's position is specious. The only allegations relating to the Settlement Agreement are that venue is proper based on a choice of venue provision and the allegation that MPS is in breach of contract. MPS admitted that venue was proper, without specifying the grounds. This should not be interpreted as an admission that Linear's action arises under the Settlement Agreement. MPS also denied that it is in breach of Contract; this too is not an admission that the action arises under the Settlement Agreement. Moreover, if any more clarity were

3

necessary, one need only look to the surrounding paragraphs in MPS's answer, which Linear studiously ignores in its Opposition. MPS expressly stated in paragraph 14 that "**MPS denies** that it has violated the Settlement and License Agreement, or **that this is, or could be, an action to enforce the Consent Order or the Settlement and License Agreement**." (Emphasis added.) It is difficult to imagine how MPS could have stated its position more clearly.

Linear next alleges that MPS's answer to Paragraph 11 also resulted in an admission by omission. Paragraph 11 states:

> Under the terms of the Settlement Agreement, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Exhibit C, § 3.3

(Complaint, D.I. 1, at ¶ 11.) This allegation expressly relates to the terms of the Settlement Agreement, and the only appropriate response would be an admission or denial of whether the terms of the Settlement Agreement are as Linear alleges. Accordingly, MPS originally responded:

> Answering paragraph 11, MPS admits that section 3.3 of the Settlement and License Agreement provides, inter alia, that MPS "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." MPS denies that it has practiced the Asserted Claims, or any unasserted claims, anywhere in the world.

(Answer, D.I. 9, at ¶ 11.) Linear now wants to twist this response into an admission that MPS is under an express duty not to sell any products that practice the '178 or '258 patents. Once again, Linear is attempting to create ambiguity where none exists. Linear's allegation in paragraph 11 paraphrased a clause in the Settlement Agreement and sought MPS's response on whether the Settlement Agreement did or did not say what Linear alleged it said. MPS responded accordingly.

4

It is telling that in order to make its argument, Linear again fails to inform the Court of surrounding paragraphs in the Complaint and MPS's Answer that demonstrate MPS has not admitted anything of the sort. For example, paragraph 10 of the Complaint contains a sentence "███████████████████████████████████████████████████████████████████████████████." MPS denied that allegation. Answer, ¶ 10. MPS's denial to a specific allegation, rather than Linear's artificial interpretation of what paragraph 11 supposedly meant, demonstrates that Linear's argument is unavailing. Furthermore, as set forth above, MPS's response to paragraph 14 includes the express statement that "MPS denies . . . that this is, or could be, an action to enforce the . . . Settlement and License Agreement." Because it has no rejoinder, Linear simply ignores these express denials that specifically target the topics that it wants to have deemed admitted and hopes the Court will follow suit.

Finally, even if Linear were able to construe MPS's responses in the tortured manner it advocates, MPS would still be entitled to amend because Linear would not be unduly prejudiced. Any claimed prejudice must be real and irreparable. "Conclusory allegations of prejudice" are not sufficient to justify denial of leave to amend under Fed. R. Civ. P. 15(a). *Coca-Cola Bottling Co. v. The Coca-Cola Co.*, 668 F. Supp. 906, 922 (D. Del. 1987).

MPS's Amended Answer seeks, *inter alia*, to add clarification to its denial of allegations contained in paragraph 11 of Linear's Complaint. Linear's opposition provides irrefutable evidence that it will try to twist and misstate MPS's position unless leave to amend is granted. While Linear contends that it would be prejudiced because it would be denied the opportunity to introduce evidence that admissions were previously

made, its argument is premised on the erroneous assertion that MPS omitted responding to clear allegations that Linear never lodged. As set forth above, Linear's strained reading of its own allegations should not be misinterpreted to benefit Linear.

MPS's amendments are consistent with the positions that it has maintained from the time Linear filed its Complaint and with MPS's responses to other, more detailed allegations in the Complaint – MPS has not breached the Settlement Agreement, Linear's attempts to re-draft the terms of the Settlement Agreement are without merit, this is not an action to enforce the Settlement Agreement, and Linear's patents are invalid, unenforceable and not infringed. Linear has ample time to address all of MPS's contentions. Linear cannot argue that it has lost the opportunity to explore any aspect of the proposed Amended Answer; deposition discovery has not even been scheduled much less commenced.

## CONCLUSION

For the foregoing reasons, MPS respectfully requests that the Court grant its Motion for Leave to File its Amended Answer.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean S. Pak
Latham & Watkins
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 485-1234

Dated: April 3, 2007
Public Version Dated: April 4, 2007
787295/30611

By: /s/ Kenneth L. Dorsney
Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, hereby certify that on April 4, 2007, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on April 4, 2007, I have Electronically Mailed the documents to the following:

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com

By: /s/ Kenneth L. Dorsney
Richard L. Horwitz
Kenneth L. Dorsney
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

750219