IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-476 (GMS) |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**LINEAR TECHNOLOGY CORPORATION'S FIRST
NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)
OF DEFENDANT MONOLITHIC POWER SYSTEMS, INC.**

Plaintiff Linear Technology Corporation ("Linear"), by and through its undersigned counsel, hereby gives notice that it will take the deposition(s) by oral testimony of Defendant Monolithic Power Systems, Inc. ("MPS"), pursuant to Federal Rule of Civil Procedure 30(b)(6) on the subjects identified in Attachment A. The deposition(s) will be held at the offices of McDermott Will & Emery LLP located at 3150 Porter Drive, Palo Alto, California 94304 on August 8, 2007, beginning at 9:30AM or at some other such date, time, and place as mutually agreed upon by counsel for the parties, and continue from day to day until completed. The deposition(s) will be conducted before an officer, notary public, or other person duly authorized to administer oaths, and will be recorded by stenographic, audio, video, and/or real-time transcription (*e.g.*, LiveNote) means. The examination will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure. Definitions and instructions applicable to the deposition topics follow.

MPS is reminded of its obligation to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning the matters identified in

- 2 -

Attachment A.

    You are invited to attend and cross-examine.

                                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                        */s/ Karen Jacobs Louden*

                                        _____
                                        Jack B. Blumenfeld (#1014)
                                        Karen Jacobs Louden (#2881)
                                        klouden@mnat.com
                                        James W. Parrett, Jr. (#4292)
                                        1201 N. Market Street
                                        P.O. Box 1347
OF COUNSEL:                        Wilmington, DE 19899
                                        (302) 658-9200
Raphael V. Lupo                  *Attorneys for Plaintiff*
Joel M. Freed                       *Linear Technology Corporation*
Mark G. Davis
Ronald J. Pabis
Matthew G. Cunningham
McDermott Will &Emery LLP
600 13th Street, N.W.
Washington, DC 20005
(202) 756-8000

Dated: July 10, 2007

945358

## ATTACHMENT A

**I.     DEFINITIONS & INSTRUCTIONS**

Linear hereby incorporates by reference its Definitions and Instructions from Linear Technology Corporation's First Set of Interrogatories to Monolithic Power Systems, Inc. served in this action on December 28, 2006.

**II.    TOPICS OF DEPOSITION**

1.  The negotiations and drafting history of the Settlement and License Agreement dated September 29, 2005 between Linear and MPS.

2.  The negotiation and drafting history of the Consent Order dated September 29, 2005 between Linear and MPS.

3.  The persons involved in the negotiations and drafting history of the Settlement and License Agreement and the Consent Order.

4.  The identity of person(s) most knowledgeable regarding the past and present design of the MP1543, including, without limitation, any modifications or workarounds to that design.

5.  The design, structure, circuit layout, and electrical characteristics of the MP1543, including, without limitation, any modifications or workarounds to that design, structure, circuit layout and/or electrical characteristics.

6.  The function and operation of the MP1543, including, but not limited to an analysis (*i.e.*, circuit tracing) of its transistor-level schematics and descriptions of its datasheets.

7.  The circuit simulations and testing of the MP1543, and the identity, title, and role of each employee or employees primarily responsible for the circuit simulations and testing of the MP1543.

8.  The conception, design, and research and development of the MP1543 and the identity, title, and role of each employee or employees primarily responsible for the design of the MP1543.

9. The business motivation to create the MP1543.

10. The intended pin-compatibility of the MP1543 with any other product manufactured by MPS's competitors.

11. The intended second-sourcing of the MP1543 with any other product manufactured by MPS's competitors.

12. The design specifications, including the initial objective specifications and design reviews for the MP1543.

13. The mask layout of the MP1543.

14. The manufacture of the MP1543, including without limitation, its tape out.

15. The final release date(s) (*i.e.*, commercial availability) of the MP1543.

16. The decision to remove the datasheet and other information concerning the MP1543 from the MPS website and any decision to remove the MP1543 from the marketplace.

17. The identification and location of each entity involved in the design, development, testing, assembly, and manufacture of the MP1543.

18. The identity, title, and role of each employee or employees primarily responsible for drafting of product literature, including, but not limited to, datasheets and application notes regarding the MP1543.

19. The drafting, revisions, final release, and contents of the datasheets for the MP1543.

20. The intent and/or purpose for the datasheets of the MP1543.

21. Instructions by MPS to its customers regarding the use, operation, and applications for the MP1543.

22. The testing and/or analysis conducted by MPS or anyone else to determine whether or not (or has revealed that) the MP1543 infringes any of the Linear Patents or the Related Patents.

23. The comparison between the MP1543 and any other products of other companies, including, but not limited to, comparisons with products of Linear.

24. Knowledge, review, evaluation, and testing of any products of Linear.

25. The meanings attributed by the trade or industry to claim terms of the '178 and '258 Patents.

26. Knowledge, review, and evaluation of the '178 and '258 Patents, the Related Patents, any of its foreign counterparts, and the applications therefore, including, without limitation, MPS's first awareness of these applications and/or the patent that issued based upon these applications.

27. MPS's procedures and facilities for generating, maintaining, and disposing of records.

28. The accuracy and completeness of all technical documents produced by MPS to date, including, without limitation, schematics.

29. The accuracy and completeness of MPS's document production as to the MP1543.

30. The identification, manner, and place of retention of all technical documents descriptive of the MP1543.

31. The identity of person(s) most knowledgeable regarding sales and revenue related to the MP1543.

32. Total sales and revenue to date for the MP1543 in the United States, including, but not limited to, the amount and prices at which the MP1543 has sold and is currently selling.

33. MPS's profits for the MP1543 in the United States, including costs of goods sold.

34. Total revenues for the MP1543, on at least a quarterly basis, including the identity of each customer, quantity sold to that customer, and date of transaction.

35. MPS's activities related to the distribution, marketing and sales, and customer support for the MP1543.

36. Third parties' activities related to the distribution, marketing and sales, and customer support for the MP1543.

- 4 -

37. The identity, title, and role of each employee or employees primarily responsible for marketing of the MP1543.

38. The identity, title, and role of each employee or employees primarily responsible for maintenance of any customer database for the MP1543.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 10, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Richard L. Horwitz
>POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on July 10, 2007 upon the following in the manner indicated:

**BY HAND & EMAIL**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**BY EMAIL**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
Latham & Watkins LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA  90017

Mark Kachner
Latham & Watkins LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA  92626-1925

David McKone
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

*/s/ Karen Jacobs Louden*
_____
Karen Jacobs Louden