IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-476-GMS |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

**DEFENDANT MONOLITHIC POWER SYSTEMS, INC.'S
FIRST NOTICE OF DEPOSITION OF LINEAR TECHNOLOGY
CORPORATION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE that on August 1, 2007 at 9:30 a.m., at the offices of Latham & Watkins LLP, 140 Scott Drive, Menlo Park, California 94025, or at such other date, time and place as mutually agreed upon by counsel for the parties, Defendant Monolithic Power Systems, Inc. ("MPS") will, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, take the deposition of Linear Technology Corporation ("Linear") before a notary public or other officer authorized by law to administer an oath. The deposition shall be taken by stenographic, audio, video, and/or real-time transcription (*e.g.*, LiveNote) means and shall continue from day-to-day, legal holidays excepted, until adjourned by counsel for MPS or completed.

Linear shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf with respect to the Topics of Examination attached as Exhibit A.

You are invited to attend and cross-examine.

|  |  |
|---|---|
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | |
| | By:   */s/ Richard L. Horwitz* |
| Dean G. Dunlavey | Richard L. Horwitz (#2246) |
| Mark A. Flagel | Kenneth L. Dorsney (#3726) |
| Robert Steinberg | Hercules Plaza, 6th Floor |
| Sean S. Pak | 1313 North Market Street |
| Latham & Watkins | Wilmington, Delaware 19889-0951 |
| 633 West Fifth Street, Suite 4000 | Tel: (302) 984-6000 |
| Los Angeles, CA 90071-2007 | rhorwitz@potteranderson.com |
| Tel: (213) 485-1234 | kdorsney@potteranderson.com |
| | |
| Dated: July 11, 2007 | *Attorneys for Defendant* |
| 806570 / 30611 | *Monolithic Power Systems, Inc.* |

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

MPS incorporates by reference its Definitions and Instructions from MPS's Second Set of Interrogatories to Linear Technology Corporation.

## TOPICS OF EXAMINATION

1. Linear's efforts to identify and collect documents in response to MPS's First Set of Requests for Production of Documents and Things to Plaintiff Linear Technology Corporation and MPS's Set of Requests for Production of Documents and Things to Plaintiff Linear Technology Corporation.

2. Linear's failure to produce any e-mails or other communications between John England and Rick Neely concerning the Settlement and License Agreement.

3. Linear's failure to produce any documents concerning the communications, negotiations and drafting of the Settlement and License Agreement.

4. The negotiations and drafting history of the Settlement and License Agreement.

5. The negotiations and drafting history of the Consent Order.

6. The persons involved in the negotiations and drafting of the Settlement and License Agreement and the Consent Order.

7. Linear's contentions as to the meanings of terms used in the Settlement and License Agreement and the Consent Order, and the documentary and other support for Linear's contentions.

8. The circuitry in the MP1556, MP1557, MP1558 and MP1559 that constitutes "the ZX circuitry identified by counsel for Linear in the ITC Proceeding," as that term is used in the

Settlement and License Agreement, and the identity of those documents or other materials from the ITC Proceeding in which counsel for Linear identified the ZX circuitry.

9. The circuitry in the MP1543 that Linear alleges constitutes "the ZX circuitry identified by counsel for Linear in the ITC Proceeding."

10. Linear's basis for asserting that the MP1543 contains circuitry that is "the ZX circuitry identified by counsel for Linear in the ITC Proceeding."

11. Linear's basis for its denials as to each of the requests in MPS's First Set of Requests for Admission.

12. Linear's basis for alleging that this lawsuit is a suit to enforce the Settlement and License Agreement.

13. Linear's basis for alleging that this lawsuit is a suit to enforce the Consent Order.

14. The identity of those persons at Linear, if any, who physically examined or tested the MP1543 product before Linear filed this lawsuit and the results of any such physical examination or testing.

15. The testing and/or analysis conducted by Linear or anyone else to determine whether or not the MP1543 infringes either of the patents-in-suit.

16. Linear's statements to customers and potential customers concerning the MP1543, including statements as to whether or not the MP1543 infringes either of the patents-in-suit.

17. Linear's statements to customers and potential customers concerning the MP18551, including statements as to whether or not the MP18551 infringes either of the patents-in-suit.

18. Linear's statements to customers and potential customers concerning MPS DC-DC products, including statements as to whether or not such products infringe either of the patents-in-suit.

19. The first date of publication of Linear application notes, including Linear Application Notes 19, 25, 29, and 35.

20. The first date of publication of Linear Technology Magazine, Volume II, Number 1.

21. The date that Linear first obtained the 8-page MAX782 preliminary data sheet that Linear provided to the PTO during the prosecution of the patent application that resulted in the issuance of the '178 Patent.

22. The date that Linear first obtained the 26-page MAX782 evaluation board documentation that Linear did not provide to the PTO during the prosecution of the patent application that resulted in the issuance of the '178 Patent.

23. The identity of, and the first date of sale for, the first Linear product that Linear contends practiced one or more of the "reverse current protection" claims of the '178 Patent.

24. The prosecution of EPO Patent Application No. 94 104 509.8 and European Publication Nos. 0 617 501 A1, 0 617 501 B1, and any other associated publication numbers.

25. The opposition proceedings concerning European Publication Nos. 0 617 501 A1 and 0 617 501 B1.

26. Linear's June 4, 1997 representation to the EPO that none of Linear's products sold before March 23, 1993 "improves efficiency at low load currents by monitoring the inductor current and, upon detecting that the inductor current is approaching zero, placing the circuit into

3

a second state in which a transistor in the path of the inductor current flow is turned off to prevent the inductor from drawing power from the output."

27. The medical condition of Milton Wilcox and his ability to testify in this lawsuit.

28. Facts within the possession, custody or control of Linear tending to show praise by others of the alleged inventions claimed in the patents-in-suit.

29. Facts within the possession, custody or control of Linear tending to show copying of the alleged inventions claimed in the patents-in-suit.

30. Facts within the possession, custody or control of Linear tending to show a long-felt but unsolved need for the alleged inventions claimed in the patents-in-suit.

31. Linear's licensing of the patents-in-suit to others.

32. The marketing and promotion by Linear of products that it contends practice the asserted claims of the patents-in-suit, including the organization and size of the sales force at any time since its formation.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on July 11, 2007, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on July 11, 2007, I have Electronically Mailed the documents to the following:

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
Joel M. Freed
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com
jfreed@mwe.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA  94304-1212
jshin@mwe.com

By: /s/ Richard L. Horwitz
Richard L. Horwitz
Kenneth L. Dorsney
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

805822