IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-476 (GMS) |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF LINEAR TECHNOLOGY CORPORATION'S
NOTICE OF DEPOSITION OF RICK NEELY**

PLEASE TAKE NOTICE that on August 14, 2007 at 9:30 am at the offices of McDermott Will & Emery LLP, 3150 Porter Drive, Palo Alto, CA 94304, or at such other date, time and place as mutually agreed upon by counsel for the parties, Plaintiff Linear Technology Corporation ("Linear"), pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, will take the deposition of Rick Neely before a notary public or other officer authorized by law to administer an oath. The deposition shall be taken by stenographic, audio, video, and/or real-time transcription (*e.g.*, LiveNote) means and shall continue day-to-day, legal holidays excepted, until adjourned by Linear or completed. Attachment A lists the documents which must be produced by August 6, 2007 to the offices of McDermott Will & Emery LLP, 600 Thirteenth Street, N.W., Washington, DC 20005.

You are invited to attend and cross-examine.

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                              */s/ James W. Parrett, Jr. (#4292)*
                              Jack B. Blumenfeld (#1014)
                              Karen Jacobs Louden (#2881)
                              James W. Parrett, Jr. (#4292)
                              1201 N. Market Street
OF COUNSEL:                   P.O. Box 1347
                              Wilmington, DE  19899-1347
Raphael V. Lupo              (302) 658-9200
Joel M. Freed
Mark G. Davis               *Attorneys for Plaintiff*
Ronald J. Pabis            *Linear Technology Corporation*
Matthew G. Cunningham
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

Dated:  July 24, 2007
981383

# ATTACHMENT A

# DEFINITIONS

The following definitions shall apply to Attachment A:

1. The terms "MPS" shall mean Defendant Monolithic Power Systems, Inc., its parents, subsidiaries, divisions, affiliates, predecessors or proprietorships, any joint venture to which it is a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time.

2. The term "Plaintiff" shall refer to Linear Technology Corporation.

3. The terms "You" or "Your" means Mr. Rick Neely.

4. The term "communication" means every manner or method of disclosure or transfer or exchange of information, whether orally or by document, and whether face to face, by telephone, mail, electronic mail, personal delivery, facsimile, or otherwise.

5. The term "date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof.

6. The terms "document" or "documents" are used in the broadest possible sense and include, without limitation, all originals, copies, drafts, and recordings of any written, typewritten, printed, graphic, electronic, digital or otherwise recorded matter, including forms of information translatable or convertible into a reasonably usable form. "Document" or "documents" include, without limitation, the following items: electronic mail (e-mails); Microsoft PowerPoint slides and/or presentations; Microsoft Excel spreadsheets; Microsoft Word documents; agreements; communications, including intracompany communications; correspondence; letters; memoranda; records; books; summaries or handwritten notes or other records of personal conversations or interviews; diaries; laboratory notebooks; appointment books; manuscripts, either in final or draft form, whether complete or incomplete and whether

published or not; grant or project proposals; forecasts; statistical statements; any and all forms of data; meeting abstracts; slides; graphs; charts; diagrams; maps; blueprints; tables; indices; pictures; audio or visual recordings; tapes; magnetic discs; printed cards; programming instructions; assembly diagrams; schematic diagrams; manuals; films; assay results and reports; charges; accounts; invoices; analytical records; reports, records or summaries of meetings or conferences; reports, records or summaries of consultants; reports, records or summaries of negotiations; brochures, pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projectable images, including transparent overheads or slides; any other document or writing or form of information convertible into a document, including information contained within or accessible by a computer or computer accessory and the underlying documents supporting computer entries.

7. The terms "entity" or "entities" include natural person, proprietorships, partnerships, firms, private corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the United States or any state or local government), all departments and agencies thereof, and any governmental agencies of any country, political subdivisions, groups, associations, or organizations.

8. The terms "person" or "persons" mean any natural person, legal entity, or business entity, including, but not limited to, any corporation, partnership, unincorporated association, joint venture, sole proprietorship, government agency, or any and/or all other organization or group of individuals.

9. A document, thing, or communication "relating to" or "related to" a given subject means all documents and things or communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment

on, respond to, describe, involve, mention, discuss, record, support, negate, or are in my way pertinent to that subject.

10.     The term "MPS Voltage Regulator Circuit" or "MPS Voltage Regulator Circuits" shall mean the MP1543 voltage regulator circuit and/or all switching voltage regulator circuits with at least two switching transistors, components thereof, and/or products containing same including all step-up and step-down converters designed by, made by, used by, developed by, researched by, tested by, sold or offered for sale by, manufactured by or manufactured at the direction of MPS from October 1, 2005.

11.     The terms "Linear Patents," "patents-in-suit," or "patents-at-issue" shall refer to United States Patent No. 5,481,178 and United States Patent No. 6,580,258 B2.

12.     The terms "Related Patent" or "Related Patents" include, but are not limited to, patents issuing directly or indirectly from any ancestor, continuation, continuation-in-part, divisional or reissue application of the Linear Patents or from any interference or reexamination proceedings regarding any such patents or the applications thereof, including, but not limited to, those patents identified in paragraphs 5 and 6 of the complaint filed with The United States District Court for the District of Delaware on August 3, 2006 by Linear.

13.     The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

14.     The terms "any" or "each" shall be construed to include and encompass "all."

15.     The use of word "the" shall not be construed as limiting the scope of any request.

16.     The terms "thing" or "things" refer to any tangible object other than a document as defined herein, and includes objects of every kind and nature.

17.     Use of the singular is also to be taken to include the plural, and vice-versa.

## DOCUMENT REQUESTS

1. All documents constituting, referring to, or relating to any communications, including confidential communications, between MPS and Linear.

2. All documents relating to the negotiations and drafting history of the Settlement and License Agreement dated September 29, 2005 between Linear and MPS.

3. All documents relating to Your understanding of the term "ZX circuitry" as that term is used in the Settlement and License Agreement dated September 29, 2005 between Linear and MPS.

4. All documents, including without limitation e-mails and PowerPoint slides, given to MPS or disseminated by MPS at any presentation or meeting, the purpose of which was, at least in part, to discuss Linear, Linear Patents or Related Patents and/or the possibility that any MPS Voltage Regulator Circuits might infringe the Linear Patents or Related Patents, including, but not limited to, negotiation booklets, analyses, claim charts, memoranda, or other documents used or exchanged in connection with such presentation or meeting.

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to Richard L. Horwitz.

I further certify that I caused to be served copies of the foregoing document on July 24, 2007 upon the following in the manner indicated:

**BY HAND & BY EMAIL**

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE  19801

**BY EMAIL**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
LATHAM & WATKINS LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA  90017

Mark Kachner
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA  92626-1925

David McKone
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL  60606

*/s/ James W. Parrett, Jr. (#4292)*
James W. Parrett, Jr. (#4292)
jparrett@mnat.com

981383