IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-476 (GMS) |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

### LINEAR'S MOTION IN LIMINE NO. 1 TO PRECLUDE MONOLITHIC FROM OFFERING AT TRIAL EVIDENCE AND/OR ARGUMENT THAT THE ASSERTED CLAIMS ARE LIMITED TO TWO STATES OF OPERATION

Plaintiff Linear Technology Corporation ("Linear") moves for entry of an Order precluding Monolithic Power Systems, Inc. ("Monolithic") from introducing at trial any evidence and/or argument that the asserted claims are limited to two states of operation, as such evidence or argument is untimely, irrelevant, and unduly prejudicial under Federal Rules of Evidence 402 and 403.

### INTRODUCTION

In its November 20, 2007 Order ("Claim Construction Order") construing the terms of U.S. Patent Nos. 5,481,178 (the "'178 patent") and 6,580,258 (the "'258 patent"), the Court defined 17 terms of the asserted claims. (D.I. 104). The Court was not requested to and did not limit the number of states of circuit operation available for the asserted claims of the '178 and '258 patents. Monolithic never even argued that the asserted claims were restricted to two states of circuit operation.

Notwithstanding that, Monolithic alleged for the first time in the answering expert report of Dr. Thomas Szepesi, served more than three months *after* the *Markman* hearing, that only two states of circuit operation are permitted. *See* Declaration of Karen Jacobs Louden filed

herewith ("Louden Decl."), Ex. 1, Szepesi Answering Report at 30-31, 60-61, and 71. Not only is this argument without merit, but it is an improper eleventh-hour attempt to circumvent the Court's *Markman* rulings. Indeed, Monolithic waived this argument by failing to make it during *Markman* proceedings.

## ARGUMENT

Claim construction is a matter of law and the province of the Court. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996). Because it is for the Court to decide claim construction, any discussion of evidence or argument related to proposed claim constructions before the jury would be improper.

The Court has defined the terms "first state of circuit operation" and "second state of circuit operation" to mean *two different* states of circuit operation, which enable the claimed switching voltage regulators to achieve efficiency over a broad range of operating load currents. (D.I. 104 at 6-7). The Court also construed "threshold fraction of the maximum rated output current" and "selected sleep mode current level" as transitions. (D.I. 104 at 7 and 9). The Court did not and was not asked to restrict the total number of available states of circuit operation. Nor did the Court require that the first and second states be contiguous.

Nevertheless, Monolithic's expert, Dr. Szepesi, asserted in his answering expert report that these four terms do limit the asserted claims to *two and only two* states of circuit operation. Monolithic's position is that the asserted claims are limited to only regulators that transition, at a certain level (threshold) of load current, from continuous inductor current operation to burst mode operation, and specifically *exclude* an intervening discontinuous inductor current operation. *See* Louden Decl., Ex. 1, Szepesi Answering Report at 60-61. In support of this belated claim construction argument, Dr. Szepesi cites the following passage from the prosecution file history of the '178 patent:

> Applicants' amendments to claims 1, 66, 80, 97 and 99 more particularly point out and distinctly claim that the switching transistors of the regulator turn off simultaneously under low output current, rather than overcurrent, conditions. As recited in claims 1, 66, 80 and 99, the threshold output current dividing the two states of operation of the regulator is a fraction of the regulators' maximum rated output current (see, e.g., the specification at pages 12-16). [June 5, 1995, Response and Amendment at 8 (emphasis added)].

*See* Louden Decl., Ex. 1, Szepesi Answering Report at 31.

In mentioning "the threshold output current dividing the two states of operation of the regulator," no restriction to only those two states was imposed, and no requirement was set that those two states be contiguous. Yet, without any basis, Monolithic leaped to the conclusion that "the MP1543 does not meet the 'first state' / 'second state' limitations because it has three states of circuit operation when regulating the output voltage of a regulator, rather than the required two, under MPS's claim construction." Louden Decl., Ex. 1, Szepesi Answering Report at 71. That position is improper for several reasons.

First, it is too late for Monolithic to raise disguised claim construction arguments. Claim construction already has been decided by this Court. Monolithic should not be permitted to raise before the jury new claim construction issues, which were for the Court to decide. *Markman* proceedings have concluded and Monolithic is bound to follow the Court's Claim Construction Order. Indeed, the Federal Circuit has recently affirmed the trial court's ruling to limit the scope of an expert's testimony "to the claims as construed." *See Tivo, Inc. v. Echostar Commc'ns. Corp.*, 516 F.3d 1290, 1311 (Fed. Cir. 2008).

Second, Monolithic's two and only two states of circuit operation argument is substantively without merit. The passage on which Dr. Szepesi relies as support simply does not limit the asserted claims to only two states of circuit operation. The passage does point out that there is a threshold (*i.e.*, fraction representing low output current) below which the regulator

transitions into a state where both transistors are off under *low output current* rather than the *overcurrent* conditions of the asserted prior art references. The reference to this threshold dividing the two states of circuit operation is not a statement or requirement for these two states to be contiguous; nor does it exclude other possible intervening states of circuit operation.[1]

And as the Federal Circuit has repeatedly held, a finding of infringement cannot be avoided by adding additional features to an accused product: "[I]f a patent requires A, and the accused device or process uses A *and* B, infringement will be avoided only if the patent's definition of A excludes the possibility of B." *N. Telecom Ltd. v. Samsung Elecs. Co.*, 215 F.3d 1281, 1297-98 (Fed. Cir. 2000) (emphasis original); *see also Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 837 F.2d 1044, 1057 (Fed. Cir. 1988) ("Adding features to an accused device will not result in noninfringement if all the limitations in the claims, or equivalents thereof, are present in the accused device."); *A.B. Dick v. Burroughs Corp.*, 713 F.2d 700, 703 (Fed. Cir. 1983) ("It is fundamental that one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device."). Therefore, Monolithic cannot avoid infringement by arguing that the MP1543 has three states of operation. Here, the asserted claims, call out two states operation; they do not *exclude* three states of operation or require the two states to be contiguous.

Any argument and supposedly supporting evidence to the contrary simply both comes too late and introduces an irrelevancy that can only lead to jury confusion and raise a real potential for unfair prejudice to Linear.

---

[1] A median strip "divides" even non-contiguous lanes of a highway.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court preclude Monolithic from introducing at trial any evidence and/or argument that the asserted claims are limited to two states of operation, as such evidence and/or argument is untimely, irrelevant, and unduly prejudicial under Federal Rules of Evidence 402 and 403.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jparrett@mnat.com

*Attorneys for Plaintiff
Linear Technology Corporation*

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Jimmy Shin
Matthew G. Cunningham
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC 20005
(202) 756-8000

April 11, 2008
2291760

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 11, 2008 I caused copies of the foregoing document to be served upon the following in the manner indicated:

**BY HAND & EMAIL**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**BY EMAIL**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
Latham & Watkins LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA 90017

Mark Kachner
Latham & Watkins LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925

David McKone
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

/s/ James W. Parrett, Jr.
_____
James W. Parrett, Jr. (#4292)