IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-476 (GMS) |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**LINEAR'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE
MONOLITHIC FROM RAISING ISSUES OF INEQUITABLE CONDUCT
AND PATENT MISUSE BEFORE THE JURY**

Plaintiff Linear Technology Corporation ("Linear") moves for an Order to preclude Defendant Monolithic Power Systems, Inc. ("Monolithic") from referring to or offering evidence related to issues of inequitable conduct or patent misuse before the jury.

Monolithic agreed in the September 29, 2005 Settlement and License Agreement with Linear ("the Settlement Agreement") that it would not "challenge or otherwise contest the validity of" U.S. Patent Nos. 5,481,178 ("the '178 patent") or 6,580,258 ("the '258 patent") in any action to enforce the Settlement Agreement.[1] Despite that promise and the Federal Circuit's repeated admonition that "the habit of charging inequitable conduct in almost every patent case has become an absolute plague" (*Burlington Indus. Inc., v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988)), Monolithic has alleged that the '178 and '285 patents are unenforceable due to inequitable conduct and patent misuse. Monolithic's improper inequitable conduct allegations are the same allegations that it raised during the prior ITC Investigation and Monolithic's patent misuse defense, although not pled with any particularity, appears to be based on a provision of

---

[1] The Settlement Agreement is attached as Exhibit 2 to the Declaration of Karen Jacobs Louden filed herewith.

the Settlement Agreement to which Monolithic not only agreed, but which it and its trial counsel actually proposed.

Putting aside the lack of merit in Monolithic's defenses, to the extent the Court finds they are not barred, the issues of inequitable conduct and patent misuse are for the Court to decide and should be tried outside the presence of the jury during the time set aside by the Court for trial. To do otherwise would burden the jury with evidence unnecessary and irrelevant to their tasks and would unduly prejudice Linear.

## ARGUMENT

"The defense of inequitable conduct in a patent suit, being entirely equitable in nature, is not an issue for the jury to decide." *Paragon Podiatry Lab., Inc. v. KLM Lab., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993); *see also Gen. Electro Music Corp. v. Samik Music Corp.*, 19 F.3d 1405, 1408 (Fed. Cir. 1994) ("The disputed issues of fact underlying the issues of inequitable conduct are not jury questions, the issues being entirely equitable in nature.) Likewise, the equitable defense of patent misuse, which arises from the doctrine of unclean hands, is a question for the Court, not the jury. *See DeKalb Genetics Corp. v. Syngenta Seeds, Inc.*, No. 4:06-cv-01191, 2008 U.S. Dist. LEXIS 10305, at *6-7 (E.D. Mo. Feb. 12, 2008) ("Both of Defendants' equitable defenses, unclean hands and inequitable conduct, are equitable defenses; the Court, not the jury, is obligated to decide these issues."); *see also C.R. Bard v. M3 Sys.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998) ("The defense of patent misuse arises from the equitable doctrine of unclean hands").

Introduction of this evidence would create a real danger of jury confusion and prejudice to Linear. "[T]o the extent possible, evidence which is likely to prejudice should be heard separately by the Court. Evidence tending to show fraud on the part of the inventor is so

likely to prejudice the jury on other issues that the fraud issue should be tried separately." *THK Am., Inc. v. NSK, Ltd.*, No. 90-6049, 1996 U.S. Dist. LEXIS 226, at *5 (N.D. Ill. Jan 10, 1996).

Thus, if Monolithic is allowed to go forward with its defenses of inequitable conduct and patent misuse,[2] they should be presented to the Court and not the jury.

## CONCLUSION

For the foregoing reasons, Linear moves for entry of an Order precluding Monolithic from referring to, or offering evidence related to issues of inequitable conduct and patent misuse before the jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jparrett@mnat.com

*Attorneys for Plaintiff*
*Linear Technology Corporation*

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Jimmy Shin
Matthew G. Cunningham
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

April 11, 2008
2291397

---

[2] As noted above, Linear contends that Monolithic waived any right to contest or challenge the validity or enforceability of the Linear Patents in the parties' Settlement Agreement. Linear has filed a motion to strike their defenses, which is pending (D.I. 11).

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 11, 2008 I caused copies of the foregoing document to be served upon the following in the manner indicated:

**BY HAND & EMAIL**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**BY EMAIL**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
Latham & Watkins LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA 90017

Mark Kachner
Latham & Watkins LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925

David McKone
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

/s/ James W. Parrett, Jr.
───────────────────────────
James W. Parrett, Jr. (#4292)