IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-476-GMS |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MONOLITHIC POWER SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## MONOLITHIC POWER SYSTEMS' OPPOSITION TO LINEAR'S MOTION IN LIMINE NO. 2 TO PRECLUDE MPS FROM RAISING ISSUES OF INEQUITABLE CONDUCT AND PATENT MISUSE BEFORE THE JURY

OF COUNSEL:

Dean G. Dunlavey
LATHAM & WATKINS LLP
Costa Mesa, CA 92626-1925

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
Los Angeles, CA 90071-2007

David McKone
LATHAM & WATKINS LLP
Chicago, IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
New York, NY 10010

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
San Francisco, CA 94111

## I. INTRODUCTION

Linear's motion in limine number 2, which seeks to exclude from the jury any and all evidence related to inequitable conduct or patent misuse, should be denied. Linear incorrectly argues that inequitable conduct and patent misuse, as equitable doctrines, cannot be heard by the jury. This position ignores Federal Circuit authority, which allows a more flexible approach and recognizes that trial courts have wide discretion to divide responsibility between the Court and the jury when inequitable conduct and/or patent misuse are at issue.[1]

Evidence relevant to inequitable conduct and patent misuse defenses in this case are closely intertwined with evidence of invalidity. Judicial economy will be served by a single, coherent presentation to the jury of all the relevant facts in dispute. Further, Linear has not explained (1) how it will be prejudiced if the jury hears evidence of patent misuse or inequitable conduct or (2) how the jury would be confused by the presentation of such evidence.

Consequently, Monolithic Power Systems, Inc. ("MPS") respectfully requests that the Court deny Linear's motion and allow the jury to hear evidence related to inequitable conduct and patent misuse and decide the ultimate applicability of these defenses.

## II. FEDERAL CIRCUIT PRECEDENT GIVES DISTRICT COURTS WIDE LATITUDE TO ALLOCATE RESPONSIBILITY TO THE JURY

Linear argues in its motion that equitable issues must be tried to the Court rather than the jury. That simply is not the case. Rather, the Court has flexibility in determining how to handle

---

[1] Linear also contends that MPS contractually agreed not to contest the enforceability of the patents. Linear motion, at 1. As set forth in MPS's opposition to Linear's pending motion to strike MPS's defenses of invalidity and unenforceability (D.I. 17), and MPS's briefs in support of its pending Motion for Leave to File Amended Answer (D.I. 36 and 41), Linear's argument is meritless.

equitable issues such as inequitable conduct and patent misuse during a jury trial. As this Court and the Federal Circuit have recognized,

> [t]here are a variety of ways in which the district court may choose to handle the issue of inequitable conduct during a jury trial. . . . Some courts have reserved the entire issue of inequitable conduct unto themselves; some have submitted special interrogatories to the jury on the facts of materiality and intent; and some have instructed the jury to find and weigh the facts of materiality and intent and decide the ultimate question of inequitable conduct, as in the case at bar.

*ISCO Int'l, Inc. v. Conductus, Inc.*, 279 F. Supp. 2d 489, 499 (D. Del. 2003) (quoting *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1114-15 (Fed. Cir. 1996)). "Absent a clear showing of prejudice, or failure to achieve a fair trial, the district court's choice of procedure will not be disturbed." *Hebert*, 99 F.3d at 1114.[2]

Contrary to Linear's assertions, the Federal Circuit repeatedly has upheld the presentation of inequitable conduct and patent misuse issues to the jury. *See, e.g., Virginia Panel Corp. v. MAC Panel Corp.*, 133 F.3d 860, 868 (Fed. Cir. 1997) (explaining that the Federal Circuit reviews a jury's factual findings for patent misuse under the substantial evidence standard of review and reviews the legal conclusion *de novo* to see if it is correct in light of the jury's factual findings); *Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1465 (Fed. Cir. 1997) (evaluating jury verdict of inequitable conduct under substantial evidence standard of review). Thus, this Court has the discretion to allow trial of inequitable conduct and patent misuse to the jury.

---

[2] In marked contrast, the law is unequivocal that it is error to submit to the jury the question of whether a liquidated damages provision is enforceable or any disputed factual issues underlying that decision. *See* MPS's Motion in Limine No. 1, to Preclude Linear from Present to the Jury Evidence and Argument Concerning the Enforceability of the $3 Million Liquidated Damages Provision in the Settlement and License Agreement.

### III. JUDICIAL ECONOMY FAVORS TRYING INEQUITABLE CONDUCT AND PATENT MISUSE TO THE JURY

It would waste judicial resources to try the inequitable conduct and patent misuse issues to the Court. The jury will be asked to evaluate whether Linear's Application Notes 29 and 35 invalidate the asserted claims of the '178 and '258 patents. These Application Notes also bear directly on MPS's inequitable conduct arguments: Linear failed to disclose them to the Patent and Trademark Office ("PTO") during the prosecution of the '178 patent, calling into play the materiality of those references to the prosecution of that patent.

