IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) |
| | ) C.A. No. 06-476-GMS |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) **PUBLIC VERSION** |
| MONOLITHIC POWER SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**MONOLITHIC POWER SYSTEMS' MEMORANDUM IN SUPPORT OF
ITS MOTION TO BIFURCATE THE QUESTIONS OF THE AVAILABILITY
AND ENFORCEABILITY OF THE $3 MILLION LIQUIDATED DAMAGES
PROVISION IN THE SETTLEMENT AND LICENSE AGREEMENT**

OF COUNSEL:

Dean G. Dunlavey
LATHAM & WATKINS LLP
Costa Mesa, CA 92626-1925

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
Los Angeles, CA 90071-2007

David McKone
LATHAM & WATKINS LLP
Chicago, IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
San Francisco, CA 94111

Dated: April 25, 2008
Public Version Dated: May 2, 2008

Monolithic Power Systems ("MPS") respectfully requests that this Court bifurcate trial of the questions of (1) availability and (2) validity of liquidated damages under Section 6.1 of the October 1, 2005 Settlement and License Agreement ("SA"). MPS asks the Court to separately try and decide these questions outside the presence of the jury.[1] The evidence to be presented to the Court regarding the liquidated damages clause will be minimal (less than an hour of testimony), and can easily be presented during breaks or after the jury is excused in the afternoon.

Under well-settled California law,[2] the validity of a liquidated damages provision and the construction of contractual language of such a provision should be decided by the Court, not the jury. Submission of these questions to the jury would be an error of law. Bifurcation will also avoid unfair prejudice to MPS, will not prejudice Linear, and will serve the interests of judicial economy by simplifying the issues for the Court and the jury.

## I.   FACTUAL BACKGROUND

In 2004, at Linear's request, the International Trade Commission initiated an investigation against MPS (the "ITC Proceeding"). Linear alleged that one MPS product (designated the MP1556) and three products under development that employed the same circuitry (the MP1557-59) infringed certain claims of the '178 and '258 patents. MPS and

---

[1] This is a companion motion to MPS's Motion in Limine No. 1, scheduled to be filed on May 2, 2008, which requests that the Court preclude Linear from presenting to the jury evidence and argument concerning the enforceability of the $3 million liquidated damages provision. In addition, MPS's Motion for Summary Judgment of No Breach of Contract (Count One) is presently pending before the Court. That motion, if granted, will render the question of liquidated damages, and this motion, moot.

[2] The SA is governed by California law: "This Agreement is to be construed in accordance with and governed by the laws of the State of California without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the laws of the (footnote continued)

Linear resolved the ITC Proceeding by entering into the SA. The ITC issued a separate Consent Order that ended the ITC Proceeding.

The parties now disagree about the interpretation and enforceability of the liquidated damages clause included in Section 6.1 of the SA, which provides:



SA § 6.1 (emphasis added).

MPS asks the Court to resolve two legal issues outside the presence of the jury:

(1)  whether liquidated damages under the SA are available as a remedy in this district court action; and

(2)  whether the liquidated damages clause is an unenforceable penalty under California law.

While Linear seeks liquidated damages as a remedy in this action, MPS disagrees that such a remedy is available. Under the plain terms of the SA, the remedy of liquidated damages

---

State of California to the rights and obligations of the parties." SA § 6.1. The parties do not dispute this.

2

is only available in ITC proceedings to enforce the Consent Order. Furthermore, the liquidated damages clause is an unenforceable penalty, as Linear has admitted that the $3 million liquidated damages figure was not the "result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss" that might result in the event of a breach of the SA. The fact that, according to Linear, the SA allows Linear to obtain its actual damages *plus* "liquidated damages" further demonstrates that the liquidated damages clause is a penalty provision.

The parties' dispute on this question is a purely legal one.

## II.    ARGUMENT

The questions of whether liquidated damages are available and whether the liquidated damages clause is an unenforceable penalty should be decided by the Court, not the jury. First, the interpretation of section 6.1 of the SA is a legal question for the Court. Second, under California law, the validity of a liquidated damages clause must be presented to, and decided by, the Court, not a jury. Third, bifurcation of these questions will minimize jury confusion and unfair prejudice and simplify the issues to be considered.

### A.    Interpretation of Section 6.1 of the SA is a Question of Law for the Court

The Court, not the jury, interprets the legal meaning of a contract under California law. *Medical Operations Mgmt., Inc. v. Nat'l Health Labs., Inc.*, 176 Cal. App. 3d 886, 890-95 (1986) (citing *Parsons v. Bristol Development Co.*, 402 P.2d 839 (Cal. 1965)). The parties here disagree about whether the liquidated damages remedy in Section 6.1 of the SA is available in actions to enforce the SA in a district court. This is a pure question of law and should be decided by the Court. Cal. Evid. Code § 310(a) ("All questions of law (including but not limited to questions concerning the construction of statutes and other writings . . .) are to be decided by the court.").

