IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-476 (GMS) |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**LINEAR'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE NO. 1 TO PRECLUDE MONOLITHIC FROM OFFERING AT TRIAL EVIDENCE AND/OR ARGUMENT THAT THE ASSERTED CLAIMS ARE LIMITED TO TWO STATES OF OPERATION**

As set forth in Linear's opening, Monolithic is seeking to reopen claim construction disguised as a noninfringement argument. For each of the asserted claims, Monolithic seeks to make a "consisting" claim out of a "comprising" claim where no restriction exists on the number of available states of circuit operation. The Court's construction does not limit the asserted claims to two states of circuit operation. Therefore, Monolithic should be precluded from offering evidence and/or argument that presupposes such a limit.

**ARGUMENT**

The asserted claims use the open-ended transitional word "comprising", not the close-ended "consisting." It is settled law that "comprising" does not restrict the claim scope to only the elements recited therein. *See Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l Inc.*, 246 F.3d 1336, 1348 (Fed. Cir. 2001) ("[T]he transition 'comprising' creates a presumption that the recited elements are only a part of the device, that the claims does not exclude additional, unrecited elements."). *Tivo* has direct bearing on the present case because Dr. Szepesi's stated opinion, which presupposes limiting the claims to only two states, is indeed

inconsistent with the Court's construction. (Mot. at 3). It is simply improper for Dr. Szepesi to interpret "comprising" claims as "consisting" claims.

Monolithic's discussion of Claim 41 of the '178 patent as a purported illustration of a global two-state limitation is inapt. First, the referenced language of Claim 41 is not present in every asserted claim.[1] Second, there is **no requirement** in the claim language or the Court's construction that the first and second states of circuit operation be **contiguous**.[2] And neither the patent specification nor the file history requires that the transition point, governed by the "threshold fraction" (or "selected sleep mode current level"), must separate **contiguous** first and second states and exclude the possibility of another state intervening the first and second. Finally, and contrary to Monolithic's suggestion, Linear's motion *in limine* does not seek to prevent Monolithic from arguing that the MP1543 does not have the second state as recited in Claim 41; it just seeks to preclude Monolithic from arguing that it avoids infringement based on the fallacy that the asserted claims are limited to only two states.

Monolithic's disclaimer argument is likewise without merit and procedurally improper for several reasons. Prosecution disclaimer provides that if a patentee clearly and unambiguously disclaims certain claim scope in the course of securing a patent, the patent's claims cannot be construed to literally cover the disclaimed material. Prosecution disclaimer is therefore a doctrine that limits claim construction. *Wimco, LLC v. Lange Indus.*, No. 06-3565, 2007 U.S. Dist. LEXIS 92502, at *18 (D. Minn. Dec. 14, 2007) (citing *Ventana Med. Sys. v.*

---

[1] Among the nine asserted claims, the phrase "following the first state of circuit operation" is only present in claim 41 of the '178 patent and claim 34 of the '258 patent.

[2] The Court has defined the first and second states to mean two different states of circuit operation, which enable the claimed switching voltage regulators to achieve efficiency over a broad range of operating load currents. *See* D.I. 104 at 6-7 and Mot. at 2.

*Biogenex Labs., Inc.*, 473 F.3d 1173, 1182 (Fed. Cir. 2006)). With claim construction falling strictly within the province of the Court, any discussion of prosecution disclaimer before the jury would be improper.

Moreover, during the prosecution of the patents-in-suit Linear made none of the disclaimers now alleged by Monolithic. What Monolithic cites as support for its allegation does not constitute any sort of disclaimer, much less an unambiguous disclaimer. *See Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323, 1325 (Fed. Cir. 2003); *see also Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1327 (Fed. Cir. 2002) (requiring "a clear disavowal of claim scope."). The passage cited by Monolithic points to two states of circuit operation during both of which high efficiency is achieved, and that a threshold divides these two states. There is no disavowal of more than two states. Nor is there any mention that the two states must be contiguous and or that other possible intervening states are excluded.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court preclude Monolithic from introducing at trial any evidence and/or argument that the asserted claims are limited to two states of operation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:
Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Matthew G. Cunningham
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC 20005
(202) 756-8000

May 2, 2008

*/s/ James W. Parrett, Jr.*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jparrett@mnat.com

*Attorneys for Plaintiff*
*Linear Technology Corporation*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 2, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on May 2, 2008 upon the following in the manner indicated:

**BY HAND & EMAIL**

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**BY EMAIL**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
LATHAM & WATKINS LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA 90017

Mark Kachner
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925

David McKone
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

*/s/ James W. Parrett, Jr.*
_____
James W. Parrett, Jr. (#4292)