IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 06-476 (GMS) |
| v. | ) ) | |
| MONOLITHIC POWER SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

## LINEAR'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 2 TO PRECLUDE MONOLITHIC FROM RAISING ISSUES OF INEQUITABLE CONDUCT AND PATENT MISUSE BEFORE THE JURY

Monolithic's opposition is based on the incorrect premise that issues of fact relating to its inequitable conduct defenses are inextricably intertwined with issues relating to validity. Moreover, it ignores the prejudice to Linear in charging it with fraud before the jury on issues not properly before it and ignores the importance of not burdening the jury with unnecessary and irrelevant evidence.

## ARGUMENT

Linear does not argue that evidence related to equitable issues may never be presented to the jury. But it cannot be denied that evidence on inequitable conduct is not necessarily appropriate for presentation to the jury. *See THK Am., Inc. v. NSK, Ltd.*, No. 90-6049, 1996 U.S. Dist. LEXIS 226, at *5 (N.D. Ill. Jan. 9, 1996) (separating from the jury "all evidence *exclusively* on inequitable conduct").

Monolithic's unenforceability allegations will unnecessarily burden the jury with irrelevant documentary evidence and deposition testimony and will likely confuse the jury. And it will prejudice Linear because evidence of inequitable conduct is, in effect, evidence of fraud by the patentee which has no bearing on the issues to be decided by the jury. *Id.* at *4.

Furthermore, Monolithic's newly proposed unenforceability allegation based on Linear's Application Notes 29 and 35, is not properly in the case. It is well established that "inequitable conduct, while a broader concept than fraud, must be pled with particularity." *Cent. Admixture Pharm. Servs. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356-57 (Fed. Cir. 2007). To properly meet the pleading requirements for inequitable conduct under Rule 9(b), a defendant must "disclose the name of the relevant prior art and disclose the acts of the alleged fraud." *Mars, Inc v. JCM Am. Corp.*, No. 05-3165, 2006 U.S. Dist. LEXIS 67530, at *17-25 (D.N.J. June 14, 2006); *Martek Biosciences Corp. v. Nutrinova, Inc.*, No. 03-896, 2004 U.S. Dist. LEXIS 20469 (D. Del. Oct. 8, 2004). Therefore, because Monolithic's inequitable conduct pleading did not even identify the Linear Applications, let alone any supposedly culpable acts regarding the Linear Applications (D.I. 9, Answer at 6-8), Monolithic should not be permitted to assert inequitable based on the Linear Applications before either the Court *or* the jury.

In addition, Monolithic's inequitable conduct allegation based on the MAX782 is only tangentially related to Monolithic's scant invalidity evidence based on this reference. Indeed, Monolithic does not allege that the MAX782 anticipates or renders obvious *any* of the asserted claims. (*See* Ex. 3 to Pretrial Order, Monolithic's Contested Invalidity Factual Issues). Rather, for issues to be considered by the jury, Monolithic alleges only that the "independent development" of the MAX782 is secondary indicia that the asserted claims are obvious. (Opp. at 4). Also, Monolithic's unenforceability defense relating to the MAX782 is not even based on the asserted claims – which are all "sleep mode" claims. Instead Monolithic alleges that the MAX782 is material because it invalidates the *unasserted* "reverse current protection" claims

(*See* Szepesi Opening Report at 50, 86-89 and Ex. 10 thereto), the validity of which is not before the jury.[1] There is no need to burden the jury with these distinctions.[2]

Last, although Monolithic's patent misuse allegation arises out of the parties' Settlement Agreement, patent misuse is entirely unrelated to the points on which the jury will be asked to read and evaluate the parties' Settlement Agreement. There simply is no need to burden and confuse the jury, and prejudice Linear, by introducing the concept of patent misuse. *See Virginia Corp. v. Mac Panel Co.*, 133 F.3d 860, 868 (Fed. Cir. 1998) (stating that patent misuse is "an equitable issue normally reserved for the court").

## CONCLUSION

For the foregoing reasons, Linear respectfully requests that the Court preclude Monolithic from referring to, or offering evidence related to issues of inequitable conduct and patent misuse before the jury.

OF COUNSEL:
Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Matthew G. Cunningham
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC 20005
(202) 756-8000
May 2, 2008

2312901

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jparrett@mnat.com
*Attorneys for Plaintiff*
*Linear Technology Corporation*

---

[1] Moreover, despite Monolithic's assertion, evidence of when the Linear inventors implemented the "reverse current comparator circuitry" is irrelevant. This evidence has no bearing on infringement because it is error to compare the accused product to the patentee's commercial product. *Loctite Corp. v. Ultraseal, Ltd.*, 781 F.2d 861, 870 (Fed. Cir. 1985). Also, as previously mentioned, the validity of the "reverse current protection" claims are not at issue.

[2] Indeed, from its deposition designations, it appears that Monolithic apparently intends to prejudice Linear with **extensive** evidence on the MAX782 even though it bears only on claims not asserted.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 2, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on May 2, 2008 upon the following in the manner indicated:

**BY HAND & EMAIL**

Richard L. Horwitz
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**BY EMAIL**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
LATHAM & WATKINS LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA 90017

Mark Kachner
LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925

David McKone
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

*/s/ James W. Parrett, Jr.*

James W. Parrett, Jr. (#4292)