IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-476 (GMS) |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LINEAR'S PROPOSED FINAL VERDICT FORM AND LINEAR'S OBJECTIONS TO
MONOLITHIC'S PROPOSED FINAL VERDICT FORM**

                                              Jack B. Blumenfeld (#1014)
                                              Karen Jacobs Louden (#2881)
                                              James W. Parrett, Jr. (#4292)
                                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                              1201 N. Market Street
                                              P.O. Box 1347
                                              Wilmington, DE  19899-1347
                                              (302) 658-9200

OF COUNSEL:                             jblumenfeld@mnat.com
                                              klouden@mnat.com
Raphael V. Lupo                      jparrett@mnat.com
Joel M. Freed                         *Attorneys for Plaintiff*
Mark G. Davis                            *Linear Technology Corporation*
Ronald J. Pabis
Jimmy Shin
Matthew Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

May 2, 2008

We, the jury, unanimously find as follows:

**I.** **<u>BREACH OF CONTRACT</u>**

    A.    Do you find that Linear has proven by a preponderance of the evidence that Monolithic breached the Settlement Agreement?

*A "YES" answer is a finding for Linear.  A "NO" answer is a finding for Monolithic.*

    _____ YES          _____ NO

**If you have answered "YES" to Question I.A. , proceed to Question I.B.  Otherwise, skip to Section II below.**

    B.    Do you find that Monolithic has proven by clear and convincing evidence that the $3 million liquidated damages provision of the Settlement Agreement was unreasonable under the circumstances existing at the time it was entered into?

*A "YES" answer is a finding for Monolithic.  A "NO" answer is a finding for Linear.*

    _____ YES          _____ NO

1

## II.  INFRINGEMENT

    A.    Do you find that Linear has proven by a preponderance of the evidence that Monolithic has directly infringed, induced infringement, and/or contributorily infringed any of the following patent claims?

*A "YES" answer is a finding for Linear.  A "NO" answer is a finding for Monolithic.*

| '178 Patent Claim No. | Direct | | Induced | | Contributory | |
|---|---|---|---|---|---|---|
| | Yes | No | Yes | No | Yes | No |
| 1 | | | | | | |
| 2 | | | | | | |
| 34 | | | | | | |
| 41 | | | | | | |
| 55 | | | | | | |

| '258 Patent Claim No. | Direct | | Induced | | Contributory | |
|---|---|---|---|---|---|---|
| | Yes | No | Yes | No | Yes | No |
| 1 | | | | | | |
| 2 | | | | | | |
| 3 | | | | | | |
| 34 | | | | | | |

**If you have answered "YES" anywhere in II.A., proceed to B.  Otherwise, skip to Section III. below.**

    B.    Do you find that Linear has proven by clear and convincing evidence that Monolithic's infringement was willful ?

*A "YES" answer is a finding for Linear.  A "NO" answer is a finding for Monolithic.*

| Patent No. | Yes | No |
|---|---|---|
| '178 | | |
| '258 | | |

2

### III. **VALIDITY**[1]

    A.    Do you find that Monolithic has proven by clear and convincing evidence invalidity of any of the following claims by reason of anticipation or obviousness?

*A "YES" answer is a finding for Monolithic. A "NO" answer is a finding for Linear.*

| '178 Patent Claim No. | Anticipation | | Obviousness | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| 1 | | | | |
| 2 | | | | |
| 34 | | | | |
| 41 | | | | |
| 55 | | | | |

| '258 Patent Claim No. | Anticipation | | Obviousness | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 34 | | | | |

    B.    For claim(s) found invalid for anticipation, identify the single piece of prior art relied on for that determination. For claim(s) found invalid for obviousness, identify the item(s) of prior art relied on for that determination.

_____

_____

_____

_____

_____

_____

_____

---

[1] Linear provides a proposed verdict form on validity issues in the event its motion to strike (contending waiver in the Settlement Agreement of any right to contest) is denied (D.I. 11).

3

Each juror must sign the verdict form to reflect that a unanimous verdict has been reached.

Dated: _____, 2008

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

_____

2283486.7

**LINEAR'S OBJECTIONS TO MONOLITHIC'S PROPOSED FINAL VERDICT FORM**

1.      Linear objects to Monolithic's inclusion of Question I.B.  There are a number of asserted breaches alleged in this case, and Monolithic's attempt to address specifics of breach in Question I.B is incomplete and incorrect.  The jury will be fully instructed on what constitutes a breach and which breaches are asserted.  Singling out any, particularly in an incomplete way, is neither necessary nor appropriate.  Monolithic's proposed Question I.B is simply an improper attempt by Monolithic to present its incorrect contract interpretation argument on the verdict form.  The place for the parties to dispute what constitutes breach of contract is before the jury during case presentations, and not on the verdict form.  Moreover, Question I.B ignores the plain language of the Settlement Agreement.  As explained in Linear's opening and reply briefs in support of its Motion For Summary Judgment on Contract Interpretation and Breach of Contract (D.I. 108 and 129), Monolithic agreed in the Settlement Agreement: 1) not to sell the products at issue in the ITC investigation, 2) not to sell any other product containing the ZX circuitry, and 3) not to sell products that otherwise practice the Asserted Claims.  D.I. 108 at 8-10; D.I. 129 at 5-9.  Furthermore, there are other breaches alleged, such as Monolithic's breach by challenging the validity and enforceability of the Linear Patents in this action.

2.      Linear objects to Monolithic's inclusion of Questions I.C, I.D. I.E and I.F.  Multiple questions on liquidated damages is unnecessarily confusing and cumbersome.  In addition, the place for explanation of the factors to consider in resolving any liquidated damage issue is the instructions, not the verdict form.  And the place for the parties to put forth their positions on the issue is in their case presentations, not in verdict form "spin" as Monolithic here seeks to do.  Furthermore, proposed Questions I.C, I.D, I.E and I.F misstate Monolithic's burden of proof.  Monolithic burden should be clear and convincing evidence since liquidated damage clauses are presumptively valid under California law. (*See* Cal. Civ. Code § 1671(b); *Weber v.*

5

*Christian*, 52 Cal. App. 4th 645, 654, 656 (Cal. Ct. App. 1997).  In addition, Question I.F seeks to introduce the issue of actual damages in a way which, for reasons set out in Linear's motion *in limine* no. 3, should not be permitted.

      3.      Linear objects to the omission of Linear's claim for willful infringement in Monolithic's Questions on infringement in Section II.  That Monolithic may disagree with such a claim provides no basis for denying Linear a jury verdict on it.

      4.      Linear objects to Monolithic's inclusion of Question II.A to the extent that it excludes Linear's claims against Monolithic for contributory infringement and inducement of infringement.

      5.      For reasons set forth in Linear's Motion to Strike (D.I. 11) before the Court, Linear objects to Monolithic's inclusion of Question III.A on validity.  Linear further objects that Monolithic has failed to provide for identification of references on which any invalidity finding would be based, an identification that presents a more complete record for any post trial motions or appeal.

      6.      For reasons set forth in Linear's Motion to Strike (D.I. 11) before the Court, Linear also objects to Monolithic's proposed Questions IV.A, IV.B and IV.C regarding enforceability.  Furthermore, for reason set forth in Linear's motion *in limine* no. 2, if included in the case at all, inequitable conduct, patent misuse and unclean hands are for the Court, not the jury.  Linear further objects to the burden of proof listed in Questions IV.B and IV.C for unenforceability as "preponderance of the evidence."  The proper burden of proof to hold a patent unenforceable is clear and convincing evidence.  *See e.g. Carpet Seaming Tape Licensing Corp. v. Beam Seam Inc*., 616 F.2d 1133, 1143 (9th Cir. 1980) ("[I]nfringement suits are

presumed to be in good faith, a presumption which can be rebutted only by clear and convincing evidence.").