IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-476 (GMS) |
| v. ) | |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## **LINEAR'S VOIR DIRE**

1. Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call voir dire. The purpose of the voir dire examination is:

   (a) to enable the court to determine whether any prospective juror should be excused for cause; and

   (b) to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges – that is, challenges for which counsel need not give a reason.

2. If any of you answer "yes" to any of these questions, I would ask that you to stand up and, upon being recognized by me, to state your number. At the end of the questions, I will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers.

**Staff introduced**

**Panel sworn**

3. This case is expected to take eight days to try. The schedule that I expect to maintain over those eight days will be as follows:

   We will normally begin the day at 9:00 a.m. promptly. We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m. One exception to this schedule may occur when the case is submitted to those of you who are selected to serve as jurors for your deliberation. On that day, the proceedings might last beyond 4:30 p.m. We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

      Does the length of this trial or the schedule contemplated by the court present a special problem to any member of the panel?

**4.**     **<u>Description of The Case</u>**

      This case is an action for breach of contract and for patent infringement. The plaintiff in this case is Linear Technology Corporation (or simply "Linear"). The defendant in this case is Monolithic Power Systems, Inc. (or simply "Monolithic").

      Linear accuses Monolithic of breaching an agreement between the parties not to sell certain voltage regulator circuits and seeks damages for that breach. Monolithic denies that it has breached the agreement. For those of you selected to serve as jurors, I will give you more detailed instructions regarding the meaning of the word infringement once you are sworn-in as jurors and again at the conclusion of the trial. For now, I will simply tell you that Linear also contends that Monolithic infringes its patents by making, using, selling or offering for sale certain voltage regulator circuits. Monolithic denies that it infringes Linear's patents **[and contends that Linear's patents are invalid]**.[1]

      Has any member of the panel heard or read anything about this case?

**Counsel asked to introduce themselves and their firms**

5.     Does any member of the panel, your immediate family (spouse, child, parent or sibling), or anyone close to you know any of the attorneys involved in the case or have you or any of your immediate family had any business dealings with or been employed by any of these attorneys or their respective law firms?

6.     Have you, any member of your immediate family, or anyone close to you ever been employed by Linear or Monolithic?

7.     Have you, any member of your immediate family, or anyone close to you ever owned stock in any of these companies?

8.     Have you, any member of your immediate family, or anyone close to you ever had a business relationship of any kind with any of these companies?

9.     Have you, or to the best of your knowledge any member of your immediate family or anyone close to you had any experiences with any of these companies that might keep you from being a fair and impartial juror?

10.    Do you possess any opinions about any of these companies that might keep you from being a fair and impartial juror?

---

[1]     Linear includes the bracketed material only in the event that its motion to strike MPS's invalidity defenses (D.I. 11) is denied.

**Counsel identify all potential witnesses**

11. Does any member of the panel know or is any member of the panel familiar with any of the prospective witnesses?

12. Have you, any member of your family or anyone close to you had any experience in the field of computers or electronics?

13. Have you ever worked in the fields of computers, electrical engineering or electronic circuits?

14. Do you believe companies frequently try to infringe or violate the patent rights of other companies?

15. Have you, any member of your immediate family, or anyone close to you ever been employed by the United States Patent and Trademark Office or the United States International Trade Commission? Any other Government agency, state or federal?

16. Do you hold any opinions about the U.S. Patent and Trademark Office, the International Trade Commission, or any other Government agency, state or federal?

17. Do you have any opinions about the relationship between patents and the public interest?

18. Have you, anyone in your immediate family, or anyone close to you ever applied for or obtained a patent in the U.S. or abroad?

19. Have you, any member of your immediate family, or anyone close to you ever had an experience with patents or the patent system?

20. Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

21. Have you, anyone in your immediate family or anyone close to you ever participated in a lawsuit as a party or in any other capacity (such as a plaintiff, defendant, or witness)?

22. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions or beliefs about the law you may have or that you may have encountered in reaching your verdict?

23. Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible?

24. Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on

the evidence presented to you and in the context of the court's instructions to you on the law?

 

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jparrett@mnat.com
*Attorneys for Plaintiff*
*Linear Technology Corporation*

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Matthew G. Cunningham
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

May 2, 2008

2279069.3