IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 06-476 (GMS) |
| v. ) | |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## MPS PROPOSED VOIR DIRE

1. Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call voir dire. The purpose of the voir dire examination is:

   (a) to enable the court to determine whether any prospective juror should be excused for cause; and

   (b) to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges – that is, challenges for which counsel need not give a reason.

2. If any of you answer "yes" to any of these questions, I would ask that you to stand up and, upon being recognized by me, to state your number. At the end of the questions, I will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers.

**Staff introduced**

**Panel sworn**

3. This case is expected to take eight days to try. The schedule that I expect to maintain over those eight days will be as follows:

   We will normally begin the day at 9:00 a.m. promptly. We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m. One exception to this schedule may occur when the case is submitted to those of you who are selected to serve as jurors for your deliberation. On that day, the proceedings might last beyond 4:30 p.m. We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

   Does the length of this trial or the schedule contemplated by the court present a special problem to any member of the panel?

4.   **Description of The Case**

   This case is an action for breach of contract and for patent infringement. The plaintiff in this case is Linear Technology Corporation (or simply "Linear"). The defendant in this case is Monolithic Power Systems, Inc. (or simply "MPS").

   Linear accuses MPS of breaching an agreement between the parties not to sell certain voltage regulator circuits and seeks damages for that breach. MPS denies that it has breached the agreement. For those of you selected to serve as jurors, I will give you more detailed instructions regarding the meaning of the word infringement once you are sworn-in as jurors and again at the conclusion of the trial. For now, I will simply tell you that Linear also contends that MPS infringes its patents by making, using, selling or offering for sale certain voltage regulator circuits. MPS denies that it infringes Linear's patents and contends that Linear's patents are invalid and unenforceable.

   Has any member of the panel heard or read anything about this case?

**Counsel asked to introduce themselves and their firms**

5.  Does any member of the panel, your immediate family (spouse, child, parent or sibling), or anyone close to you know any of the attorneys involved in the case or have you or any of your immediate family had any business dealings with or been employed by any of these attorneys or their respective law firms?

6.  Have you, any member of your immediate family, or anyone close to you ever been employed by Linear or MPS?

7.  Have you, any member of your immediate family, or anyone close to you ever owned stock in any of these companies?

8.  Have you, any member of your immediate family, or anyone close to you ever had a business relationship of any kind with any of these companies?

9.  Have you, or to the best of your knowledge any member of your immediate family or anyone close to you had any experiences with any of these companies that might keep you from being a fair and impartial juror?

10. Do you possess any opinions about any of these companies that might keep you from being a fair and impartial juror?

**Counsel identify all potential witnesses**

11. Does any member of the panel know or is any member of the panel familiar with any of the prospective witnesses?

12. Have you, any member of your family or anyone close to you had any experience in the field of computers or electronics?

13.  Have you ever worked in the fields of computers, electrical engineering or electronic circuits?

14.  Do you believe companies frequently try to infringe or violate the patent rights of other companies?

15.  Have you, any member of your immediate family, or anyone close to you ever been employed by the United States Patent and Trademark Office or the United States International Trade Commission? Any other Government agency, state or federal?

16.  Do you hold any opinions about the U.S. Patent and Trademark Office, the International Trade Commission, or any other Government agency, state or federal?

17.  Do you have any opinions about the relationship between patents and the public interest?

18.  The plaintiff in this case is claiming that it has a patent that is infringed by MPS. Do any of you have views that, because a patent is issued by the US government, it must be valid?

19.  Have you, anyone in your immediate family, or anyone close to you ever applied for or obtained a patent in the U.S. or abroad?

20.  Have you, any member of your immediate family, or anyone close to you ever had an experience with patents or the patent system?

21.  Some of the witnesses in this case were born outside the United States and speak with an accent. Is there anything about that fact, or the fact that a witness's first language is not English, that would cause you to be less inclined to believe that witness or rely upon his testimony?

22.  The defendant MPS has a substantial number of Chinese employees, and various witnesses that will testify on its behalf in this case are Asian and not U.S. born. Do any of you feel that companies that have senior management who are not U.S. born or whose primary language is not English are less credible than other companies?

23.  Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

24.  Have you, anyone in your immediate family or anyone close to you ever participated in a lawsuit as a party or in any other capacity (such as a plaintiff, defendant, or witness)?

25.  **[If the Court denies MPS's motion *in limine* no. 1]** This case involves an agreement with a provision that allows for the recovery of a set amount of money in the event of certain types of breaches. Have any of you ever been parties to a contract that specified the damages you would pay in any case of breach?

26.  If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my

        instructions, disregarding any other ideas, notions or beliefs about the law you may have or that you may have encountered in reaching your verdict?

27.     Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible?

28.     Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Dean G. Dunlavey
Mark D. Kachner
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 485-1234

*Attorneys for Defendant*
*Monolithic Power Systems, Inc.*

David McKone
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Tel: (312) 777-7316

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3100

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Dr., Suite 560
Redwood Shores, CA 94065
Tel: (650) 801-5000

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

Dated: April 25, 2008
862899 / 30611

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 2, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 2, 2008, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304-1212
jshin@mwe.com

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
Joel M. Freed
Natalia V. Blinkova
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com
jfreed@mwe.com
nblinkova@mwe.com
mcunningham@mwe.com

By: /s/ David E. Moore
   Richard L. Horwitz
   David E. Moore
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, Delaware 19899-0951
   (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com

750219 / 30611