IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-476 (GMS) |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MPS's PROPOSED FINAL VERDICT FORM;**
**MPS's OBJECTIONS TO LINEAR'S PROPOSED FINAL VERDICT FORM**

| | |
|---|---|
| OF COUNSEL: | Richard L. Horwitz (#2246) |
| | David E. Moore (#3983) |
| Dean G. Dunlavey | POTTER ANDERSON & CORROON LLP |
| LATHAM & WATKINS LLP | Hercules Plaza, 6th Floor |
| Costa Mesa, CA 92626-1925 | 1313 North Market Street |
| | Wilmington, Delaware 19889-0951 |
| Mark A. Flagel | Tel: (302) 984-6000 |
| Robert Steinberg | rhorwitz@potteranderson.com |
| Sean S. Pak | dmoore@potteranderson.com |
| LATHAM & WATKINS LLP | |
| Los Angeles, CA 90071-2007 | *Attorneys for Defendant* |
| | *Monolithic Power Systems, Inc.* |
| David McKone | |
| LATHAM & WATKINS LLP | |
| Chicago, IL 60606 | OF COUNSEL: |
| | |
| Claude M. Stern | Bruce Zisser |
| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| Redwood Shores, CA 94065 | Los Angeles, CA 90017 |
| | |
| Richard I. Werder, Jr. | Alison E. Monahan |
| Eric Huang | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| Carlos A. Rodriguez | |
| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | San Francisco, CA 94111 |
| New York, NY 10010 | |

We, the jury, unanimously find as follows:

**I.      BREACH OF CONTRACT[1]**

      A.      Do you find that Linear has proven by a preponderance of the evidence that MPS breached the Settlement Agreement?

*A "YES" answer is a finding for Linear.  A "NO" answer is a finding for MPS.*

            _____ YES           _____ NO

      B.      If you answered "YES" to Question I.A., do you find that Linear has proven by a preponderance of the evidence that the MP1543 has "the ZX circuitry identified by counsel for Linear in the ITC Proceeding," ***and*** that this circuitry is connected in the MP1543 so as to allow the MP1543 to either (a) enter into "sleep mode," (b) enter into "reverse polarity protection," or (c) "otherwise practice the asserted claims"?

*A "YES" answer is a finding for Linear.  A "NO" answer is a finding for MPS.*

            _____ YES           _____ NO

      C.[2]      Do you find that Linear has proven by a preponderance of the evidence that the $3 million liquidated damages clause in the Settlement Agreement applies to district court actions in addition to proceedings before the International Trade Commission?

*A "YES" answer is a finding for Linear.  A "NO" answer is a finding for MPS.*

            _____ YES           _____ NO

**If you have answered question I.C. "NO," skip to Section II, below.**

---

[1] To be given only if the Court denies MPS's pending Motion for Summary Judgment of No Breach of Contract (Count One).

[2] To be given only if the Court denies MPS's Motion in Limine No. 1 and MPS's Motion to Bifurcate.

1

D.[3]  Do you find that MPS has proven by a preponderance of the evidence that the $3 million liquidated damages clause in the Settlement Agreement was not the result of the parties trying to estimate the actual financial damages that Linear likely would suffer in the event of a breach of the Settlement Agreement?

*A "YES" answer is a finding for MPS.  A "NO" answer is a finding for Linear.*

_____  YES          _____  NO

**If you have answered question I.D. "YES," skip to Section II, below.**

E.[4]  Do you find that MPS has proven by a preponderance of the evidence that the $3 million liquidated damages figure in the Settlement Agreement is disproportionate to the damages, if any, that the parties contemplated would result from a breach of Settlement Agreement anticipated at the time they entered into the Settlement Agreement?

*A "YES" answer is a finding for MPS.  A "NO" answer is a finding for Linear.*

_____  YES          _____  NO

**If you have answered question I.E. "YES," skip to Section II, below.**

F.[5]  Do you find that MPS has proven by a preponderance of the evidence that the $3 million liquidated damages clause in the Settlement Agreement would permit Linear to seek to recover $3 million in addition to its actual damages?

*A "YES" answer is a finding for MPS.  A "NO" answer is a finding for Linear.*

_____  YES          _____  NO

---

[3] To be given only if the Court denies MPS's Motion in Limine No. 1 and MPS's Motion to Bifurcate.

[4] To be given only if the Court denies MPS's Motion in Limine No. 1 and MPS's Motion to Bifurcate.

[5] To be given only if the Court denies MPS's Motion in Limine No. 1 and MPS's Motion to Bifurcate.

2

## II.  INFRINGEMENT

    A.    Do you find that Linear has proven by a preponderance of the evidence that MPS has directly infringed any of the following patent claims?

*A "YES" answer is a finding for Linear.  A "NO" answer is a finding for MPS.*

| '178 Patent Claim No. | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 34 | | |
| 41 | | |
| 55 | | |

| '258 Patent Claim No. | Yes | No |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 34 | | |

    B.[6]    Do you find that Linear has proven by a preponderance of the evidence that MPS has directly infringed, induced infringement, and/or contributorily infringed any of the following patent claims?

*A "YES" answer is a finding for Linear.  A "NO" answer is a finding for MPS.*

| '178 Patent Claim No. | Direct | | Induced | | Contributory | |
|---|---|---|---|---|---|---|
|  | Yes | No | Yes | No | Yes | No |
| 1 | | | | | | |
| 2 | | | | | | |
| 34 | | | | | | |
| 41 | | | | | | |
| 55 | | | | | | |

---

[6] To be given instead of "A" and to be given only if the Court denies MPS's Motion in Limine No. 4.

3

| '258 Patent Claim No. | Direct | | Induced | | Contributory | |
|---|---|---|---|---|---|---|
| | Yes | No | Yes | No | Yes | No |
| 1 | | | | | | |
| 2 | | | | | | |
| 3 | | | | | | |
| 34 | | | | | | |

4

**III.   VALIDITY**

    A.   Do you find that MPS has proven by clear and convincing evidence invalidity of any of the following claims by reason of anticipation or obviousness?

*A "YES" answer is a finding for MPS. A "NO" answer is a finding for Linear.*

| '178 Patent Claim No. | Anticipation | | Obviousness | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| 1 | | | | |
| 2 | | | | |
| 34 | | | | |
| 41 | | | | |
| 55 | | | | |

| '258 Patent Claim No. | Anticipation | | Obviousness | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 34 | | | | |

5

**IV. UNENFORCEABILITY**

    A.    Do you find that MPS has proven by clear and convincing evidence unenforceability of the '178 and '258 patents by reason of inequitable conduct?

*A "YES" answer is a finding for MPS.  A "NO" answer is a finding for Linear.*

        _____ YES        _____ NO

    B.    Do you find that MPS has proven by a preponderance of the evidence unenforceability of the '178 and '258 patents by reason of patent misuse?

*A "YES" answer is a finding for MPS.  A "NO" answer is a finding for Linear.*

        _____ YES        _____ NO

    C.    Do you find that MPS has proven by a preponderance of the evidence unenforceability of the '178 and '258 patents by reason of unclean hands?

*A "YES" answer is a finding for MPS.  A "NO" answer is a finding for Linear.*

        _____ YES        _____ NO

Each juror must sign the verdict form to reflect that a unanimous verdict has been reached.

Dated: _____, 2008                    _____
                                                                                         FOREPERSON


                                                                                         _____


                                                                                         _____


                                                                                         _____


                                                                                         _____


                                                                                         _____


                                                                                         _____


                                                                                         _____

**MPS's OBJECTIONS TO LINEAR'S PROPOSED FINAL VERDICT FORM**

1.      MPS objects to Linear's inclusion in **Question I.B** of the validity of the liquidated damages.  As set forth in MPS's Motion *in Limine* No. 1 and in MPS's briefs in support of its Motion to Bifurcate the Questions of the Availability and Enforceability of the $3 Million Liquidated Damages Provision in the Settlement and License Agreement (D.I. 139, 140), the validity and applicability of the liquidated damages provision is a matter for the Court, not the jury, to decide.  It would be clear error to submit this issue to the jury.

2.      MPS further objects to Linear's **Question I.B** because the instruction states the wrong burden of proof for the invalidity of a liquidated damages provision, which simply required proof by a preponderance of the evidence.  *See Hong v. Somerset Associates,* 161 Cal. App. 3d 111, 116 (1984) ("Under section 1671, subdivision (b), Buyers had the burden of proving, by a **preponderance of the evidence**, that the liquidated damages clause was unreasonable under the circumstances existing at the time the contract was made.") (emphasis added).  *See also* Cal. Evid. Code § 115 ("Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence.").

3.      If the verdict form is permitted to include Linear's Question I.B (corrected to articulate the proper burden of proof), it should also include the questions set forth as questions I.C through I.F in MPS's verdict form, and the question "Do you find that MPS has proven by a preponderance of the evidence that the $3 million liquidated damages provision of the Settlement Agreement is unconscionable in light of the $10 the parties have stipulated to as patent infringement damages and the $100 in sales of the MP1543?"

4.      MPS objects to Linear's inclusion in **Question II.B** of an instruction on willful infringement.  The issue of willfulness is not relevant to any issue in this case; it would only be

8

relevant if there were a possibility that patent infringement damages could be enhanced. There is no such possibility in this case. The parties have stipulated to patent infringement damages of $10 should Linear establish infringement of a valid and enforceable patent claim. D.I. 88. Thus, Linear does not have an opportunity to claim enhanced damages. Accordingly, willfulness is not relevant to any issue in this case, and mentioning it in the jury instructions would be confusing to the jury and prejudicial to MPS. In addition, Linear brought this lawsuit without providing notice to MPS, MPS discontinued sales of the MP1543, and total net sales of the MP1543 in the United States totaled 110 parts and approximately $100. Given this factual record, Linear had no basis for alleging willful infringement n the first place.

    5.  MPS objects to Linear's inclusion of **Question III.B** as unnecessary and likely to confuse the jury. This instruction is inconsistent with the Supreme Court's decision in *KSR Intern, Co. v. Teleflex, Inc*., 127 S.Ct. 1727 (2007), which articulated a flexible approach to determining obviousness of a claim. Moreover, this question omits that invalidity can be found in light of art that, although not published, was disclosed to the inventors, and that references that are not prior art, but that represent near simultaneous invention, may still invalidate a patent.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Dean G. Dunlavey
Mark D. Kachner
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 485-1234

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

David McKone
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Tel: (312) 777-7316

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3100

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Dr., Suite 560
Redwood Shores, CA 94065
Tel: (650) 801-5000

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

Dated: April 25, 2008
862899 / 30611

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 2, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 2, 2008, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304-1212
jshin@mwe.com

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
Joel M. Freed
Natalia V. Blinkova
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com
jfreed@mwe.com
nblinkova@mwe.com
mcunningham@mwe.com

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

750219 / 30611