IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-476 (GMS) |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LINEAR TECHNOLOGY CORPORATION'S ANSWERING
BRIEF IN OPPOSITION TO MONOLITHIC POWER
SYSTEMS' MOTION TO BIFURCATE THE QUESTIONS OF
THE AVAILABILITY AND ENFORCEABILITY OF THE $3
MILLION LIQUIDATED DAMAGES PROVISION
<u>IN THE SETTLEMENT AND LICENSE AGREEMENT</u>**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
|  | Karen Jacobs Louden (#2881) |
|  | James W. Parrett, Jr. (#4292) |
|  | 1201 North Market Street |
|  | P.O. Box 1347 |
|  | Wilmington, DE  19899-1347 |
|  | (302) 658-9200 |
| OF COUNSEL: | jblumenfeld@mnat.com |
|  | klouden@mnat.com |
| Raphael V. Lupo | jparrett@mnat.com |
| Joel M. Freed | *Attorneys for Plaintiff* |
| Ronald J. Pabis | *Linear Technology Corporation* |
| Matthew G. Cunningham |  |
| McDERMOTT WILL & EMERY LLP |  |
| 600 13th Street, N.W. |  |
| Washington, DC  20005 |  |
| (202) 756-8000 |  |

May 6, 2008
2317244

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGES OF PROCEEDINGS ....................................................................1

SUMMARY OF ARGUMENT ...............................................................................................1

STATEMENT OF FACTS .......................................................................................................2

ARGUMENT ............................................................................................................................2

    A.    The Motion To Bifurcate Is An Improper Attempt To End-Run The Court's Procedures. ....................................................................2

    B.    It Is Proper To Present Evidence Of Contract Interpretation To The Jury Where The Underlying Evidentiary Facts Are In Conflict ........................................................................................................3

    C.    Interpreting Section 6.1 And Evaluating The Validity Of The Liquidated Damages Provision Requires Examination Of All Facts And Circumstances Surrounding The Making Of The SA ...................................................................................................4

    D.    Juries Are Properly—And Routinely—Asked To Resolve Complex Questions of Law and Fact ..........................................................5

CONCLUSION ........................................................................................................................7

ii.

Page(s)

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*In re Hein*,
   60 B.R. 769 (Bkrptcy Ct. S.D. Cal. 1986) ...................................................................5

*Railroad Dynamics v. A. Stucki Co.*,
   77 F.2d 1506 (Fed. Cir. 1984) ......................................................................................6

*Schering Corp. v. Precision-Cosmet Co., Inc.*,
   614 F. Supp. 1368 (D. Del. 1985) ................................................................................6

**STATE CASES**

*City of Atascadero v. Merrill Lynch*,
   68 Cal. App. 4th 445 (Cal. Ct. App. 1998) ...................................................................4

*City of Hope Nat. Med. Center v. Genentech, Inc.*,
   2008 Cal. LEXIS 4435 (Cal. April 24, 2008) ........................................................... 3-4

*Medical Operations Management, Inc. v. National Health Labs., Inc.*,
   176 Cal. App. 3d 886 (Cal. Ct. App. 1986) .................................................................4

*Weber, Lipshie & Co. v. Christian*,
   52 Cal. App. 4th 645 (Ct. App. Cal. 1997) ..................................................................5

**STATE: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

Cal. Civ. Code § 1636 (2007) ..............................................................................................4

Cal. Civ. Code § 1671(b) .....................................................................................................5

1.

## NATURE AND STAGES OF PROCEEDINGS

In addition to the five motions *in limine* that Monolithic Power Systems, Inc. ("Monolithic") filed in connection with the Pretrial Order on April 25, 2008, Monolithic also filed a Motion To Bifurcate the Questions of the Availability and Enforceability of the $3 Million Liquidated Damages Provision in the Settlement and License Agreement (the "Motion To Bifurcate") (D.I. 139) that largely duplicates one of its motions *in limine*. This is plaintiff Linear Technology Corporation's ("Linear") answering brief in opposition to that motion.

## SUMMARY OF ARGUMENT

The Motion To Bifucate is an improper attempt to end-run this Court's procedures. Monolithic has already fully briefed the five motions *in limine* permitted under the Amended Scheduling Order, one of which addresses the same subject matter as this motion. Monolithic should not be permitted to file a "companion" motion to gain additional pages for its argument.

Moreover, Monolithic's attempt to limit evidence of the liquidated damages clause before the jury is improper. Issues of contract interpretation are properly submitted to the jury where—as here—evidentiary facts are in conflict. Interpreting the provisions of the Settlement Agreement ("SA") will place evidence surrounding the creation of the SA before the jury—including evidence relating to the liquidated damages provision—regardless of whether the validity of the liquidated damages provision must ultimately be determined by the Court.

Moreover, juries are routinely tasked with analyzing mixed questions of fact and law, complex issues, and hypothetical factual scenarios. Here, where the jury will be asked to evaluate the complex issue of patent infringement, there is no basis for arguing that the jury will be unable to properly interpret Section 6.1 of the SA.

## STATEMENT OF FACTS

The relevant facts are addressed in the Argument section below.

## ARGUMENT

### A. The Motion To Bifurcate Is An Improper Attempt To End-Run The Court's Procedures.

Monolithic acknowledges that its Motion To Bifurcate is a "companion motion" to its motion *in limine* No. 1 (D.I. 140 at 1), which seeks the same relief as this motion. As the title to its motion *in limine* suggests, it seeks to "Preclude Linear From Presenting To The Jury Evidence And Argument Concerning The Enforceability Of The $3 Million Liquidated Damages Provision In The Settlement And License Agreement." (D.I. 141). That motion *in limine*, however, has been fully briefed. Indeed, Monolithic has used its full allotment of motions *in limine* permitted under this Court's Amended Scheduling Order (D.I. 123 at ¶ 14), having filed five separate motions *in limine*. Not content with the five-page limit on the motions *in limine*, however, Monolithic seeks to supplement its Motion *In Limine* with its companion Motion To Bifurcate. It also seeks to reargue as a legal matter the same issues that the Court already determined could not be resolved on summary judgment. (D.I. 110 at 4). Indeed, on November 21, in denying Monolithic's request to brief summary judgment on this issue, the Court stated: "I have concluded that there are inevitably going to be contested issues of fact here." Transcript at 3. Not satisfied with that ruling, Monolithic seeks to reargue its request in the form of its Motion to Bifurcate.

Monolithic should not be permitted to end-run the Court's procedures by filing its separate Motion To Bifurcate.

3.

### B. It Is Proper To Present Evidence Of Contract Interpretation To The Jury Where The Underlying Evidentiary Facts Are In Conflict

Monolithic's assertion that it would be "an error of law" to submit evidence relating to contract interpretation to the jury is patently incorrect. (*See* D.I. 140 at 1). Under California law, juries may—and do—interpret contracts where, as here, the underlying evidentiary facts are in conflict. The California Supreme Court very recently addressed this precise issue in *City of Hope Nat. Med. Center v. Genentech, Inc.*, 2008 Cal. LEXIS 4435 (Cal. April 24, 2008). There, Genentech argued that the interpretation of the contract was a question of law that should have been decided by the court, not the jury. *Id.* at *40. Unlike Monolithic here, Genentech argued only that the court should have asked the jury to make special findings on pertinent questions of fact, after which the court, taking into account the jury's special findings, should have undertaken the task of interpreting the contract. *Id.* The California Supreme Court disagreed that it was an error to submit even the ultimate issue of contract interpretation to the jury. *Id.* It held that where, as here, "ascertaining the intent of the parties at the time the contract was executed depends on the credibility of extrinsic evidence, that credibility determination and the interpretation of the contract are questions of fact that may properly be resolved by the jury." *Id.* (citing *Warner Constr. Corp. v. City of Los Angeles*, 466 P.2d 996, 998 (Cal. 1970)). It further noted that "[t]his rule…is well established in [California] case law. California's jury instructions reflect this, as do authoritative secondary sources." *Id.* at *42 (internal citations omitted) (citing *Warner Constr. Corp.,* 466 P.2d at 998; *Fischer v. First Int'l Bank,* 109 Cal. App. 4th 1433, 1443 (2003); *Horsemen's Benevolent & Protective Ass'n v. Valley Racing Ass'n,* 4 Cal. App. 4th 1538, 1562 (1992); *Kaufman & Broad Bldg. Co. v. City & Suburban Mortgage Co.* 10 Cal. App. 3d 206, 216 (1970); Judicial Council of Cal. Civ. Jury Instns. (2008) CACI No. 314; Com. to BAJI No. 10.75 (9th ed. 2002) at 407, 11 Williston on

4.

Contracts § 30:7, at 87–91 (4th ed. 2006); Restatement (Second) of Contracts § 212, subd. (2), at 125).

Monolithic cites *Medical Operations Management, Inc. v. National Health Labs., Inc.*, 176 Cal. App. 3d 886 (Cal. Ct. App. 1986) for the proposition that contract interpretation is exclusively within the court's purview. The California Supreme Court specifically distinguished *Medical Operations Management,* however, because the parties there did not dispute the underlying evidentiary facts. *See City of Hope*, 2008 Cal. LEXIS 4435, at *43. Moreover, even the *Medical Operations Management* court recognized that it would be proper to submit the underlying facts to the jury if the evidence were in conflict. 176 Cal. App. 3d at 892 n.4.

### C. Interpreting Section 6.1 And Evaluating The Validity Of The Liquidated Damages Provision Requires Examination Of All Facts And Circumstances Surrounding The Making Of The SA

The fundamental goal of contractual interpretation is to give effect to the intention of the parties. Cal. Civ. Code § 1636 (2007). Evidence of the parties' intentions includes "objective manifestations of the parties' intent, including the words in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent acts and conduct of the parties." *City of Atascadero v. Merrill Lynch*, 68 Cal. App. 4th 445, 474 (Cal. Ct. App. 1998) (citing Cal. Civ. Code §§ 1635-56 (2007); Cal. Code Civ. Proc. §§ 1859-61, 1864 (2007)). Extrinsic evidence of the parties' conduct will also be relevant. *City of Hope*, 2008 Cal. LEXIS 4435, at *36-37 ("A party's conduct occurring between execution of the contract and a dispute about the meaning of the contract's terms may reveal what the parties understood and intended those terms to mean. For this reason, evidence of such conduct…is admissible to resolve ambiguities in the contract's language.").

5.

Furthermore, under Cal. Civ. Code § 1671(b), "a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." Cal. Civ. Code § 1671(b) (2007). Subsection (b) was added to Cal. Civ. Code in 1977. The California Law Revision Comments (hereinafter "Law Rev. Comments") to the 1977 amendment provide substantial guidance for applying § 1671(b):

> [S]ubdivision (b) gives the parties considerable leeway in determining the damages for breach. All the circumstances existing at the time of the making of the contract are considered, including the relationship that the damages provided in the contract bear to the range of harm that reasonably could be anticipated at the time of the making of the contract. Other relevant considerations… include, but are not limited to, such matters as the relative equality of the bargaining power of the parties, whether the parties were represented by lawyers at the time the contract was made, the anticipation of the parties that proof of actual damages would be costly or inconvenient, the difficulty of proving causation and foreseeability, and whether the liquidated damages provision is included in a form contract.

Law Rev. Comments (1977); *see also, Weber, Lipshie & Co. v. Christian*, 52 Cal. App. 4th 645, 654-55 (Ct. App. Cal. 1997) and *In re Hein*, 60 B.R. 769, 777-78 (Bkrptcy Ct. S.D. Cal. 1986) (discussing history of amendment).

### D. Juries Are Properly—And Routinely—Asked To Resolve Complex Questions of Law and Fact

Monolithic's suggestion that juries are ill-equipped to manage complex mixed questions of law and fact or analyze hypothetical situations does the American justice system and the people who serve it—*i.e.*, juries—a disservice. Here the jury will be called upon to decide the complex issue of infringement. Monolithic also ignores, for instance, that juries are often called upon to analyze whether a patent is invalid for obviousness, itself a complicated legal

6.

determination incorporating factual analysis and complex technical concepts. As the Federal Circuit in *Connell v. Sears, Roebuck & Co.*, stated:

> So long as the Seventh Amendment stands, *the right to a jury trial should not be rationed*, nor should particular issues in particular types of cases be treated differently from similar issues in other types of cases. Scholarly disputes over use of jury trials in technically complex cases relate to the right to trial by jury itself, and center on whether lay juries are capable of making correct fact determinations, *not over the propriety of submitting legal questions to juries*. The obviousness issue may be in some cases complex and complicated, on both fact and law, but no more so than equally complicated, even technological, issues in product liability, medical injury, antitrust, and similar cases. Indeed, though the analogy like most is not perfect, the role of the jury in determining obviousness is not unlike its role in reaching a legal conclusion respecting negligence, putting itself in the shoes of one "skilled in the art" at the time the invention was made in the former and in the shoes of a "reasonable person" at the time of the events giving rise to the suit in the latter.

*Connell v. Sears, Roebuck & Co.*, 722, F.2d 1542, 1547 (Fed. Cir. 1983) (question of obviousness may be submitted to the jury) (emphasis supplied); *see also Railroad Dynamics v. A. Stucki Co.*, 77 F.2d 1506, 1514 (Fed. Cir. 1984) ("[T]here is no reason for distinguishing the submission of legal questions to a jury in patent cases from the routine submissions of legal issues to juries in other types of cases."), *Schering Corp. v. Precision-Cosmet Co., Inc.*, 614 F. Supp. 1368, 1371 (D. Del. 1985) ("[T]hough obviousness is indeed a question of law, it is an issue that may properly be submitted to a jury, in the same manner that other legal questions, such as negligence, are regularly submitted to juries in personal injury cases."). Although Monolithic's confidence in the modern American jury may have faltered, the courts' respect for—and indeed reliance upon—juries remains steadfast.

7.

## CONCLUSION

For the foregoing reasons, Linear respectfully requests that the Court deny Monolithic's motion to bifurcate the questions of the availability and enforceability of the SA's liquidated damages provision.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jparrett@mnat.com
  *Attorneys for Plaintiff*
  *Linear Technology Corporation*

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Matthew G. Cunningham
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000


May 6, 2008
2317244

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on May 6, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on May 6, 2008 upon the following in the manner indicated:

**BY HAND AND EMAIL**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**BY EMAIL**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
Latham & Watkins LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA  90017

Mark Kachner
Latham & Watkins LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA  92626-1925

David McKone
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA  94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY  10010

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Los Angeles, CA  90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
San Francisco, CA  94111


*/s/ James W. Parrett, Jr.*
_____
James W. Parrett, Jr. (#4292)