**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-476-GMS |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MONOLITHIC POWER SYSTEMS, INC., | ) | |
| | ) | **PUBLIC VERSION** |
| Defendant. | ) | |

**MONOLITHIC POWER SYSTEMS' OPPOSITION TO LINEAR'S
MOTION IN LIMINE NO. 3 TO PRECLUDE MPS FROM REFERRING TO,
OR OFFERING EVIDENCE RELATING TO, THE AMOUNT OF SALES OF
THE ACCUSED MP1543 PRODUCT OR THE STIPULATED AMOUNT OF
PATENT INFRINGEMENT DAMAGES BEFORE THE JURY**

OF COUNSEL:

Dean G. Dunlavey
LATHAM & WATKINS LLP
Costa Mesa, CA 92626-1925

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
Los Angeles, CA 90071-2007

David McKone
LATHAM & WATKINS LLP
Chicago, IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
San Francisco, CA 94111

I.     **INTRODUCTION**

Linear's motion in limine number 3 seeks to preclude MPS from informing the jury that MPS's net sales of the accused MP1543 in the United States totaled 110 units and $100. According to Linear, "the number of infringing sales is not relevant to any issue to be tried in this case." Linear's assertion is without merit.  The *de minimus* sales volume of the MP1543 is directly relevant to:

- Linear's allegation that MPS has indirectly infringed the patents-in-suit by inducing or contributing to a customer's direct infringement of the patents[1]

- Linear's allegation that MPS has willfully infringed the patents-in-suit[2]

- Linear's contention – which it improperly seeks to present to the jury – that the $3 million liquidated damages clause in the SA is enforceable[3]

- Linear's contention – which it improperly seeks to present to the jury – that the $3 million liquidated provision is not unconscionable in the face of $100 in allegedly infringing sales and a potential $10 damages award for patent infringement

- The obviousness of the asserted claims

---

[1] As set forth in MPS's Motion in Limine Number 4, Linear should be precluded from attempting to present evidence or argument that there has been direct infringement by any MPS customer.  There is no evidence that any customer in the United States has used the MP1543 product in a switching voltage regulator or for any other purpose.

[2] In light of MPS's *de minimus* sales and its decision to discontinue sales of the MP1543 pending the outcome of this lawsuit, and Linear's admission that it provided no notice to MPS prior to filing this lawsuit, it is difficult to comprehend how any infringement could be "willful."

[3] As set forth in MPS's Motion in Limine Number 1, the validity of a liquidated damages provision is a matter for the Court to decide.  It would be error to submit it to the jury.  Even though MPS has provided Linear's counsel with the unequivocal case law on these points, Linear contends that the jury, not the Court, should resolve the issue.

II.    **IF LINEAR IS PERMITTED TO ARGUE INDIRECT INFRINGEMENT,
THE AMOUNT OF SALES OF THE ACCUSED MP1543 IS ADMISSIBLE
TO SHOW THE ABSENCE OF ANY INDIRECT INFRINGEMENT**

As explained in MPS's Motion in Limine Number 4, Linear's expert, Mr. Blauschild, has

indicated that he intends to argue, without support, that MPS indirectly infringed the asserted

claims of the '178 and '258 patents by selling the MP1543 to others. It is undisputed that the

MP1543 itself lacked some necessary components to be a voltage regulator, and that selling the

MP1543 itself did not directly infringe the asserted claims. Instead, as a threshold matter, Linear

must show that MPS's customers directly infringed the asserted claims[4]. *RF Delaware, Inc. v.*

*Pac. Keystone Techs., Inc.*, 326 F.3d 1255, 1268 (Fed. Cir. 2003) ("[L]iability for either active

inducement of infringement or for contributory infringement is dependent upon the existence of

direct infringement by customers."). In fact, "the patentee always has the burden to show direct

infringement for *each instance* of indirect infringement." *DSU Med. Corp.,* 471 F.3d at 1303

(emphasis added).

The sales evidence that Linear seeks to exclude undermines its indirect infringement

claims, as it shows that only 110 MP1543 integrated circuits were sold in the United States. The

parts went to two companies. Linear never investigated what, if anything, those companies did

with the parts. Thus, should Linear be permitted to argue indirect infringement to the jury, MPS

must be permitted to introduce the *de minimus* sales of the MP1543 as those are highly probative

evidence that neither customer directly infringed the asserted claims.[5]

---

[4] Linear must also show that MPS knew or should have known that the customers would actually
infringe. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc).

[5] MPS customers are typically large OEMs that commit to large quantities if they decide to
actually implement an MPS circuit. Moreover, as MPS demonstrated in its Motion in Limine
Number 4, the MP1543 can be used in a non-infringing way. Thus, even if a customer has built
a product with one of the 110 MP1543 parts, there is no evidence that that product infringed.

**III.    IF THE VALIDITY OF THE $3 MILLION PENALTY IS TRIED TO THE JURY, THE DAMAGES STIPULATION IS ADMISSIBLE TO SHOW INVALIDITY**

As set forth in MPS's Motion in Limine Number 1, the validity of the $3 million liquidated damages clause in the Settlement Agreement that resolved the ITC Proceeding is a matter for the Court to decide. It would be error to submit it to the jury. Despite being informed of the unequivocal case law on this subject, Linear seeks to have the jury decide the issue whether this clause is valid or an unenforceable penalty. *See* April 1, 2008, email from R. Pabis to D. Dunlavey (Ex. 1). If the Court were to present this question to the jury, the $100 in sales and $10 in stipulated damages would be highly relevant evidence for the jury to consider in evaluating the validity of this clause.

Under California law, a liquidated damages clause is unreasonable, and hence unenforceable, if it does not "represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained." *Ridgley v. Topa Thrift & Loan Ass'n*, 953 P.2d 484, 488 (Cal. 1998). Linear argues in its Motion, at 3, that "if Monolithic discloses that it has only had sales of $100 of the MP1543 in the United States, the jury may be inappropriately hesitant to require Monolithic to pay the $3 million in liquidated damages . . . ." There would be nothing inappropriate about such hesitancy. The $100 in sales, and $10 in stipulated infringement damages, are highly probative of just how far from reality, and unconscionable, the $3 million penalty clause is. "The characteristic feature of a penalty is its lack of proportional relation to the damages which may actually flow from failure to perform under a contract." *Ridgley*, 953 P.2d at 488.

Here, the fact that the liquidated damages clause would award Linear $300,000 for every $1 of infringement damages is strong evidence that the $3 million clause was not the result of an

3

effort to estimate actual damages.[6] *See Atel Fin. Corp. v. Quaker Coal Co.,* 132 F. Supp. 2d 1233 (N.D. Cal. 2001) ("We think the penalty at bench bears no reasonable relationship to actual damages suffered by respondent as the result of delay but to the contrary appears grossly disproportionate in amount. . . . The equitable powers of the court exist to insure that the ultimate obligation imposed on the debtor is not unreasonable *in proportion* to the original obligation and the seriousness of the default.") (emphasis in original). It would be wholly improper to present the jury with the question of the validity of the clause without the corresponding evidence that the parties have stipulated to $10 in infringement damages if Linear prevails on its infringement claim.

The $10 in stipulated patent infringement damages is also directly relevant to establishing that the liquidated damages provision would give Linear an impermissible double recovery. By definition, a "liquidated damages" clause that permits a party to receive monies in addition to actual damages is a penalty and thus unenforceable. *See Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, 521 F. Supp. 2d 1031, 1045-46 (N.D. Cal. 2007) (provision in patent license agreement allowing recovery of three times the actual royalty underpayment is a penalty because patentee would receive its actual damages (the underpayment) and an additional amount). *See also Harbor Island Holdings v. Kim*, 107 Cal. App. 4th 790, 796-97 (2003) (same). If the validity of the liquidated damages provision is going to be presented to the jury, MPS is entitled to present the stipulation concerning damages to the jury to establish that Linear is asking for an impermissible double recovery.

---

[6] In this case, Linear's CEO has repeatedly admitted that the $3 million figure was not the result of an effort to estimate actual damages. ████████████████████████████████

████████████████████ Despite this unequivocal evidence demonstrating that its claim is without merit, Linear continues in bad faith to pursue the $3 million.

**IV.    BOTH THE AMOUNT OF SALES OF THE MP1543 AND THE STIPULATED DAMAGES SHOULD BE ADMITTED TO REBUT LINEAR'S CLAIM OF NON-OBVIOUSNESS**

As explained in MPS's Motion in Limine Number 3, Linear likely will contend that its

████████ settlement agreement with Maxim is admissible to show non-obviousness of the

asserted claims.  For the reasons set forth in MPS's motion, Linear's contention is wrong and the

Maxim settlement is inadmissible.  Nonetheless, Linear's contention illustrates that Linear

believes that commercial success of the invention should be admitted to show whether a patent is

obvious or not.  Indeed, commercial success is a "secondary consideration" that courts can

consider in evaluating the obviousness of patent claims.  *See Leapfrog Enterprises, Inc. v.*

*Fisher-Price, Inc.,* 485 F.3d 1157, 1162 (Fed. Cir. 2007).  Here, the sales of only 110 MP1543

parts, totaling $100, and $10 in stipulated damages if infringement is proven, are probative of a

*lack* of commercial success.  Alternatively, the poor sales may indicate the absence of the

claimed invention.  Thus, the information Linear seeks to exclude is actually very relevant to

issues that the jury will be asked to decide.  It will be even more relevant if the Court were to

permit Linear to present to the jury evidence of the Maxim settlement agreement.[7]

**V.    CONCLUSION**

For the reasons stated above, MPS is entitled to present the evidence of the sales of the

MP1543 as well as the parties' stipulation that if infringement is established, infringement

damages would be $10.  Linear's motion *in limine* should be denied.

---

[7] Linear's argument, that "if Monolithic were permitted to present evidence of minimal sales, there is a real danger that the jury would inappropriately question why it is being asked to decide infringement at all, and would perhaps be improperly swayed by that from finding liability," does not support its position.  If anything, it merely heightens the improperly punitive nature of the liquidated damages provision.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Dean G. Dunlavey
Mark D. Kachner
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235

By:   /s/ David E. Moore
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Hercules Plaza, 6th Floor
        1313 North Market Street
        Wilmington, Delaware 19889-0951
        Tel: (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 485-1234

*Attorneys for Defendant*
*Monolithic Power Systems, Inc.*

David McKone
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Tel: (312) 777-7316

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3100

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
555 Twin Dolphin Dr., Suite 560
Redwood Shores, CA 94065
Tel: (650) 801-5000

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

Dated: April 25, 2008
Public Version Dated: May 8, 2008
863645/30611

# EXHIBIT 1

## Dunlavey, Dean (OC)

| | |
|---|---|
| **From:** | Pabis, Ronald [rpabis@mwe.com] |
| **Sent:** | Tuesday, April 01, 2008 5:49 PM |
| **To:** | Dunlavey, Dean (OC) |
| **Cc:** | McKone, David (CH); Flagel, Mark (LA); Freed, Joel; "Karen Jacobs Louden" <KLouden@MNAT.com>; Shin, Jimmy; Cunningham, Matthew |
| **Subject:** | RE: Presentation of evidence concerning liquidated damages provision |

Dean:

Linear does not agree with your proposal. Even accepting that validity of the liquidated damages clause may be a legal issue, we cannot agree that there will be no testimony relating to that issue. Underlying disputes involving issues of law conventionally go to the jury-- e.g. patent validity.

Ronald J. Pabis
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington D.C. 20005-3096
202-756-8285/ Fax: (202) 756-8087
Email: rpabis@mwe.com

---

**From:** DEAN.DUNLAVEY@LW.com [mailto:DEAN.DUNLAVEY@LW.com]
**Sent:** Monday, March 31, 2008 3:27 PM
**To:** Pabis, Ronald
**Cc:** David.McKone@lw.com; DEAN.DUNLAVEY@LW.com; MARK.FLAGEL@lw.com
**Subject:** Presentation of evidence concerning liquidated damages provision

Ron:

I'm writing to see if we can reach agreement that any testimony concerning the liquidated damages provision of the Settlement and License Agreement (SLA) be presented to Judge Sleet outside the presence of the jury.

If Judge Sleet grants MPS's pending motion for summary judgment concerning Linear's breach of contract claim, this discussion will be moot.

The SLA is governed by California law. Under California law, the validity of a liquidated damages provision is a question of law for the court and it is error to submit the question to the jury. *See, e.g., Harbor Island Holdings v. Kim*, 107 Cal. App. 4th 790, 795 (2003) ("The validity of the [liquidated damages provision] was a question for the judge to decide."); *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383, 1393 (1991) ("[T]he preliminary question whether the liquidated damages provisions were valid was a matter for the court to decide. The court, not the jury, should have decided whether it had been impracticable or extremely difficult to fix actual damages and whether Wells Fargo had made a reasonable endeavor to estimate a fair average compensation for its loss."); *Guthy-Renker Corp., v. Bernstein*, 1999 U.S. Dist. LEXIS 23361, at * 3 (D. Cal Mar. 5, 1999) ("Whether a liquidated damages provision is valid is a question of law for the court to decide.").

Hopefully Linear agrees with this statement of California law and will agree that issues concerning the liquidated damages provision should be presented to Judge Sleet. We anticipate that any testimony concerning the provision will be short and can be presented to Judge Sleet in a half hour or so one afternoon after the jury has been released for the day or after the parties have presented their evidence that is properly presented to the jury.

Can you let me know Linear's position?

If Linear disagrees with this proposal, can you explain its objection so that we can present it to the Court and address it in a motion to bifurcate or as otherwise appropriate?

We would like to hear from you by Thursday of this week on this issue.

Thank you.

Dean

**Dean G. Dunlavey**

**LATHAM & WATKINS** LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.8260
Fax: +1.714.755.8290
Email: dean.dunlavey@lw.com
http://www.lw.com

```
**************************************************************************
To comply with IRS regulations, we advise you that any discussion of Federal tax issu

For more information please go to  http://www.lw.com/docs/irs.pdf
**************************************************************************

This email may contain material that is confidential, privileged and/or attorney work

Latham & Watkins LLP
```

**********************************************************************************************
IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it

4/24/2008

# EXHIBIT 2

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

I, David E. Moore, hereby certify that on May 8, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 8, 2008, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

| | |
|---|---|
| Raphael V. Lupo<br>Mark G. Davis<br>Ronald J. Pabis<br>Stephen K. Shahida<br>Joel M. Freed<br>Natalia V. Blinkova<br>Matthew G. Cunningham<br>McDermott Will & Emery LLP<br>600 13th Street, N.W.<br>Washington, DC  20005<br>rlupo@mwe.com<br>madavis@mwe.com<br>rpabis@mwe.com<br>sshahida@mwe.com<br>jfreed@mwe.com<br>nblinkova@mwe.com<br>mcunningham@mwe.com | Jimmy Shin<br>McDermott Will & Emery LLP<br>3150 Porter Dr.<br>Palo Alto, CA  94304-1212<br>jshin@mwe.com |

By:  */s/ David E. Moore*

Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

750219 / 30611

2