IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 06-476 (GMS) |
| ) | |
| v. ) | **PUBLIC VERSION** |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

**MONOLITHIC POWER SYSTEMS' MOTION IN LIMINE NO. 2 TO PRECLUDE LINEAR TECHNOLOGY FROM PRESENTING ANY EVIDENCE OR MAKING ANY ARGUMENT THAT THE ACCUSED MP1543 PART CONTAINS "THE ZX CIRCUITRY IDENTIFIED BY COUNSEL FOR LINEAR IN THE ITC PROCEEDING"**

OF COUNSEL:

Dean G. Dunlavey
Mark D. Kachner
LATHAM & WATKINS LLP
Costa Mesa, CA 92626-1925

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
Los Angeles, CA 90071-2007

David McKone
LATHAM & WATKINS LLP
Chicago, IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
San Francisco, CA 94111

In this motion *in limine*, MPS respectfully asks the Court to preclude Linear from presenting any evidence and/or claiming at trial that the accused MP1543 product contains "the ZX circuitry identified by counsel for Linear in the ITC Proceeding."

If the Court grants MPS's pending motion for summary judgment of no breach of contract, this motion *in limine* will be moot. If the Court denies MPS's motion for summary judgment, the Court should preclude Linear from introducing any evidence and/or claiming at trial that MPS's accused MP1543 product contained "the ZX circuitry identified by counsel for Linear in the ITC Proceeding."

Throughout the course of this litigation and despite having the burden of proof on this issue, Linear has steadfastly refused to identify "the ZX circuitry identified by counsel for Linear in the ITC Proceeding." During fact discovery, Linear claimed that this information was not discoverable and refused to produce a Rule 30(b)(6) witness to testify concerning the subject. Furthermore, its expert witness – the same person who served as its expert witness in the ITC Proceeding – has not disclosed any opinion as to what constitutes "the ZX circuitry identified by counsel in the ITC Proceeding" and has not opined that such circuitry is present in the MP1543. He thus cannot present any such opinion at trial. Accordingly, Linear should now be precluded from introducing any evidence or making any argument on this subject.

## I.   FACTUAL BACKGROUND

In 2004, Linear initiated an investigation in the International Trade Commission against MPS (the "ITC Proceeding"), alleging that an MPS product infringed certain claims of the '178 and '258 patents. MPS and Linear resolved that ITC Proceeding by entering into an October 1, 2005, Settlement and License Agreement ("SA"). (Ex. 1).

In the SA, MPS agreed that "it has not made and will not make any sales of any other products in which the ZX circuitry identified by counsel for Linear in the ITC Proceeding is connected so as to allow such products to enter into what Linear referred to as 'sleep mode,' 'reverse polarity protection', or otherwise practice the Asserted Claims anywhere in the world." *Id.* at § 3.3 (emphasis added). Linear expressly agreed that "MPS products, such as the MP2104, that have the accused ZX circuitry disabled . . . do not infringe the Licensed Patents." *Id.*

The MP1543 is a different product than the products accused by Linear in the ITC Proceeding and employs different circuitry.[1] It does not contain "the ZX circuitry identified by counsel for Linear in the ITC Proceeding."[2] Knowing this, Linear steadfastly evaded discovery and never identified what it believed to be "the ZX circuitry identified by counsel for Linear in the ITC Proceeding" and never described where that circuitry supposedly could be found in the MP1543. In particular:

In response to pointed interrogatories, Linear never identified the ZX circuitry that is the subject of the SA and never identified circuitry in the accused MP1543 that contained such ZX circuitry. Linear did not answer those interrogatories. Rather, it merely cited Bates numbers for a "third circuit" without explaining what parts of the diagrams supposedly represented the ZX circuitry identified in the ITC Proceeding. *See* Linear's Aug. 6, 2006 Responses to MPS Second Set of Interrogatories No. 2, at 2-3 (Ex. 2). Linear further stated that "[t]he specifics of the actual

---

[1] The MP1543 is not even designed to work in the same type of voltage regulator – it is a controller for a "step-up" voltage regulator, while the products accused in the ITC Proceeding were controllers for "step-down" voltage regulators.

[2] *See* MPS Motion for Summary Judgment, Opening Brief (D.I. 106), at 5 (explaining that Linear has not identified the ZX circuitry in the MP1543, that in fact it is not there, and that to avoid summary judgment Linear contends that any infringement constitutes a breach of the SA); Linear Answering Brief (D.I. 121), at 2 (failing to identify the ZX circuitry in the MP1543 and instead asserting that different circuitry should be sufficient, if it is "a reverse current comparator that allows the product to go into sleep mode").

circuit designs of the MP1556, MP1557, MP1558, and MP1559 products . . . will be the subject of expert testimony only to the extent that they are relevant and applicable to this litigation." *Id.* at 3. Similarly, it stated that "[t]he specifics of the actual circuit design in the MP1543 . . . will be the subject of expert testimony in this litigation." *Id.* at 4.

During fact discovery, Linear objected and refused to provide a witness on the topics of "[t]he circuitry in the MP1556, MP1557, MP1558 and MP1559 that constitutes 'the ZX circuitry identified by counsel for Linear in the ITC Proceeding . . .'", and "[t]he circuitry in the MP1543 that Linear alleges constitutes 'the ZX circuitry identified by counsel for Linear in the ITC Proceeding . . . .'" *See* Linear's July 31, 2007 Response to MPS's Rule 30(b)(6) Deposition Notice Nos. 8-9, at 7-8 (Ex. 3). Linear objected because the information MPS sought in these topics was "not reasonably calculated to lead to the discovery of admissible evidence" and "outside 'the needs of the case.'" *Id.* Linear never provided a witness on these subjects.

Furthermore, despite Linear's earlier promise that its expert would address the existence and location of "the ZX circuitry," Linear never disclosed any expert opinion (let alone the bases for any such opinion) on these issues. Linear's expert in this case, Mr. Blauschild, is the same expert Linear used in the ITC Proceeding. He has submitted three different reports in this case. Yet, even though Linear has the burden of proof on its breach claim, Mr. Blauschild has never opined that the accused MP1543 contains "the ZX circuitry identified by counsel for Linear in the ITC Proceeding." Indeed, he never even mentions the term "ZX circuitry" in his reports.

## II.  GIVEN ITS FAILURE TO IDENTIFY "THE ZX CIRCUITRY", LINEAR SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE ON OR ARGUING THIS POINT AT TRIAL

Linear's failure to disclose any expert opinion regarding "the ZX circuitry identified by counsel for Linear in the ITC" or the presence of such circuitry in the MP1543 should preclude Linear from presenting any such opinions at trial. "Pursuant to Federal Rule [of Civil Procedure]

3

26(a)(2)(B), an expert report 'shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor.' Failure to disclose information required by this Rule may result in the exclusion of evidence based on that information, unless the failure to disclose is harmless." *Pfizer Inc. v. Ranbaxy Labs. Ltd.*, C.A. No. 03-209-JJF, 2005 WL 3525681, at *2 (D. Del. Dec. 22, 2005) (excluding undisclosed expert testimony at trial).

Nor can Linear now present a fact witness (if it had one) to support its claim. The Federal Rules of Civil Procedure require a party to disclose and produce information that it intends to use to support its claims or defenses. FED. R. CIV. P. 26. Failure to disclose such information may prohibit that party from producing or relying on that evidence at trial. FED. R. CIV. P. 37(c)(1). Specifically, Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." *See, e.g., Bowers v. National Collegiate Athletic Ass'n*, 475 F.3d 524, 538-41 (3d Cir. 2007) (affirming trial court's preclusion of previously concealed evidence to support plaintiff's claim that defendants were liable for plaintiff's drug abuse where plaintiff failed to identify, in response to interrogatories, certain doctors who treated plaintiff).

"Modern instruments of discovery serve a useful purpose . . . . They together with pretrial procedures make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (citing *Hickman v. Taylor*, 329 U.S. 495, 500-01) (emphasis added):

> The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. . . . The new rules . . . ***invest the deposition-discovery process with a vital role in the preparation for trial.*** The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to ***narrow and clarify the basic issues between the parties***, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues.

4

> ***Thus civil trials in the federal courts no longer need be carried on in the dark.***
> The way is now clear, consistent with recognized privileges, for the parties to
> obtain the fullest possible knowledge of the issues and facts before trial.

The question of whether the MP1543 contains "the ZX circuitry identified by counsel for Linear in the ITC Proceeding" is central to Linear's claim of breach by MPS. As the party claiming breach, Linear has the burden of proof. MPS was entitled to this information during discovery to avoid preparing its case "in the dark." It would be unfairly prejudicial to allow Linear to present evidence and expert opinion and argue a position at trial for the first time, where MPS was denied the opportunity in discovery to learn and investigate such evidence, expert opinions and positions.

## III. CONCLUSION

Because Linear steadfastly refused to produce discovery or disclose opinions on these issues, Linear should be precluded at trial from introducing evidence as to what constitutes "the ZX circuitry identified by counsel for Linear in the ITC Proceeding" or arguing that the accused MP1543 contains that "ZX circuitry."

5

|  |  |
|---|---|
| OF COUNSEL:<br><br>Dean G. Dunlavey<br>Mark D. Kachner<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925<br>Tel: (714) 540-1235<br><br>Mark A. Flagel<br>Robert Steinberg<br>Sean S. Pak<br>LATHAM & WATKINS LLP<br>633 West Fifth Street, Suite 4000<br>Los Angeles, CA 90071-2007<br>Tel: (213) 485-1234<br><br>David McKone<br>LATHAM & WATKINS LLP<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 777-7316<br><br>Claude M. Stern<br>QUINN EMANUEL URQUHART OLIVER<br>& HEDGES, LLP<br>555 Twin Dolphin Dr., Suite 560<br>Redwood Shores, CA 94065<br>Tel: (650) 801-5000<br><br>Richard I. Werder, Jr.<br>Eric Huang<br>Carlos A. Rodriguez<br>QUINN EMANUEL URQUHART OLIVER<br>& HEDGES, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000<br><br>Public Version Dated: May 8, 2008<br>863651 / 30611 | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By:  */s/ Richard L. Horwitz*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, Delaware 19889-0951<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Monolithic Power Systems, Inc.*<br><br>OF COUNSEL:<br><br>Bruce Zisser<br>QUINN EMANUEL URQUHART OLIVER &<br>HEDGES, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3100<br><br>Alison E. Monahan<br>QUINN EMANUEL URQUHART OLIVER &<br>HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 8, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 8, 2008, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
Joel M. Freed
Natalia V. Blinkova
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com
jfreed@mwe.com
nblinkova@mwe.com
mcunningham@mwe.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA  94304-1212
jshin@mwe.com

By: <u>*/s/ David E. Moore*</u>
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

750219 / 30611

By: */s/ David E. Moore*

# EXHIBIT 1

Case 1:06-cv-00476-GMS   Document 180-2   Filed 05/08/2008   Page 1 of 6

**THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY**

# EXHIBIT 2

Case 1:06-cv-00476-GMS   Document 180-2   Filed 05/08/2008   Page 3 of 6

THIS EXHIBIT HAS BEEN
REDACTED IN ITS ENTIRETY

# EXHIBIT 3

THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY