## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 06-476 (GMS) |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MONOLITHIC POWER SYSTEMS' MOTION IN LIMINE NO. 1 TO PRECLUDE
LINEAR FROM PRESENTING TO THE JURY EVIDENCE AND ARGUMENT
CONCERNING THE ENFORCEABILITY OF THE $3 MILLION LIQUIDATED
DAMAGES PROVISION IN THE SETTLEMENT AND LICENSE AGREEMENT**

OF COUNSEL:

Dean G. Dunlavey
Mark D. Kachner
LATHAM & WATKINS LLP
Costa Mesa, CA 92626-1925

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
Los Angeles, CA 90071-2007

David McKone
LATHAM & WATKINS LLP
Chicago, IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
San Francisco, CA 94111

MPS moves *in limine* to preclude Linear from presenting to the jury evidence and argument concerning the enforceability of the $3 million liquidated damages provision in the October 1, 2005, Settlement and License Agreement between Linear and MPS (the "SA") (Ex. 1). MPS contends that the liquidated damages clause is unenforceable in this action both because (1) it is a penalty provision rather than the result of the parties attempting to estimate the damages that would result from a breach and (2) it would only be applicable in actions in the International Trade Commission if it were enforceable. It is not applicable to district court actions. The Court, not a jury, decides these questions, including any underlying factual issues. The uncontroverted evidence relating to the enforceability of the provision can be presented to the Court in less than one hour.

If the Court grants MPS's pending motion for summary judgment of no breach of contract, this motion *in limine* will be moot. If the Court denies MPS's pending motion, the Court should preclude Linear from presenting to the jury any evidence concerning the liquidated damages provision in the SA. Under well-settled California law, the jury does not decide whether the liquidated damages provision is enforceable. *See Harbor Island Holdings v. Kim*, 107 Cal. App. 4th 790, 795 (2003). Whether liquidated damages are available as a remedy under the SA here is a question of contract interpretation that is squarely the province of the Court. The Court decides these questions, as well as any related underlying factual issues. It would be legally wrong and highly prejudicial to MPS to allow Linear to present such evidence to the jury.

## I.    INTRODUCTION

In 2004, Linear initiated an investigation by the International Trade Commission against MPS (the "ITC Proceeding"), alleging that an MPS product infringed certain claims of the '178 and '258 patents. MPS and Linear resolved that ITC Proceeding by entering into the SA. The

SA contains a "liquidated damages" provision that provides (SA, § 6.1 (Ex. 1)):



This provision describes two different litigations: a district court or state court "action" arising

out of or relating to the SA and a "proceeding" in the ITC to enforce the Consent Order. *Id.*

    In this court action, Linear seeks to enforce the SA based on MPS's sales of the accused

MP1543. The parties agreed that if Linear establishes infringement of one or more valid claims

of the patents-in-suit, MPS will pay Linear patent infringement damages of $10. Yet Linear

improperly seeks $3 million as liquidated damages *in addition to* damages for infringement.

## II.    UNDER CALIFORNIA LAW, THE COURT, NOT THE JURY, DECIDES THE VALIDITY OF THE LIQUIDATED DAMAGES PROVISION

    Under California law, which governs the SA (SA, § 6.1 (Ex. 1)), the validity of a

liquidated damages provision is a question of law for the court, and it is error to submit it to the

jury. *See, e.g.*, *Harbor Island Holdings*, 107 Cal. App. 4th at 795 (2003) ("The validity of the

[liquidated damages provision] was a question for the judge to decide."); *Beasley v. Wells Fargo

Bank*, 235 Cal. App. 3d 1383, 1393 (1991) ("[T]he preliminary question whether the liquidated

damages provisions were valid was a matter for the court to decide. The court, not the jury,

should have decided whether it had been impracticable or extremely difficult to fix actual

damages and whether Wells Fargo had made a reasonable endeavor to estimate a fair average

compensation for its loss."); *Roden v. AmerisourceBergen Corp.*, 155 Cal. App. 4th 1548, 1568

(2007) (same). This rule of who is to determine the validity of a liquidated damages provision is

long standing and consistently followed. "Even in actions at law before 1850, juries did not

decide the *validity* of a liquidated damages provision." *Beasley*, 235 Cal. App. 3d at 1393.

Linear may argue that there are factual issues to resolve in determining whether the liquidated damages clause in the SA is valid or instead a penalty. The courts have unequivocally rejected this argument, holding that such factual issues are "***nevertheless committed to judicial determination.***" *Beasley*, 235 Cal. App. 3d at 1394 (emphasis added). It is black letter law that it is error to allow the jury to make the factual determinations necessary to evaluate the validity of a liquidated damages clause, as this would lead to jury confusion and prejudice:

> One authority explains that each of the various questions pertinent to validity "is a question of fact in the sense of not being a question as to the content of a legal rule. Each of them, however, involves the application of a vague standard to a hypothetical situation. A jury is likely to make little effort to consider the imaginary picture of what could have been foreseen to the exclusion of what later actually happened, or to apply discriminatingly the standard of proportion [of agreed amount to reasonably estimable probable damages], and ***the courts seem wise, therefore, in holding, as they do almost unanimously, that the trial judge, not the jury, decides in the light of all the facts whether the stipulation is for liquidated damages or for a penalty***." (McCormick, Handbook on the Law of Damages, § 157, pp. 623-624).

*Beasley*, 235 Cal. App. 3d at 1394 (emphasis added). This is consistent with F. R. Evid. 403, which provides that the Court may exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *See, e.g.*, *Reed v. Methodist Hosp. of Indiana, Inc.*, 2001 WL 1029075, at *4 (S.D. Ind. Aug. 20, 2001) (sustaining motion *in limine* to preclude evidence of liquidated damages).

MPS will be substantially and unfairly prejudiced if the jury hears evidence and argument concerning the unenforceability of the liquidated damages provision. If the jury learned that MPS seeks to have the provision declared unenforceable, it almost certainly would view MPS in an unfavorable light. Even though the positions are legally consistent, the jury will not be able to reconcile MPS's argument that the clause is unenforceable with the fact MPS agreed to the clause in signing the contract. Nor should the jury be asked to reconcile the positions. The question of enforceability of liquidated damages and any underlying factual questions are to be

answered by the Court, not the jury.  There is simply no reason for the jury to hear these

questions and thus it would be unfair to risk confusing the jury to the prejudice of MPS.

**III.    THE UNDISPUTED EVIDENCE DEMONSTRATES THAT THE LIQUIDATED**
**DAMAGES CLAUSE IS AN UNENFORCEABLE PENALTY PROVISION**

Under California law, a liquidated damages clause is unreasonable, and hence

unenforceable, if it does not "represent the result of a reasonable endeavor by the parties to

estimate a fair average compensation for any loss that may be sustained." *Ridgley v. Topa Thrift*

*& Loan Assn.*, 953 P.2d 484, 488 (Cal. 1998).  In the absence of such relationship, a contractual

clause purporting to predetermine damages "must be construed as a penalty." *Id.*  Penalty

provisions are *per se* unenforceable. *Id.*

In this case, Linear admitted that the $3 million liquidated damages term was not the

result of an endeavor by the parties to estimate the actual damages that would flow from a

breach.  8/24/07 Maier deposition, at 23:5-7; 24:14-19; 27:11 to 28:6; *see also id.*, at 30:3-5

███████████████████████████████████████████████████████████████████████████

Furthermore, Linear's position that it is entitled both to actual damages *and* "liquidated

damages" demonstrates that the $3 million is an unenforceable penalty.  Lastly, there is a

complete disconnect between the requested $3 million "liquidated damages" and the stipulated

$10 in patent infringement damages in the event Linear prevails in this case.  *See* Joint

Stipulation (D.I. 88), at 2.

**IV.    WHETHER LIQUIDATED DAMAGES ARE AVAILABLE AS A REMEDY IN**
**THIS DISTRICT COURT ACTION IS ALSO A LEGAL QUESTION FOR THE**
**COURT**

The availability of liquidated damages is governed by the terms of section 6.1 of the SA.

The Court, not the jury, interprets contract terms. ███████████████████████████

███████████████████████████████████████████████████████████████████████████



Thus, liquidated damages is not available under the SA in district court infringement actions.

If Linear's reading of the liquidated damages provision were correct, it could seek in district court a $3 million penalty *over and above* actual damages for patent infringement. That is not what the provision says, it cannot possibly be what it means, and it would be an unenforceable penalty provision in any event.

## V.    CONCLUSION

For the foregoing reasons, MPS respectfully requests that the Court preclude Linear from introducing to the jury any evidence and argument regarding the enforceability of the liquidated damages clause. The evidence to be presented to the Court regarding the clause will be minimal (less than an hour of testimony), and can easily be presented during breaks or after the jury is excused in the afternoon.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Dean G. Dunlavey
Mark D. Kachner
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235

By:    */s/ Richard L. Horwitz*
       Richard L. Horwitz (#2246)
       David E. Moore (#3983)
       Hercules Plaza, 6th Floor
       1313 North Market Street
       Wilmington, Delaware 19889-0951
       Tel: (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 485-1234

*Attorneys for Defendant*
*Monolithic Power Systems, Inc.*

David McKone
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Tel: (312) 777-7316

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017
Tel: (213) 443-3100

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
555 Twin Dolphin Dr., Suite 560
Redwood Shores, CA  94065
Tel: (650) 801-5000

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Tel: (415) 875-6600

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Tel: (212) 849-7000

Public Version Dated: May 8, 2008
863648 / 30611

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 8, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 8, 2008, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
Joel M. Freed
Natalia V. Blinkova
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com
jfreed@mwe.com
nblinkova@mwe.com
mcunningham@mwe.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA  94304-1212
jshin@mwe.com

By:  */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

750219 / 30611

# EXHIBIT 1

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY