IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 06-476 (GMS) |
| v. | ) ) | Confidential Version Filed: May 1, 2008 |
| MONOLITHIC POWER SYSTEMS, INC., | ) ) | Public Version Filed: May 8, 2008 |
| Defendant. | ) | |

**LINEAR'S ANSWERING BRIEF IN OPPOSITION TO MONOLITHIC'S
MOTION *IN LIMINE* NO. 1 TO PRECLUDE LINEAR FROM
RAISING ISSUES RELATING TO THE ENFORCEABILITY
OF THE LIQUIDATED DAMAGES CLAUSE BEFORE THE JURY**

Monolithic's motion to exclude evidence relating to the enforceability of the liquidated damages clause that Monolithic and its attorneys negotiated and agreed to in 2005 should be rejected. There are numerous underlying factual issues bearing on the enforceability of the liquidated damages clause. And they are inextricably intertwined with the proper interpretation of the Settlement Agreement and Monolithic's breach thereof.

Furthermore, it is Monolithic's burden to establish unenforceability of the liquidated damages clause. Linear does not know what evidence, if any, Monolithic will offer to try to meet its burden, but Linear must be permitted to offer rebuttal evidence to the jury.

## ARGUMENT

The Settlement Agreement is governed by California law, which favors liquidated damages provisions and holds that they are presumptively valid. *Weber v. Christian*, 52 Cal. App. 4th 645, 654, 656 (Cal. Ct. App. 1997). California law gives "parties considerable leeway in determining the damages for breach," *id.* at 654, and sets forth a number of factual issues that

may be considered in determining whether a liquidated damages provision is valid.  Those

factual inquiries include "the relative equality of the bargaining power of the parties, whether the

parties were represented by lawyers at the time the contract was made, the anticipation of the

parties that proof of actual damages would be costly or inconvenient, the difficulty of proving

causation and foreseeability, and whether the liquidated damages provision is included in a form

contract." *Id* at 654-55.

Furthermore, under California law the fundamental goal of contractual interpretation is to

give effect to the mutual intention of the parties.  Cal. Civ. Code § 1636 (2007).  That "is

determined by objective manifestations of the parties' intent, including the words used in the

agreement, as well as extrinsic evidence of such objective matters as the surrounding

circumstances under which the parties negotiated or entered into the contract; the object, nature

and subject matter of the contract; and the subsequent acts and conduct of the parties." *City of

Atascadero v. Merrill Lynch,* 68 Cal. App. 4th 445, 474 (Cal. Ct. App. 1998) (citing Cal. Civ.

Code §§ 1635 - 1656 (2007); Cal. Code Civ. Proc. §§ 1859 - 1861, 1864 (2007)).

The facts that relate to the surrounding circumstances under which the parties negotiated

and entered into the contract include such facts as the identities of the individuals involved in the

negotiation and drafting of the agreement, the identity of the party that drafted the agreement and

the relative bargaining power of the parties at the time of the drafting of the agreement.  These

facts, which will be relevant to the agreement as a whole and Monolithic's breach of it, are also

relevant to the liquidated damages clause of Section 6.1.          REDACTED

REDACTED

REDACTED

In contrast to inequitable conduct, which is purely an issue for the Court, factual issues underlying the proper interpretation of the Settlement Agreement will be before the jury. The related facts relevant to the enforceability of the liquidated damages clause should not be kept from them.

The California cases on which Monolithic relies do not support a ruling that the underlying facts relating to the negotiation and drafting of the agreement should be kept from the jury. Those cases simply stand for the unremarkable proposition that the ultimate question of the enforceability of such a clause is an issue for the Court to decide. *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383, 1394 (1991).[1] That the ultimate issue of enforceability is one for the Court, however, does not alter that there are factual issues related to the enforceability of the liquidated damages clause that are intertwined with the facts related to the negotiation of the Settlement Agreement as a whole.

Monolithic itself relies on extrinsic evidence regarding Section 6.1 of the Settlement Agreement (which contains the liquidated damages clause) to support its interpretation of other aspects of the Settlement Agreement. This extrinsic evidence includes e-mails from Monolithic's CFO, Rick Neely, to Linear's patent counsel, John England, which Monolithic has tried to use to alter the meaning of other sections of the Settlement Agreement, including Monolithic's promise not to                          REDACTED

under Section 3.3 of the Agreement. Linear should be allowed to explain the context of that

---

[1]     Similarly, validity is a question of law that ultimately is for the Court to decide, but it is submitted to the jury together with the underlying facts bearing on it.

extrinsic evidence and in doing so, it would also be appropriate to introduce evidence relating to

the negotiation of the liquidated damages provision of the Settlement Agreement.

## **CONCLUSION**

For the foregoing reasons, Linear requests that Monolithic's motion *in limine* no. 1,

seeking to exclude *all* evidence relating to the enforceability of the liquidated damages clause

from the jury, be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
klouden@mnat.com
jparrett@mnat.com
*Attorneys for Plaintiff*
*Linear Technology Corporation*

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Jimmy Shin
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

April 25, 2007

2304077

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on May 8, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on May 8, 2008 upon the following in the manner indicated:

**<u>BY EMAIL</u>**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**<u>BY EMAIL</u>**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
Latham & Watkins LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA 90017

Mark Kachner
Latham & Watkins LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925

David McKone
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
San Francisco, CA 94111

*/s/ James W. Parrett, Jr.*
_____
jparrett@mnat.com (#4292)