IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-476 (GMS) |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC., | ) | Confidential Version Filed: May 1, 2008 |
| | ) | Public Version Filed: May 8, 2008 |
| Defendant. | ) | |
| | ) | |

**LINEAR'S ANSWERING BRIEF IN OPPOSITION TO MONOLITHIC'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE LINEAR FROM PRESENTING EVIDENCE OR ARGUMENT THAT THE ACCUSED MP1543 PART CONTAINS** REDACTED

In settlement of a prior ITC proceeding, Monolithic promised REDACTED

REDACTED

In a misguided summary judgment motion, Monolithic has previously urged that even though

Monolithic's MP1543 contains circuitry based REDACTED

REDACTED just like in the MP1556 which was at issue in the ITC

proceeding—there has been no breach.

Linear has opposed Monolithic's inappropriate attempt to limit its promise so that

it only would apply to REDACTED As Linear explained in

its opposition to Monolithic's motion for summary judgment (D.I. 121 at 2), Monolithic cannot

avoid its agreement by using a set of initials other REDACTED to described its circuitry or by

using                                        REDACTED

Nevertheless, Monolithic's current motion continues the same theme and seeks to preclude plainly relevant and probative evidence because Monolithic is supposedly "in the dark" as to the exact circuitry to which its promise pertains.  But Monolithic has always had knowledge of the relevant MP1543 and MP1556 circuitry — they are Monolithic's own products.  Moreover, as discussed below, Linear has made plain its position that   REDACTED

REDACTED                  means "circuitry that senses a reverse current condition (current at or close to zero) to put the circuit into sleep mode or reverse polarity protection mode."

## **ARGUMENT**

Monolithic's complaint that Linear never made known its position on         REDACTED

REDACTED                  is plainly incorrect.  For example, in its response to Monolithic's Rule 30(b)(6) deposition topics (7-10 and 12), Linear stated:

REDACTED

---

[1]    Though having a           REDACTED                    —just like the MP1556 at issue in the ITC—Monolithic's MP1543 is a "boost" or "step-up" converter, rather than a "buck" or "step-down converter."  However, the Linear patents clearly apply to both topologies.  Parrett Decl., Ex. A ('178 patent) at 2:47-51 ("the circuit and method can be used to control switches in various types of switching regulator configurations, including voltage step-down, voltage step-up and polarity-inversing configurations.").  (*See also* D.I. 121 at 4).

Parrett Decl., Ex. B, Linear's Supplemental Responses and Objections to Monolithic's Rule 30(b)(6) Deposition Topics.[2]

Linear's expert witness, Robert Blauschild, also specifically identified the claimed "third circuit" including                REDACTED                of the MP1543 in his opening expert report.[3]  Mr. Blauschild described the structure that carries out the claimed function of the third element of claim 34 of the '178 patent (*i.e.*, means to cause the regulator circuit to enter sleep mode) as follows:

REDACTED

Parrett Decl., Ex. C, Linear's Opening Expert Report at 47 (emphasis added).

---

[2]    No Linear employee could provide testimony as to the circuit specifics of Monolithic's products because they did not have access to such information under the Protective Order in effect in the ITC investigation.

[3]    Monolithic labeled the comparator in the MP1556 at issue in the ITC as REDACTED  It participates in the performance of the function of the third element of claims 1, 34, and 41 of the '178 patent and it corresponds to comparator 74 in the third means as shown in Figure 7 of the '178 and '258 patents.  *See* D.I. 109, Ex. 12 (Report of Robert Blauschild in the ITC Proceeding) at 45-46, 58, and 78.  The MP1543 REDACTED at issue here, although not labeled REDACTED likewise participates in the performance of the function of the third element of claims 1, 34, and 41 of the '178 patent and corresponds to comparator 74 in the third means as shown in Figure 7 of the '178 and '258 patents.  *Id.*, Ex. 13 (Blauschild Report) at 35-36 and 48-49.

[4]                        REDACTED

Mr. Blauschild further included his opening expert report from the ITC litigation as an exhibit to his opening report in this case. Monolithic therefore was unquestionably on notice of the circuitry that Linear had contended           REDACTED

Monolithic had ample opportunity at deposition to examine Mr. Blauschild about this  REDACTED   issue and did so. At the request of Monolithic's counsel, Mr. Blauschild even circled the portion of the MP1543 circuit schematics that           REDACTED

REDACTED

*See* Parrett Decl., Ex. D, Blauschild Dep. at 65:11-13 and 66:8-9, referring to the MP1543 circuit schematic appearing on MPS_DEL0000868.

In addition, as part of its interrogatory responses (and supplements thereto), Linear provided detailed claim charts on an element-by-element basis, which pinpointed the circuit schematics for the accused circuitry. *See* Parrett Decl., Ex. E, Linear's Third Supplemental Responses and Objections to Monolithic's Interrogatory No. 1 and Linear's Responses and Objections to Monolithic's Second Set of Interrogatories. Monolithic's assertion that Linear merely cited bates numbers without identifying the circuitry is incorrect. Linear's infringement charts for all products elaborate details of the           REDACTED
REDACTED   *See id*. For example, in describing the           REDACTED
REDACTED

Monolithic's complaint about the lack of the term REDACTED   in Linear's expert reports is simply irrelevant. Linear has made clear its position that REDACTED   as used

in the Settlement and License Agreement means                    REDACTED

REDACTED

And Linear's expert, Mr. Blauschild, has made clear what elements make up such circuitry.

Moreover, Monolithic plainly knows what   REDACTED   is of its own products.

The deposition testimony of Monolithic's Rule 30(b)(6) witness, Wei Chen, pinpoints the   REDACTED

REDACTED   of the MP1543.  According to that testimony,                REDACTED

MP1543 that                    REDACTED

REDACTED                    *See*

Declaration of James W. Parrett, Jr. ("Parrett Decl."), Ex. F, Chen Dep. at 104:9-21.  Thus,

Monolithic has never been and is not currently "in the dark."

## CONCLUSION

For all the foregoing reasons, the Court should deny Monolithic's motion *in limine* no. 2.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jparrett@mnat.com
*Attorneys for Plaintiff*
*Linear Technology Corporation*

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Matthew G. Cunningham
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

April 25, 2008
2302976

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on May 8, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on May 8, 2008 upon the following in the manner indicated:

**<u>BY EMAIL</u>**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**<u>BY EMAIL</u>**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
Latham & Watkins LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA 90017

Mark Kachner
Latham & Watkins LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925

David McKone
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
San Francisco, CA 94111

*/s/ James W. Parrett, Jr.*

_____
jparrett@mnat.com (#4292)