IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MONOLITHIC POWER SYSTEMS, INC., ) <br> ) <br> Defendant. ) | C.A. No. 06-476 (GMS) <br><br> Confidential Version Filed: May 1, 2008 <br><br> Public Version Filed: May 8, 2008 |

**LINEAR'S ANSWERING BRIEF IN OPPOSITION TO MONOLITHIC'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE LINEAR FROM PRESENTING ANY EVIDENCE CONCERNING ITS SETTLEMENT AND LICENSE AGREEMENTS WITH THIRD PARTIES, INCLUDING MAXIM INTEGRATED PRODUCTS**

Monolithic's motion *in limine* no. 3 must be rejected because, if Monolithic is permitted to go forward with its invalidity defense,[1] then Linear is entitled to introduce evidence pertaining to objective indicia of nonobviousness. It is well established that licensing of patents is evidence of nonobviousness. *See, e.g., Stratoflex, Inc., v. Aeroquip Corp.*, 713 F.2d 1530, 1538-39 (Fed. Cir. 1983). Linear intends to introduce: (i) Maxim's license to the Linear Patents and (ii) the Maxim CEO's recorded statements to Wall Street analysts enunciating why Maxim licensed the Linear Patents. Monolithic's attempt to exclude this evidence on the basis that the

---

[1] Linear contends that Monolithic REDACTED Linear has filed a motion to strike these defenses, which is pending. (D.I. 11). If the motion is granted, then Linear does not intend to introduce its other settlement and license agreements.

Maxim license arose out of the settlement of the *Impala* Litigation is without merit and should be rejected.[2]

Under its license,                              REDACTED

. On May 3, 2005, less than two months after the parties settled, Mr. Jack Gifford, Maxim's CEO, publicly explained why Maxim settled with Linear. Mr. Gifford stated the following in a recorded quarterly earnings conference call for analysts and investors:

> The – basically settlement was that for the license use of their license, we paid them $40 million for back use of it . . . LTC's work was done approximately a month-and-a-half to two months before ours . . . There really wasn't material prior ART. **There wasn't any prior ART that was that strong** . . . The patent is a broad patent, though, and it's almost conceptual in one area so I think they're going to be successful with other people here too.

*See* Declaration of James W. Parrett, Jr. ("Parrett Decl."), Ex. G (2005 Maxim Earnings Conference Call transcript at 17) (emphasis added).

## **ARGUMENT**

**I.     Linear Is Entitled To Introduce The Maxim License And Mr. Gifford's Statements As Secondary Indicia of Nonobviousness**

A.     The License and Mr. Gifford's Statements are Indicia of Nonobviousness

"[S]econdary considerations, when present, must be considered in determining obviousness."[3] *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 667 (Fed. Cir. 2000). The Maxim license

---

[2]     On June 26, 1997, Linear filed a patent infringement action against Impala Linear Corporation, Toyoda Automatic Loom Works, Ltd., Analog Devices, Inc., Maxim Integrated Products, Inc., and Unitrode Corporation in the Northern District of California alleging infringement of the parent to the '258 patent, the '178 patent ("the *Impala* litigation"). At the time, the '258 patent had not yet been filed. The parties to that District Court litigation settled the case shortly before trial, with Maxim taking a license.

[3]     Contrary to Monolithic's suggestion (Mot. at 4), the Supreme Court's *KSR* decision confirmed that secondary considerations of nonobviousness remain applicable to the

(continued…)

and Mr. Gifford's statement demonstrate the industry's recognition and acceptance of the patents-in-suit. *Stratoflex, Inc.,* 713 F.2d at 1538-39 ("Recognition and acceptance of the patent by competitors who take licenses under it to avail themselves of the merits of the invention is evidence of nonobviousness."); *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1368 (Fed. Cir. 2004) (license considered as objective evidence support the jury's nonobviousness verdict). Licenses are also relevant to demonstrate commercial success. *See, e.g., Iron Grip Barbell Co. v. USA Sports, Inc.*, 392 F.3d 1317, 1324 (Fed. Cir. 2004).

Indeed, Mr. Gifford revealed his state of mind in taking the license, namely his belief that he faced a broad patent with no invalidating prior art. *See* Parrett Decl., Ex. G at 17.[4] Such evidence is entitled to substantial weight. *See Simmons Fastener Corp. v. Illinois Tool Works, Inc.*, 739 F.2d 1573, 1575 (Fed. Cir. 1984).[5]

B.   The Court's *Telcordia* Decision Does Not Apply

Monolithic's reliance on *Telcordia v. Lucent Techs.*, C.A. No. 04-875-GMS (D. Del. Apr. 24, 3007) is misplaced. There the patentee could not show that the settlement and

---

obviousness inquiry. *See KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1739 (U.S. 2007).

[4] Statements that are offered to show the speaker's state of mind or knowledge at the time he made the statements is not hearsay and therefore are not excludable under Federal Rule of Evidence 802. In any event, Mr. Gifford's acknowledgement that his company's MAX782 product does not constitute invalidating prior art also is admissible under the business records exception of Federal Rule of Evidence 803(6). Recorded earnings conference calls with analysts and share holders are conducted in the regular course of a company's business.

[5] Monolithic makes the curious argument that the introduction of the Maxim license would confuse the jury because a different set of products were accused in the *Impala* Litigation. (Mot. at 4). First, licenses almost always involve different accused products, yet plainly are admissible to show nonobviousness. Second, it is Monolithic, not Linear, who seeks to introduce evidence of the products from the *Impala* Litigation (*i.e.*, the MAX782) at trial.

license agreement was probative of nonobviousness. Slip. Op. at 12, n.4. Moreover, in excluding that agreement, the Court emphasized that the agreement provided "a license to 78 patents, only 3 of which are involved in the present lawsuit." *Id.*. at 12.    REDACTED

*See* Motion at Ex. 1 (Maxim license at § 1.4). Thus, the evidence plainly shows that an appreciation of breadth and validity of the patents-in-suit is the exact reason why Maxim decided to take a license.

In addition, Federal Rule of Evidence 408 should not be an impediment to introduction of this evidence here. First, Linear does not seek to introduce the Maxim license to prove Maxim's liability, but rather offers the Maxim license to rebut Monolithic's argument of obviousness. Second, Mr. Gifford's statements were made **after** Maxim and Linear settled the *Impala* litigation.

## CONCLUSION

For all the foregoing reasons, this Court should deny Monolithic's motion *in Limine* No. 3.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Matthew G. Cunningham
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC 20005
(202) 756-8000

1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jparrett@mnat.com
*Attorneys for Plaintiff
Linear Technology Corporation*

April 25, 2008
2306308

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 8, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on May 8, 2008 upon the following in the manner indicated:

**BY EMAIL**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**BY EMAIL**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
Latham & Watkins LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA  90017

Mark Kachner
Latham & Watkins LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA  92626-1925

David McKone
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Redwood Shores, CA  94065

2

        Richard I. Werder, Jr.
        Eric Huang
        Carlos A. Rodriguez
        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
        New York, NY 10010

        Bruce Zisser
        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
        Los Angeles, CA 90017

        Alison E. Monahan
        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
        San Francisco, CA 94111


*/s/ James W. Parrett, Jr.*
_____
jparrett@mnat.com (#4292)