IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.  06-476 (GMS) |
| v. | ) | |
| | ) | Confidential Version Filed: May 1, 2008 |
| MONOLITHIC POWER SYSTEMS, INC., | ) | Public Version Filed: May 8, 2008 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**LINEAR'S ANSWERING BRIEF IN OPPOSITION
TO MONOLITHIC'S MOTION *IN LIMINE* NO. 4 TO
PRECLUDE EVIDENCE OF USE OF THE MP1543 BY CUSTOMERS**

In the guise of a motion *in limine*, Monolithic in effect seeks summary judgment of non-infringement based on its contention that there is insufficient evidence of direct infringement by others.  This motion is procedurally improper and wrong on the substance.  First, infringement by others need not be shown because Monolithic itself directly infringes.  Second, it is well established that direct infringement by others can be proven by circumstantial evidence.  Although Monolithic can argue lack of proof at trial, there is no basis for it to seek entry of judgment in its favor, particularly when it failed to even raise this issue at the summary judgment stage of the proceedings.  (*See* D.I. 92).

Monolithic's assertion that it does not directly infringe the patents-in-suit is incorrect. (Mot. at 1-2).  Monolithic has directly infringed by preparing the MP1543 product for the commercial market, for example,                     REDACTED

In addition, Monolithic has induced and contributed to direct infringement by others (*e.g.*, its customers).   Linear has presented ample evidence of both direct and indirect infringement by Monolithic.

I.      ARGUMENT

A.      **Direct Infringement**

When the MP1543 is combined (as is intended by Monolithic) with off-the-shelf components such as a capacitor and voltage divider resistors, that combination constitutes an infringing switching voltage regulator.  Shown below, from the cover page of the MP1543 datasheet,                                    REDACTED


REDACTED


*See* Declaration of James W. Parrett, Jr. ("Parrett Decl."), Ex. H, MPS_DEL_0002886.

Monolithic itself has                        REDACTED

*See* Parrett

Decl., Ex. F, Chen Dep.[1] at 32:22-34:21 and 49:9-19.  Monolithic also        REDACTED

REDACTED

---

[1]      Wei Chen, Monolithic's Vice President of Systems and Application Engineering, was the Rule 30(b)(6) witness on various topics including the structure, operation, testing, and marketing of the MP1543.

*See id*. at 56:17-57:1 and 57:22-58:6.                          REDACTED

constitutes

direct infringement by Monolithic.

> **B.      Indirect Infringement**

The MP1543 product datasheet makes plain to users how to assemble the claimed

switching voltage regulator using such off-the-shelf components.  Monolithic has indirectly

infringed by                          REDACTED                          ,[2] which instructs

customers how to assemble and use the infringing combination to perform infringing steps.

Monolithic's reliance on *Dynacore*[3] in an effort to keep direct infringement by

others out of this case is misplaced.  Unlike in *Dynacore*, the MP1543 is **incapable** of any non-

infringing use—*i.e.*, when assembled and used as intended infringement necessarily results.

Monolithic's unsupported assertion that the MP1543 may be used as an LED driver does not

alter that state of affairs.  Indeed, at his deposition,               REDACTED

---

[2]                          REDACTED

REDACTED

Parrett Decl., Ex. F, Chen Dep. at 28:19-29:1 and 29:5-7.  Dr. Chen further confirmed
that          REDACTED          *See id*. at 40:9-41:5.  REDACTED
              REDACTED                          *See id*. at 29:12-15.

[3]    *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1275 (Fed. Cir. 2004).

REDACTED

*See* Parrett Decl., Ex. F, Chen Dep. at 38:12-39:1.  And Monolithic has not produced a single TYPICAL APPLICATION diagram showing the MP1543 configured other than as a voltage regulator.

The circumstantial evidence of direct infringement by others is thus compelling.[4] *See Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, No. 00-1172, 2001 U.S. App. LEXIS 233, at *13 (Fed. Cir. Jan. 8, 2001) ("Proof of inducing infringement or direct infringement may be shown by circumstantial evidence."); *see also Pickholtz v. Rainbow Techs., Inc.*, 260 F. Supp. 2d 980, 988 (D. Cal. 2003) (circumstantial evidence may be used to prove contributory infringement).  Moreover, circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.  *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986); *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1365 (Fed. Cir. 2004) (same).

## II.     CONCLUSION

For all the foregoing reasons, this Court should deny Monolithic's motion *in limine* no. 4.

---

[4]     *See Linear Tech. Corp. v. Impala Linear Corp.,* 379 F.3d 1311, 1325 (Fed. Cir. 2004) (considering datasheets evidence of infringement); *VLT Corp. v. Unitrode Corp.*, 130 F. Supp. 2d 178, 200 (D. Mass. 2001) (datasheets are circumstantial evidence that "would support a reasonable inference that [defendant] actively induced infringement").

- 5 -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jparrett@mnat.com
*Attorneys for Plaintiff*
*Linear Technology Corporation*

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Matthew G. Cunningham
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

April 25, 2008


2303098

- 5 -

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 8, 2008, I electronically filed the foregoing

with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the

following:

> Richard L. Horwitz
> POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on May 8, 2008 upon the following in

the manner indicated:

**BY EMAIL**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**BY EMAIL**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
Latham & Watkins LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA 90017

Mark Kachner
Latham & Watkins LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925

David McKone
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
San Francisco, CA 94111

*/s/ James W. Parrett, Jr.*

_____

jparrett@mnat.com (#4292)

2