IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 06-476 (GMS) |
| v. | ) ) | Confidential Version Filed: May 1, 2008 |
| MONOLITHIC POWER SYSTEMS, INC., | ) ) | Public Version Filed: May 8, 2008 |
| Defendant. | ) | |

**LINEAR'S ANSWERING BRIEF IN OPPOSITION TO MONOLITHIC'S MOTION
*IN LIMINE* NO. 5 TO PRECLUDE LINEAR FROM PRESENTING EVIDENCE
CONCERNING THE *AATI* INVESTIGATION OR THE *IMPALA* LITIGATION**

In its motion *in limine,* Monolithic seeks to preclude all evidence from the *AATI*

Investigation or the *Impala* litigation, asserting that it is all inadmissible hearsay. On its face that

characterization is overly broad. For example, the *Impala* deposition testimony of inventor

Milton Wilton is admissible here because he is "unavailable" under Rule 804(a)(4). Indeed,

Monolithic itself has designated deposition testimony from the prior cases for use at trial. To the

extent Monolithic contends that certain evidence is inadmissible, such objections can be

addressed on a case by case basis at trial.

## ARGUMENT

**I.    Linear's Expert, Mr. Blauschild, Should Be Permitted To Testify Regarding The
*Impala* Litigation And The *AATI* Investigation**

Linear's expert, Mr. Blauschild, has first-hand knowledge regarding the *Impala*

Litigation and the *AATI* Investigation[1]– he was Linear's testifying expert in the *Impala* Litigation

---

[1]                                           REDACTED

(continued…)

and Linear's consulting expert in the *AATI* Investigation.  Mr. Blauschild's Rebuttal Report in this action not only rebuts the contentions of Monolithic's expert, Dr. Szepesi, "but also explains why various Courts and agencies were correct to reject these same contentions in the past." Declaration of James W. Parrett, Jr. ("Parrett Decl."), Ex. I, Blauschild Rebuttal Report at 3 ("BRR").  In formulating his rebuttal opinions, Mr. Blauschild relied on and opined on numerous pieces of evidence concerning the prior litigations.

For example, Mr. Blauschild considered, *inter alia*, opinions and findings of the Commission, the ALJ, the Office of Unfair Imports, the District Court, and the Federal Circuit, as well as deposition transcripts, and expert reports to show that Monolithic has relied on references and combinations of those references that were unsuccessfully used in prior litigations. *See, e.g., id.* at 8, 13, 14, 16, 26, 27, 32-33, 36-39, 42, 47-49, 57-62.  Indeed, Dr. Szepesi also relied on materials from the *Impala* and *AATI* cases in his reports.  *See* Szepesi Opening Report at 2, 38, 40-42, 79-82, 83-84, 90 and Szepesi Answering Report at 17-18 and 30-32. (Parrett Decl. Exs. J and K).  Monolithic had the opportunity to question Mr. Blauschild about these opinions and the materials he relied on during his deposition in this case.  Moreover, it is a matter of public record that the references and combinations on which Monolithic relies here were previously rejected or dropped.  *See* Fed. R. Evid. 803(8)(c); *see also Goodman v. PA Turnpike Comm'n*, 293 F.3d 655, 669 (3d Cir. 2002).

## II.     Linear Should Be Permitted To Rebut Monolithic's "Burying" Defense

Monolithic has alleged that the Linear patents are unenforceable due to inequitable conduct based on the theory that Linear's patent prosecution attorneys intentionally

---

stricken, Linear will not introduce evidence regarding the *Impala* Litigation or the *AATI* Investigation.

buried the "patent examiner with over 220 references" during the prosecution of the '258 patent, which is a continuation of the '178 patent.[2]  (D.I. 9, Answer at 7).  Linear should be permitted to rebut this inequitable conduct theory by introducing evidence from the *Impala* litigation to explain why Linear's patent attorneys disclosed these references to the examiner.

  The defendants in the *Impala* litigation alleged that numerous references were prior art to the '178 patent.  As a result, Linear's patent prosecution attorneys disclosed the *Impala* references to the examiner as a matter of prudence.  This background concerning the *Impala* litigation evidences that the prosecuting attorneys had no intent to deceive the examiner by disclosing the *Impala* references.

**III.    Linear Should Be Permitted To Introduce Inventor Wilcox's *Impala* Testimony**

  Linear intends to introduce the *Impala* deposition testimony of inventor Milton Wilcox.  Mr. Wilcox's *Impala* testimony should be admitted because Mr. Wilcox is unavailable to testify under Federal Rule of Evidence 804(a)(4).  Mr. Wilcox    REDACTED

        REDACTED

          *See* Parrett Decl., Ex. L, Letters from Wilcox Physician.

  Monolithic is quite aware of Mr. Wilcox's poor health.  In the *MPS* Investigation, Monolithic withdrew its request to further depose Mr. Wilcox after being provided with a letter from Mr. Wilcox's doctor detailing Mr. Wilcox's infirmities.  As a result, ***both*** Linear and MPS designated Mr. Wilcox's testimony from the *Impala* case in the *MPS* Investigation.  Monolithic

---

[2]  Linear submits that Monolithic's unenforceability defenses should be tried to the Court, not the jury.  (*See* Linear's Motion *in Limine* No. 2).  Moreover, AATI raised the exact same "bury" defense in the *AATI* Investigation.  The ALJ apparently determined that this defense was so lacking in merit that he did not even acknowledge it in his Final Initial Determination.

can hardly complain about the introduction of this testimony given that Monolithic itself has previously relied on it.

The former testimony exception of Rule 804(b)(1) also applies to the Wilcox deposition because: (i) it was a "deposition taken in compliance with law" and (ii) a "predecessor in interest" to Monolithic – *i.e*, the *Impala* defendants – "had an opportunity and similar motive to develop" Mr. Wilcox's testimony over fives days of deposition in the *Impala* litigation. "Privity or a common property interest is not required to establish a predecessor in interest relationship, rather, a shared interest in the material facts and outcome of the case will create such an interest." *New Jersey Turnpike Auth. v. PPG Indus.*, 197 F.3d 96, 110 n.21 (3d Cir. 1999). The *Impala* defendants and Monolithic have a "shared interest" in examining Mr. Wilcox regarding the inventions disclosed in the '178 patent (and thus the '258 patent), disclosure of prior art and the like. Thus, the predecessor in interest requirement of Rule 804(b)(1) has been satisfied.[3]

Accordingly, Monolithic's arguments against applicability of the "unavailable witness" exception is hollow. *See* the "has not otherwise been made known" provision of Federal Rule of Civil Procedure 26(e).

---

[3]    In addition, Monolithic's reliance on Federal Rule of Civil Procedure 32(a)(1) to exclude the Wilcox testimony is misplaced. (Mot. at 3). The fact that Monolithic was not present at Mr. Wilcox's deposition is of no consequence because "[a] deposition previously taken [in an earlier action] may also be used as allowed by the Federal Rules of Evidence." *See* Rule 32(a)(8). Linear has shown that the testimony is admissible under Rule 804(b)(1). *See Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, 2000 U.S. Dist. LEXIS 997, at *3-4 (D. Del. Jan. 13, 2000) (recognizing that Rule 804 of the Federal Rules of Evidence and Rule 32(a) of the Federal Rules of Civil Procedure "provide independent methods of determining whether a deposition may be admitted into evidence as hearsay exception.").

IV.    **Linear Should Be Permitted To Use Testimony From The *Impala* or *AATI* Cases To Show Prior Inconsistent Statements and For Impeachment**

To the extent that Monolithic calls witnesses live at trial who testified in the *Impala* or *AATI* cases, Linear should be permitted to substantively introduce deposition testimony from those cases to show prior inconsistent statements. *See* Fed. R. Evid. 801(d)(1)(a). In addition, to the extent that Monolithic calls witnesses live at trial who testified in the *Impala* or *AATI* cases or designates deposition testimony from those cases, Linear should be permitted to use deposition testimony from those cases for impeachment. *See* Fed. R. Evid. 613 (prior inconsistent testimony) and Fed. R. Civ. P. 32(a)(2) (using depositions for impeachment). Also, if Monolithic introduces a portion of a deposition from a past case, then Linear may introduce other portions of that deposition. *See* Fed. R. Civ. P. 32(a)(6) (using part of a deposition) and Fed. R. Evid. 106 (rule of completeness).

## **CONCLUSION**

For all the foregoing reasons, Monolithic's motion *in limine* no. 5 should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
klouden@mnat.com
jparrett@mnat.com
*Attorneys for Plaintiff*
*Linear Technology Corporation*

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Jimmy Shin
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000


April 25, 2007

2306407

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on May 8, 2008, I electronically filed the foregoing

with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the

following:

> Richard L. Horwitz
> POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on May 8, 2008 upon the following in

the manner indicated:


<u>BY EMAIL</u>

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

<u>BY EMAIL</u>

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
Latham & Watkins LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA  90017

Mark Kachner
Latham & Watkins LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA  92626-1925

David McKone
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

Claude M. Stern
QUINN  EMANUEL  URQUHART  OLIVER
& HEDGES, LLP
Redwood Shores, CA  94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
San Francisco, CA 94111

*/s/ James W. Parrett, Jr.*
_____
jparrett@mnat.com (#4292)