IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-476 (GMS) |
| ) | Confidential Version Filed: May 1, 2008 |
| MONOLITHIC POWER SYSTEMS, INC., ) | Public Version Filed: May 8, 2008 |
| ) | |
| Defendant. ) | |

### LINEAR'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE MONOLITHIC FROM REFERRING TO, OR OFFERING EVIDENCE RELATING TO, THE AMOUNT OF SALES OF THE ACCUSED MP1543 PRODUCT OR THE STIPULATED AMOUNT OF PATENT INFRINGEMENT DAMAGES BEFORE THE JURY

Plaintiff Linear Technology Corporation ("Linear") moves for entry of an Order to preclude Defendant Monolithic Power Systems, Inc. ("Monolithic") from referring to, or offering evidence related to, the amount of sales of the accused MP1543 product in front of the jury. Monolithic pulled the MP1543 from the market after Linear brought this suit and the parties have stipulated to the amount of patent infringement damages. Thus, the issue of patent infringement damages and the number of infringing sales is not relevant to any issue to be tried in the case. Linear also requests that Monolithic be precluded from referring to, or offering evidence related to, the stipulated amount of patent infringement damages in front of the jury as irrelevant and unduly prejudicial under Federal Rules of Evidence 402 and 403.

### INTRODUCTION

On September 29, 2005, Linear and Monolithic entered into the Settlement and License Agreement ("the Settlement Agreement") pursuant to which the parties settled the patent

dispute between them and a pending ITC Investigation.[1] In the Settlement Agreement,

Monolithic promised                    REDACTED

REDACTED                                    (Settlement Agreement at ¶ 3.3).[2] After

the parties entered into the Agreement, Monolithic released the MP1543,    REDACTED

REDACTED                                    Linear then

brought this action on August 3, 2006 to enforce the Settlement Agreement and also alleged

willful infringement. (D.I. 1 at ¶¶ 15, 16, 18). Monolithic then withdrew the MP1543 from the

marketplace.

Monolithic has represented that during the short time that the MP1543 was on the

market, total net sales in the United States were only about $100. (D.I. 88). Therefore, to

streamline the issues for trial, the parties entered into a joint stipulation of nominal infringement

damages in the amount of $10 (the "Damages Stipulation"). Id. at 2.

If infringement is found, however, Linear will be entitled to monetary relief under

the Settlement Agreement because the infringement also constitutes a breach thereof. The

Settlement Agreement requires Monolithic            REDACTED

REDACTED                             (Settlement Agreement at

6.1).

---

[1]   In August 2004, the International Trade Commission instituted an investigation of Monolithic's activities under Section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337) for unfair methods of competition. ("ITC Investigation"). Linear alleged that Monolithic violated Section 337 by importing voltage regulator circuits that infringed U.S. Patent Nos. 5,481,178 ("the '178 Patent") and 6,580,258 ("the '258 Patent").

[2]   The Settlement Agreement is attached as Exhibit 2 to the Declaration of Karen Jacobs Louden filed herewith.

## ARGUMENT

Monolithic should not be permitted to present to the jury evidence relating to the amount of sales of the MP1543 or to the stipulated damages because such evidence has no relevance to the questions in front of the jury – *i.e.*, infringement and other breaches of the Settlement Agreement.[3] A party infringes by making, using, selling or offering for sale a patented invention in the United States, regardless of the extent of infringement. 35 U.S.C. § 271(a). Moreover, the amount of sales is not relevant here to infringement damages because those damages have already been set in the Damages Stipulation.[4] In addition, sales are not relevant to breach of contract damages; those damages are governed by the contractual provisions here on liquidated damages and attorneys' fees.

Permitting Monolithic to present evidence of the minimal sales of the MP1543 or the stipulated amount of patent infringement damages before the jury not only would waste time and create confusion, but would also present a real danger of unfair prejudice to Linear.[5] For example, if Monolithic discloses that it has only had sales of $100 of the MP1543 in the United States, the jury may be inappropriately hesitant to         REDACTED

REDACTED

REDACTED            (Settlement Agreement ¶ 6.1). The relevant inquiry with respect to the

---

[3]   Monolithic has breached the Settlement Agreement by the manufacture, use, sale or offer for sale of the MP1543 and/or by contesting or challenging the validity of Linear's Patents in this action.

[4]   Indeed, the parties entered into the Damages Stipulation to avoid the expense of dealing with damage proofs. (D.I. 88 at 2).

[5]   *See THK Am., Inc. v. NSK, Ltd.*, No. 90-6049, 1996 U.S. Dist. LEXIS 226, at *5 (N.D. Ill. Jan 10, 1996) ("[T]o the extent possible, evidence which is likely to prejudice should be heard separately by the Court.")

enforcement of the liquidated damages clause is not what Monolithic's actual sales have been, however, but whether the clause was unreasonable under the circumstances at the time the contract was made. (Cal. Civ. Code §1671(b)). Further, if Monolithic were permitted to present evidence of minimal sales, there is a real danger that the jury would inappropriately question why it is being asked to decide infringement at all, and would perhaps be improperly swayed by that from finding liability.

In addition, introduction of this irrelevancy – the amount of Monolithic's U.S. sales of the MP1543 and the amount of stipulated damages – can only confuse the jury into wondering what to do with that information. "[A] patent case is complex and confusing enough for a jury without infusing evidence which has no relevance to the issues to be decided by that jury." *THK Am., Inc.,* 1996 U.S. Dist. LEXIS 226, at *5.

## CONCLUSION

For the foregoing reasons, Linear moves for entry of an Order precluding Monolithic from referring to, or offering evidence related to, the amount of sales of the MP1543 or the amount of stipulated patent infringement damages in front of the jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *James W. Parrett, Jr.*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jparrett@mnat.com

*Attorneys for Plaintiff*
*Linear Technology Corporation*

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Jimmy Shin
Matthew G. Cunningham
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC 20005
(202) 756-8000

April 11, 2007
2291400

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on May 8, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Richard L. Horwitz
>POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on May 8, 2008 upon the following in the manner indicated:

**BY EMAIL**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**BY EMAIL**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
Latham & Watkins LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA  90017

Mark Kachner
Latham & Watkins LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA  92626-1925

David McKone
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

Claude M. Stern
QUINN  EMANUEL  URQUHART  OLIVER
& HEDGES, LLP
Redwood Shores, CA  94065

2

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
San Francisco, CA 94111


*/s/ James W. Parrett, Jr.*
_____
jparrett@mnat.com (#4292)