IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LINEAR TECHNOLOGY
CORPORATION,

          Plaintiff,

     v.

MONOLITHIC POWER SYSTEMS, INC.,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 06-476 (GMS)

Confidential Version Filed: May 2, 2008

Public Version Filed: May 8, 2008

**LINEAR'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3 TO
PRECLUDE MONOLITHIC FROM REFERRING TO, OR OFFERING
EVIDENCE RELATING TO, THE AMOUNT OF SALES OF THE
ACCUSED MP1543 PRODUCT OR THE STIPULATED AMOUNT
OF PATENT INFRINGEMENT DAMAGES BEFORE THE JURY**

The stipulated amount of patent infringement damages and the number of

infringing sales is not relevant to any issue to be tried in the case.  Presentation of that to the jury

can only serve to waste time, create confusion, and unfairly prejudice Linear.

**ARGUMENT**

Contrary to Monolithic's contention, it is simply not logical that the number of

sales (or the stipulated damages for them) makes any difference to whether Monolithic infringed

(as even a single manufacture or use can constitute infringement) or whether any customer used

its purchased MP1543 as it was designed and intended to be used.  The apparent suggestion that

just because few were sold, they were used as doorstops or paperweights is nonsense.  In any

event, the record is clear why few were sold – Monolithic stopped selling the accused part

because                   REDACTED                   not because the part was

not used for its designed and intended purpose.[1]  Indeed, Monolithic's CEO testified that the

---

[1]    As such, Monolithic also cannot shoehorn its irrelevant evidence on the alleged ground
that it is supposedly relevant to show a "lack of commercial success." (Opp. at 5).

MP1543's sales were minimal          REDACTED          Ex. 1, 8/29/07 Hsing deposition at

89:10-14.

Neither the low number of sales nor the stipulated damages rebuts the

circumstantial evidence (*e.g.*, in the form of testimony and product literature about the structure,

function, operation, and intended purpose of the MP1543[2]) of direct infringement contributed to

and induced by Monolithic.  Monolithic's misleading quote from the *DSU* decision cannot alter

that.  Monolithic is wrong to insinuate that Linear must prove that each accused part sold was

used in an infringing manner.  *DSU* makes no such pronouncement.  Rather, the *DSU* court was

simply making the unremarkable observation that there can be no indirect infringement, unless

direct infringement follows.  Linear does not have to show that each sale resulted in

infringement; rather Linear just has to show that it is more probable than not that a customer

used the MP1543 in the way it was intended to be used – namely, to infringe the Linear Patents.[3]

Monolithic is also wrong in maintaining that the amount of stipulated patent

infringement damages is relevant to the enforceability of the liquidated damages provision.

---

[2]  *See Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, No. 00-1172, 2001 U.S. App. LEXIS 233, at *13 (Fed. Cir. Jan. 8, 2001) ("Proof of inducing infringement or direct infringement may be shown by circumstantial evidence … Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence"); *see also Pickholtz v. Rainbow Techs., Inc.*, 260 F. Supp. 2d. 980, 988 (N.D. Cal. 2003) (circumstantial evidence may be used to prove contributory infringement). The evidence in this case shows that the MP1543 has no substantial non-infringing use and was                         REDACTED
REDACTED                                      The natural consequences of such acts is use by the customers for the intended purpose, so this evidence is highly probative circumstantial evidence that customers directly infringed. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 125 S. Ct. 2764, 2777 (2005) ("One who makes and sells articles which are only adapted to be used in a patented combination will be presumed to intend the natural consequences of his acts… .")

[3]  The issue of whether each sale led to direct infringement could be relevant to the lost profits inquiry. *Chiuminatta*, 2001 U.S. App. LEXIS 233 at *9-13.  But lost profits are not claimed here.

Liquidated damages provisions are presumed valid and are only unenforceable if the liquidated

damages amount is disproportionate to the damages anticipated *at the time the contract was*

*made*. *Ridgley v. Topa Thrift & Loan Ass'n*, 17 Cal. 4th 970, 977 (Cal. 1998). That Monolithic

has temporarily discontinued its infringing sales is irrelevant to the question of whether the

liquidated damages were reasonable in 2005. In contrast, the facts that are relevant show that the

liquidated damages were reasonably set in 2005.[4]

    For the foregoing reasons, Linear respectfully requests an Order precluding

Monolithic from referring to, or offering evidence related to, the amount of sales of the MP1543

or the amount of stipulated patent infringement damages in front of the jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Raphael V. Lupo
Joel M. Freed
Ronald J. Pabis
Matthew G. Cunningham
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC  20005
(202) 756-8000

*/s/ James W. Parrett, Jr.*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jparrett@mnat.com
*Attorneys for Plaintiff*
*Linear Technology Corporation*

May  2, 2008

---

[4]    Linear's CEO, who executed the Settlement Agreement,    REDACTED
                                                REDACTED

        REDACTED                    8/24/07 Maier dep. at 23:11-24:13.    REDACTED
                                                REDACTED

        REDACTED            *Id*; *see also* Linear's Theory of Damages set forth in its Pretrial
Brief. The false issue of double recovery is not present here, particularly since internal costs
associated with enforcing a patent license are not often remedied by the patent statute. *See*
*Poseidon Dev., Inc. v. Woodland Lane Estates, LLC*, 152 Cal. App. 4th 1106, 1115 (Cal. Ct. App.
2007) (noting that a liquidated damages clause may be used to account for the cost of litigation if
breach occurs).

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 8, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> POTTER ANDERSON & CORROON LLP

I also certify that copies were caused to be served on May 8, 2008 upon the following in the manner indicated:

**BY EMAIL**

Richard L. Horwitz
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

**BY EMAIL**

Dean G. Dunlavey
Mark A. Flagel
Robert Steinberg
Sean Pak
Latham & Watkins LLP
633 West Fifth Street, Ste. 400
Los Angeles, CA 90017

Mark Kachner
Latham & Watkins LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925

David McKone
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN  EMANUEL  URQUHART  OLIVER
& HEDGES, LLP
New York, NY  10010

Bruce Zisser
QUINN  EMANUEL  URQUHART  OLIVER
& HEDGES, LLP
Los Angeles, CA  90017

Alison E. Monahan
QUINN  EMANUEL  URQUHART  OLIVER
& HEDGES, LLP
San Francisco, CA  94111


*/s/ James W. Parrett, Jr.*
_____
jparrett@mnat.com (#4292)

# EXHIBIT 1

## FULLY REDACTED