IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-476-GMS |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MONOLITHIC POWER SYSTEMS' REPLY BRIEF IN SUPPORT OF
ITS MOTION TO BIFURCATE THE QUESTIONS OF THE AVAILABILITY AND
ENFORCEABILITY OF THE $3 MILLION LIQUIDATED DAMAGES PROVISION IN
THE SETTLEMENT AND LICENSE AGREEMENT**

OF COUNSEL:

Dean G. Dunlavey
LATHAM & WATKINS LLP
Costa Mesa, CA 92626-1925

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
Los Angeles, CA 90071-2007

David McKone
LATHAM & WATKINS LLP
Chicago, IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
San Francisco, CA 94111

## TABLE OF CONTENTS

I. FACTUAL BACKGROUND ........................................................................................1

II. ARGUMENT .................................................................................................................1

    A. Linear Ignores the Unequivocal California Case Law Holding that the Court, not the Jury, is to Hear the Evidence and Resolve Any Factual Disputes that Bear on the Validity of the Liquidated Damages Provision ..............2

    B. The Applicability of the Liquidated Damages Provision in Section 6.1 of the SA is a Question of Law for the Court............................................................3

    C. Linear Does Not Dispute that MPS will be Unfairly Prejudiced if the Jury Decides the Liquidated Damages Questions....................................................4

    D. Judicial Economy Dictates Bifurcation ................................................................4

III. CONCLUSION..............................................................................................................5

i

# TABLE OF AUTHORITIES

**CASES**

**Page(s)**

*Beasley v. Wells Fargo Bank,*
    235 Cal. App. 3d 1383 (1991) ...................................................................................2, 4

*City of Hope Nat. Med. Center v. Genentech, Inc.,*
    No. S129463, 2008 Cal. LEXIS 4435 (Cal. April 24, 2008) ......................................3

*Harbor Island Holdings v. Kim,*
    107 Cal. App. 4th 790 (2003) ........................................................................................2

*Roden v. AmerisourceBergen Corp.,*
    155 Cal. App. 4th 1548 (2007) ......................................................................................2

MPS filed its Motion to Bifurcate the Questions of the Availability and Enforceability of the $3 Million Liquidated Damages Provision in the Settlement and License Agreement (the "Motion to Bifurcate") to ensure that the operative question – whether the application and validity of the liquidated damages provision is to be decided by the Court or the jury – is squarely presented and properly framed for decision. Contrary to Linear's assertion, MPS did not "end-run the Court's procedures" – the Court has never said anything limiting the filing of motions to bifurcate. Furthermore, MPS used one of its five allotted motions *in limine* to address this very issue. The Motion to Bifurcate simply frames the question in a manner that enables the Court to take the appropriate action, *i.e.*, to bifurcate non-jury matters from the remainder of the trial.

## I.   FACTUAL BACKGROUND

The relevant factual background is discussed in the Part I of the Motion to Bifurcate, and is incorporated here by reference.

## II.   ARGUMENT

MPS's Motion to bifurcate raised two distinct issues with respect to the liquidated damages clause:

- whether liquidated damages under the Settlement and License Agreement (the "SA") are available in this district court action; and
- whether the liquidated damages clause is an unenforceable penalty under California law.

Linear's Response conflates these two questions in an attempt to gloss over undisputable California case law dictating that the validity of a liquidated damages provision is a question for the Court, not the jury.

A. **Linear Ignores the Unequivocal California Case Law Holding that the Court, not the Jury, is to Hear the Evidence and Resolve Any Factual Disputes that Bear on the Validity of the Liquidated Damages Provision**

As set forth in the Motion to Bifurcate, California law unequivocally holds that the validity of a liquidated damages provision is a question for the Court. *See, e.g., Roden v. AmerisourceBergen Corp.*, 155 Cal. App. 4th 1548, 1568 (2007); *Harbor Island Holdings v. Kim*, 107 Cal. App. 4th 790, 795 (2003); *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383, 1393 (1991). Submission of this question to the jury is legal error. *Beasley*, 235 Cal. App. 3d at 1398 ("the judge erred in submitting the validity issue to the jury"). California recognizes that the validity issue may contain factual elements and is not necessarily a pure question of law, but "because of its character, it is nevertheless committed to judicial determination." *Id.* at 1394.

Linear's Response does not offer any case law to support its argument that the jury should decide whether the liquidated damages provision is valid under California law. This silence is not accidental – California cases are unequivocal in holding that this is a question for the Court. Linear's attempt to equate the question of whether a liquidated damages provision is an invalid penalty with other complex intermingled issues of fact and law misses the point. It is not the case that juries in California are never called upon to decide mixed questions of law and fact or other complicated issues – clearly they are. The critical, and undisputed, point is that California entrusts this *particular* question to the Court, rather than the jury. *See, e.g., Beasley*, 235 Cal. App. 3d at 1394 ("the validity issue is not really a classic question of law, but is one of fact that, *because of its character*, is nevertheless committed to judicial determination) (emphasis added).

MPS's Motion to Bifurcate demonstrated that the validity of a liquidated damages provision is a question for the Court, and Linear has not identified any contrary authority.

2

Consequently, MPS respectfully requests that the Court bifurcate this issue and separately consider the evidence and rule on whether the $3 million liquidated damages clause is an unenforceable penalty.

### B. The Applicability of the Liquidated Damages Provision in Section 6.1 of the SA is a Question of Law for the Court

Linear's Response relies heavily on *City of Hope Nat. Med. Center v. Genentech, Inc.*, No. S129463, 2008 Cal. LEXIS 4435 (Cal. April 24, 2008), to argue that the jury should be the ultimate arbiter of whether the liquidated damages provision of Section 6.1 of the SA applies in this district court action. The dispute over the meaning of this Section is outside the purview of *City of Hope*, for two reasons.

First, *City of Hope* is only relevant when construction turns on the credibility of extrinsic evidence. *Id.* at *42. The construction of the liquidated damages provision does not turn on the credibility of extrinsic evidence, so *City of Hope* is inapplicable to that issue.

Second, extrinsic evidence cannot be used to give the written instrument a meaning to which it is not reasonably susceptible. *Id.* at *44. The portion of Section 6.1 of the SA discussing the type of dispute covered by the liquidated damages provision is only susceptible to one reasonable interpretation, and extrinsic evidence is unnecessary to determine that meaning. The relevant provision is clear: "In addition to other relief available *at the ITC*, if Linear is the prevailing party *in any such proceeding*, MPS shall pay Linear liquidated damages in the amount of three million dollars ($3,000,000)." (Emphasis added.) This provision is not ambiguous – it states that Linear is entitled to three million dollars in damages, but only if it prevails in an ITC proceeding.

3

Linear has not offered any other interpretation of this portion of Section 6.1. Accordingly, MPS respectfully requests that the Court decide the legal meaning of this contractual language as a question of law, rather than submitting the question to the jury.[1]

### C. Linear Does Not Dispute that MPS will be Unfairly Prejudiced if the Jury Decides the Liquidated Damages Questions

MPS's Motion to Bifurcate explained how MPS will be unfairly prejudiced if the jury hears evidence on and decides the liquidated damages issues. Motion to Bifurcate §§ C, D. Linear's Response does not address the prejudice issue. Thus, it is uncontested that MPS will be unfairly prejudiced if its motion is not granted.

### D. Judicial Economy Dictates Bifurcation

Likewise, Linear does not dispute that bifurcation would simplify the issues the jury must consider. Motion to Bifurcate § E. MPS estimates that the Court will be able to address the liquidated damages question in about an hour, far less time than would be required to educate the jury to: (1) interpret a disputed contractual provision; and (2) determine whether a liquidated damages provision is an unenforceable penalty provision.

---

[1] Linear's focus on extrinsic evidence as to whether the liquidated damages clause is an unenforceable penalty is a different question, which would only arise if Linear were to pass the construction hurdle. Moreover, even if Linear were to do so, that is exactly the type of evidence that must under California law be presented to the Court in order to avoid undue prejudice. *Beasley*, 235 Cal. App. 3d at 1394. Finally, as set forth in MPS's Motion in Limine No. 1, there is no good faith dispute as to the extrinsic evidence concerning the liquidated damages provision – Linear has admitted that the $3 million figure is not the result of an effort by the parties to estimate what damages would be in the event of a breach. It is an unenforceable penalty provision, pure and simple.

4

## III. CONCLUSION

For the foregoing reasons, MPS requests that its motion to bifurcate the two issues related to liquidated damages – applicability of the relevant clause of Section 6.1 to this district court action and enforceability of the liquidated damages provision – be granted.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Dean G. Dunlavey<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925<br>Tel: (714) 540-1235<br><br>Mark A. Flagel<br>Robert Steinberg<br>Sean S. Pak<br>LATHAM & WATKINS LLP<br>633 West Fifth Street, Suite 4000<br>Los Angeles, CA 90071-2007<br>Tel: (213) 485-1234<br><br>David McKone<br>LATHAM & WATKINS LLP<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 777-7316<br><br>Claude M. Stern<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>555 Twin Dolphin Dr., Suite 560<br>Redwood Shores, CA 94065<br>Tel: (650) 801-5000<br><br>Richard I. Werder, Jr.<br>Eric Huang<br>Carlos A. Rodriguez<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000<br><br>Dated: May 9, 2008<br>863842 / 30611 | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By:  /s/ *Richard L. Horwitz*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, Delaware 19889-0951<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Monolithic Power Systems, Inc.*<br><br>OF COUNSEL:<br><br>Bruce Zisser<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3100<br><br>Alison E. Monahan<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on May 9, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 9, 2008, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
Joel M. Freed
Natalia V. Blinkova
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com
jfreed@mwe.com
nblinkova@mwe.com
mcunningham@mwe.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304-1212
jshin@mwe.com

By: /s/ Richard L. Horwitz
  Richard L. Horwitz
  David E. Moore
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, Delaware 19899-0951
  (302) 984-6000
  rhorwitz@potteranderson.com
  dmoore@potteranderson.com

750219 / 30611