IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-476 (GMS) |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**MONOLITHIC POWER SYSTEMS' REPLY TO ITS MOTION IN LIMINE NO. 1 TO PRECLUDE LINEAR FROM PRESENTING TO THE JURY EVIDENCE AND ARGUMENT CONCERNING THE ENFORCEABILITY OF THE $3 MILLION LIQUIDATED DAMAGES PROVISION**

OF COUNSEL:

Dean G. Dunlavey
LATHAM & WATKINS LLP
Costa Mesa, CA 92626-1925

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
Los Angeles, CA 90071-2007

David McKone
LATHAM & WATKINS LLP
Chicago, IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
New York, NY 10010

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
San Francisco, CA 94111

## I. INTRODUCTION

MPS's Motion in Limine No. 1 requests that the Court preclude Linear from presenting *to the jury* evidence and argument concerning the enforceability of the $3 million liquidated damages provision in the October 1, 2005 Settlement and License Agreement (the "SA"). MPS's motion presented the unequivocal and controlling case law holding that (1) the enforceability of the liquidated damages provision is an issue for the Court and (2) it would be error to allow Linear to present evidence concerning that issue to the jury. Linear has no legal support for its position, so it ignores the case law. MPS's motion discussed the unfair prejudice that would result were the jury to hear evidence and argument concerning the unenforceability of the liquidated damages provision. Linear does not address, much less rebut, MPS's statements concerning prejudice. MPS's motion explained that the liquidated damages clause would not apply to district court actions in any event. Again, Linear has no response.

There is a good reason for Linear's conspicuous silence – it does not have a credible response. Instead, it argues that the jury is going to hear evidence concerning the SA so it might as well hear evidence and argument concerning the liquidated damages provision.[1] Linear's position is transparently wrong and the Court should grant MPS's motion.

## II. LINEAR IGNORES THE UNEQUIVOCAL CASE LAW HOLDING THAT THE COURT, NOT THE JURY, IS TO HEAR THE EVIDENCE AND RESOLVE ANY FACTUAL DISPUTES THAT BEAR ON THE VALIDITY OF THE LIQUIDATED DAMAGES PROVISION

As set forth in MPS's opening brief, California law unequivocally holds that the validity of a liquidated damages provision is a question for the Court. *See, e.g., Roden v. AmerisourceBergen Corp.*, 155 Cal. App. 4th 1548, 1568 (2007) ("[t]he issue of whether [the

---

[1] Linear's argument presupposes that the Court will deny MPS's pending Motion for Summary Judgment of No Breach of Contract (Count One). As set forth in MPS's moving papers, if the Court grants MPS's pending motion for summary judgment, this motion *in limine* will be moot.

liquidated damages provision] is unenforceable as a penalty is a question of law"); *Harbor Island Holdings v. Kim*, 107 Cal. App. 4th 790, 794 (2003) (same); *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1383, 1393 (1991) (same). Submission of this question to the jury is legal error. *Beasley*, 235 Cal. App. 3d at 1398 ("the judge erred in submitting the validity issue to the jury").

Linear tries to distinguish this case law by mistakenly claiming that "[t]hose cases simply stand for the unremarkable proposition that the ultimate question of the enforceability of such a clause is an issue for the Court to decide." Opp., at 3 (emphasis in original). Linear then implies – without any legal support – that the jury may still hear and decide factual issues concerning the liquidated damages provision. Linear's implication is wrong. *See, e.g., Beasley*, 235 Cal. App. 3d at 1394 ("the validity issue is not really a classic question of law, but is one of fact that, because of its character, is nevertheless committed to judicial determination").

### III. LINEAR FAILED TO ADDRESS, MUCH LESS REBUT, THE PREJUDICE TO MPS THAT WOULD RESULT FROM ALLOWING THE JURY TO HEAR EVIDENCE CONCERNING THE LIQUIDATED DAMAGES PROVISION

MPS's opening brief described the prejudice that it would suffer if the jury were to hear evidence and argument concerning the liquidated damages provision. Motion, at 3-4. Linear's opposition does not address the prejudice issue at all. Thus, it is uncontested that MPS would be unfairly prejudiced unless the Court grants MPS's motion.

### IV. LINEAR FAILED TO ADDRESS, MUCH LESS REBUT, MPS'S ARGUMENT THAT THE LIQUIDATED DAMAGES PROVISION IS NOT APPLICABLE TO DISTRICT COURT ACTIONS

MPS's opening brief explained why, under the applicable language of the liquidated damages provision, liquidated damages are available only in ITC proceedings. The provision, even if it were enforceable, does not apply in district court actions (where, under the SA, the aggrieved party may recover actual damages). Motion, at 4-5. MPS also explained that this is a legal question for the Court. *Id.* Linear's opposition does not challenge either of these issues.

2

Accordingly, the Court should now rule, as a matter of law, that the liquidated damages provision is not applicable to this case.

V. **LINEAR'S CITATION TO THE *WEBER* DECISION IS BOTH MISPLACED AND IRRELEVANT**

Linear's opposition cites to *Weber Lipshie & Co. v. Christian*, 52 Cal. App. 4th 645 (1997) for the proposition that a number of factors should be considered in determining the enforceability of the liquidated damages provision. Opp., at 2-3. Yet there is nothing in *Weber* suggesting that any of those factors should be presented to the jury. To the contrary, the *Weber* court decided, *as a matter of law*, that the liquidated damages provision before it was enforceable. 52 Cal. App. 4th at 656.

*Weber*, moreover, is a lower court decision issued prior to the California Supreme Court's *Ridgley* decision, which unequivocally held that a liquidated damages provision is unreasonable, and hence unenforceable, if it does not "represent the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that may be sustained." *Ridgley v. Topa Thrift & Loan Ass'n*, 953 P.2d 484, 488 (Cal. 1998). It simply does not matter whether the contract was drafted by attorneys, who had the greater bargaining power, etc. A penalty provision is unenforceable, regardless of how it came into being. *Harbor Island Holdings*, 107 Cal. App. 4th at 799 (invalidating liquidated damages provision in "a commercial lease negotiated by seasoned business entities"); *Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, 521 F. Supp. 2d 1031, 1045 (N.D. Cal. 2007) (invalidating provision in contract negotiated by counsel).

VI. **CONCLUSION**

For these reasons, MPS respectfully requests that the Court grant its motion.

3

<div style="display: grid; grid-template-columns: 1fr 1fr;">

<div>

OF COUNSEL:

Dean G. Dunlavey
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 485-1234

David McKone
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Tel: (312) 777-7316

Claude M. Stern
QUINN EMANUEL URQUHART
& HEDGES, LLP
555 Twin Dolphin Dr., Suite 560
Redwood Shores, CA 94065
Tel: (650) 801-5000

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART
& HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

Dated: May 2, 2008
Public Version Dated: May 9, 2008
863720 / 30611

</div>

<div>

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:   */s/ David E. Moore*
  Richard L. Horwitz (#2246)
  David E. Moore (#3983)
  Hercules Plaza, 6th Floor
  1313 North Market Street
  Wilmington, Delaware 19889-0951
  Tel: (302) 984-6000
  rhorwitz@potteranderson.com
  dmoore@potteranderson.com

*Attorneys for Defendant*
*Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART &
HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3100

Alison E. Monahan
QUINN EMANUEL URQUHART &
HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600

</div>

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 9, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 9, 2008, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
Joel M. Freed
Natalia V. Blinkova
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com
jfreed@mwe.com
nblinkova@mwe.com
mcunningham@mwe.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304-1212
jshin@mwe.com

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

750219 / 30611

2

By: /s/ David E. Moore