In March of 1992, the definition of "materiality" contained in 37 C.F.R. § 1.56 was amended to state :

> [i]nformation is material to patentability when it is not cumulative to information already of record or being made of record in the application, and
>
> (1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or
>
> . . .
>
> A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

The jury's analysis of whether the undisclosed Application Notes invalidate the asserted claims will substantially overlap with its evaluation of their materiality. There is no reason for the Court to retread that ground in a separate hearing. Instead, the jury can make a determination on Linear's inequitable conduct at the same time it decides on the invalidity of the asserted claims.

MPS also alleges that Linear knowingly withheld from the PTO detailed, and invalidating, information about a competitor's product, the Maxim MAX782. Instead, Linear chose to provide the PTO with a cursory description that did not include the invalidating disclosure. The MAX782 and its teachings are relevant to determining the validity of the asserted claims. Maxim developed the MAX782 independently of Linear which, at the very least, supports a finding of obviousness based upon near-simultaneous invention. *See, e.g., Ecolochem, Inc. v. Southern California Edison Co.*, 227 F.3d 1361, 1379 (Fed. Cir. 2000). Furthermore, the jury will evaluate evidence that the named Linear inventors were not able to implement reverse current comparator circuitry (which is the circuitry that Linear accuses the MP1543 of having and of infringing the patents-in-suit) until more than three years after the MAX782 had implemented it. Thus, the evidence concerning the MAX782, like the evidence concerning the Linear Application Notes, would have to be tried twice if the issue of inequitable conduct were tried separately to the Court.

The jury will also be asked to read and evaluate the parties' Settlement Agreement, including the clause that is the subject of MPS's patent misuse defense. Thus, asking the jury to decide MPS's patent misuse defense will involve little extra effort. In sum, trying the inequitable conduct and patent misuse defenses to the jury will result in a substantial saving of judicial resources.

## IV.  LINEAR WILL NOT SUFFER UNDUE PREJUDICE

Linear has offered only conclusory statements that it will suffer prejudice if evidence related to inequitable conduct and/or patent misuse is presented to the jury. Linear's statements are insufficient. *See Kelly v. New West Fed. Savings*, 49 Cal. App. 4th 659, 669-71 (1996) ("Absent an appropriate factual showing to support the motion [*in limine*], the court should not entertain the motion."). The allegations of inequitable conduct and patent misuse included in

4

MPS's Answer to Linear's Complaint are straight-forward and easily understood, so there is little risk of confusing the jury. In addition, the defenses are closely related to the language of the Settlement Agreement and the prosecution histories of the patents-in-suit, areas with which the jury will be familiar after hearing other evidence in the case.

Given Linear's complete failure to explain how the jury would be confused, overly burdened, or prejudiced by the introduction of evidence related to Linear's inequitable conduct and patent misuse, its motion must be denied. Moreover, having failed to offer any evidence of prejudice in its motion, Linear should not be permitted to sandbag MPS and present evidence of or an argument for prejudice in its reply. Linear was obligated to identify the prejudice it supposedly would suffer in its opening brief. It failed to do so.

## V.    CONCLUSION

For the reasons stated above, Linear's motion should be denied. This Court unquestionably has the authority to decide how to best allocate responsibility for deciding the inequitable conduct and patent misuse issues and allow presentation to the jury of evidence relevant to these issues. Linear has failed to show that the jury will be prejudiced by hearing such evidence, which is closely tied to other evidence in the case. The evidence of inequitable conduct and patent misuse should be presented to the jury.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP |
| Dean G. Dunlavey<br>Mark D. Kachner<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925<br>Tel: (714) 540-1235 | By: /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, Delaware 19889-0951<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Mark A. Flagel<br>Robert Steinberg<br>Sean S. Pak<br>LATHAM & WATKINS LLP<br>633 West Fifth Street, Suite 4000<br>Los Angeles, CA 90071-2007<br>Tel: (213) 485-1234 | *Attorneys for Defendant*<br>*Monolithic Power Systems, Inc.* |
| David McKone<br>LATHAM & WATKINS LLP<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 777-7316 | OF COUNSEL:<br><br>Bruce Zisser<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3100 |
| Claude M. Stern<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>555 Twin Dolphin Dr., Suite 560<br>Redwood Shores, CA 94065<br>Tel: (650) 801-5000 | Alison E. Monahan<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600 |
| Richard I. Werder, Jr.<br>Eric Huang<br>Carlos A. Rodriguez<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000 |  |

Dated: April 25, 2008
861708/30611

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on April 25, 2008, a true and correct copy of the within document was caused to be served on the attorney(s) of record at the following addresses as indicated:

**VIA ELECTRONIC MAIL**

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304-1212
jshin@mwe.com

/s/ David E. Moore
David E. Moore

769541 / 30611