3

### B. The Interpretation of Section 6.1 of the SA is a Question of Law for the Court

Section 6.1 of the SA differentiates between "any district court action for infringement of the Patents-in-Suit" and "a proceeding to enforce the Consent Order in the ITC." The liquidated damages clause applies only to such ITC proceedings: "In addition to other relief available at the ITC, if Linear is the prevailing party in any such proceeding, MPS shall pay Linear liquidated damages in the amount of three million dollars ($3,000,000)." SA § 6.1 (emphasis added).

The interpretation of "any such proceeding" in the liquidated damages clause of section 6.1 is a question of law for the Court, not the jury. It is clear as a matter of law that the reference is to the introductory phrase of that same sentence: "In addition to other relief available at the ITC . . . ." Asking the jury to address this legal question would be needlessly burdensome, wholly outside of the scope of their domain as fact finders, and would be legal error. *Medical Operations Mgmt.*, 176 Cal. App. 3d at 895 ("[T]he trial court erred in submitting the issue of the Agreement's interpretation to the jury. That issue presented solely a question of law.").

### C. The Enforceability of a Liquidated Damages Provision Must be Determined by the Court, not the Jury

California law unequivocally holds that the validity of a liquidated damages provision is a question for the Court. *See, e.g., Roden v. AmerisourceBergen Corp.*, 155 Cal. App. 4th 1548, 1568 (2007) ("[t]he issue of whether [the liquidated damages provision] is unenforceable as a penalty is a question of law"); *Harbor Island Holdings v. Kim*, 107 Cal. App. 4th 790, 794 (2003) (same); *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383, 1393 (1991). Submission of this question to the jury is legal error. *Beasley*, 235 Cal. App. 3d at 1398 ("the judge erred in submitting the validity issue to the jury"). California recognizes that the enforceability issue may contain factual elements and is not necessarily a pure question of law, but "because of its character, it is nevertheless committed to judicial determination." *Id.* at 1394.

4

Important policy considerations underlie California's decision to entrust the validity of the liquidated damages provision to the trial judge. When faced with the task of applying "a vague standard to a hypothetical situation . . . [a] jury is likely to make little effort to consider the imaginary picture of what could have been foreseen to the exclusion of what later actually happened, or to apply discriminatingly the standard of proportion [of agreed amount to reasonably estimable probable damages]." *Id.* (quoting McCormick, Handbook on the Law of Damages, § 157, pp. 623-24). The Court is far more likely to dispassionately apply the appropriate legal standard to the facts at hand. In addition, if the Court decides the validity of the liquidated damages provision as a legal matter, the risk of MPS being unfairly cast in an unfavorable light for advancing a well-supported legal argument is eliminated.[3]

---

[3] California law compels the conclusion that the $3 million liquidated damages clause is unenforceable. A liquidated damages clause is an unenforceable penalty under California Civil Code § 1671(b) if it "was unreasonable under the circumstances existing at the time the contract was made." The California Supreme Court has interpreted § 1671(b) to require that the amount specified as liquidated damages in a contract must be the result of the parties' efforts to estimate the actual damages resulting from a breach: "The amount set as liquidated damages 'must represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained.' In the absence of such relationship, a contractual clause purporting to predetermine damages 'must be construed as a penalty.'" *Ridgley v. Topa Thrift & Loan Ass'n*, 953 P.2d 484, 488 (Cal. 1998).

The $3,000,000 liquidated damages clause in section 6.1 of the SA clearly is a penalty. [REDACTED] The fact that Linear accepted a payment of $100,000 as a lump sum royalty "for all past Sales to customers within the United States of the Licensed Product" (SA § 4.2) also suggests that $3,000,000 is far greater than the actual damages the parties could reasonably have anticipated at the time the SA was signed. Moreover, the $3 million figure bears no relationship to the actual damages in this case, as indicated by Linear's agreement to stipulate to $10 in patent infringement damages.

Finally, Linear's position is that the SA allows Linear to recover actual damages *in addition to* the $3 million. For this reason alone, the $3 million clearly represents a penalty. *See Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, 521 F. Supp. 2d 1031, 1045-46 (N.D. Cal. 2007) (provision in patent license agreement allowing recovery of three times the actual (footnote continued)

5

### D. Bifurcation Will Minimize the Prejudice to MPS and Will Not Prejudice Linear

MPS will be substantially and unfairly prejudiced if it is required to present to the jury its arguments that the liquidated damages provision is not applicable here and is unenforceable in any event. Although MPS's position is legally proper, a juror without legal training is unlikely to understand why it is appropriate for a party who signed a contract to argue that part of the contract is unenforceable. Inevitably, the jurors would be left with a negative impression of MPS. This outcome would be unfair and unduly prejudicial.

Linear, on the other hand, will not be prejudiced in any way by bifurcation of the liquidated damages issues, because it has no right to have the jury hear these arguments. As discussed above, under California law, the validity of a liquidated damages clause is unequivocally a question for the Court, not the jury. Similarly, interpretation of the language of a contract is a question of law for the Court. Linear will suffer no prejudice if the Court decides these issues outside of the presence of the jury.

### E. Bifurcation Would Simplify the Issues for the Convenience of the Jury

Bifurcation of the liquidated damages arguments will simplify the issues the jury must consider. Under California law, a liquidated damages clause is unreasonable, and therefore unenforceable, if it does not "represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained." *Ridgley*, 953 P.2d at 488. If the amount specified in the contract "bears no reasonable relationship to the range of

---

royalty underpayment is a penalty because patentee would receive actual damages (the underpayment) and an additional amount). *See also Harbor Island Holdings v. Kim*, 107 Cal. App. 4th 790, 796-97 (2003).

actual damages that the parties could have anticipated would flow from a breach," the provision "must be construed as a penalty" and is *per se* unenforceable. *Id.*

Asking the jury to determine what would have been a reasonable range of compensation for breach of the Settlement Agreement at the time the parties entered into it will needlessly complicate their task, particularly given that MPS and Linear have stipulated to $10 in patent infringement damages. The evidence required to demonstrate what *might* have been reasonable in 2005 is wholly divorced from the evidence required for the other issues, and bifurcating this issue reduces the burden on the jury. The parties can present their arguments to the Court much more quickly, as only limited presentation of evidence and on the law of liquidated damages will be required, and the Court is already familiar with the issues and the relevant evidence from prior briefing by the parties.[4] As explained above, MPS believes that these issues can be presented to the Court in about an hour during breaks or after the jury is excused in the afternoon, and MPS submits that no additional burden would thereby be placed on the Court or the parties, because the time spent on these issues could be counted against the trial time that would otherwise be available for presentation of evidence to the jury.

### III. CONCLUSION

For the foregoing reasons, MPS respectfully requests that the Court bifurcate the presentation and consideration of the availability and validity of liquidated damages under section 6.1 of the SA outside the presence of the jury.

---

[4] Most critically, the Court is already aware that Linear's CEO, the individual who approved the terms of the SA and signed on behalf of Linear, ███████████████████████████████████████
████████████████████████████████████████████████████████████ (Ex. 1).

7

|  |  |
|---|---|
| OF COUNSEL:<br><br>Dean G. Dunlavey<br>Mark D. Kachner<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925<br>Tel: (714) 540-1235<br><br>Mark A. Flagel<br>Robert Steinberg<br>Sean S. Pak<br>LATHAM & WATKINS LLP<br>633 West Fifth Street, Suite 4000<br>Los Angeles, CA 90071-2007<br>Tel: (213) 485-1234<br><br>David McKone<br>LATHAM & WATKINS LLP<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 777-7316<br><br>Claude M. Stern<br>QUINN EMANUEL URQUHART OLIVER<br>& HEDGES, LLP<br>555 Twin Dolphin Dr., Suite 560<br>Redwood Shores, CA 94065<br>Tel: (650) 801-5000<br><br>Richard I. Werder, Jr.<br>Eric Huang<br>Carlos A. Rodriguez<br>QUINN EMANUEL URQUHART OLIVER<br>& HEDGES, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000<br><br>Dated: April 25, 2008<br>Public Version Dated: May 2, 2008<br>862815 / 30611 | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By: _/s/ David E. Moore_<br>  Richard L. Horwitz (#2246)<br>  David E. Moore (#3983)<br>  Hercules Plaza, 6th Floor<br>  1313 North Market Street<br>  Wilmington, Delaware 19889-0951<br>  Tel: (302) 984-6000<br>  rhorwitz@potteranderson.com<br>  dmoore@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Monolithic Power Systems, Inc.*<br><br>OF COUNSEL:<br><br>Bruce Zisser<br>QUINN EMANUEL URQUHART OLIVER &<br>HEDGES, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3100<br><br>Alison E. Monahan<br>QUINN EMANUEL URQUHART OLIVER &<br>HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 2, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 2, 2008, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
Joel M. Freed
Natalia V. Blinkova
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com
jfreed@mwe.com
nblinkova@mwe.com
mcunningham@mwe.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304-1212
jshin@mwe.com

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

750219 / 30611

2

# EXHIBIT 1

THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY