IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 06-476 (GMS) |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC., ) | **PUBLIC VERSION** |
| ) | |
| Defendant. ) | |

**MONOLITHIC POWER SYSTEMS' REPLY TO MOTION IN LIMINE NO. 2
TO PRECLUDE LINEAR FROM PRESENTING EVIDENCE OR ARGUMENT
THAT THE ACCUSED MP1543 PART CONTAINS "THE ZX CIRCUITRY
IDENTIFIED BY COUNSEL FOR LINEAR IN THE ITC PROCEEDING"**

OF COUNSEL:

Dean G. Dunlavey
LATHAM & WATKINS LLP
Costa Mesa, CA 92626-1925

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
Los Angeles, CA 90071-2007

David McKone
LATHAM & WATKINS LLP
Chicago, IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
New York, NY 10010

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
San Francisco, CA 94111

I.   **INTRODUCTION**

As set forth in MPS's Motion in Limine No. 2, Linear's expert witness in this case – the same person who served as its expert witness in the ITC Proceeding – has not offered any opinion that "the ZX circuitry identified by counsel for Linear in the ITC Proceeding" is present in the MP1543.[1]  Thus, he cannot present any such opinion at trial.  Likewise, Linear does not have any fact witnesses who can testify that "the ZX circuitry identified by counsel in the ITC Proceeding" is present in the MP1543.  Accordingly, the Court should preclude Linear from presenting any evidence and/or claiming at trial that the accused MP1543 product contains "the ZX circuitry identified by counsel for Linear in the ITC Proceeding."

Linear responds to this fatal problem by asking the Court to ignore the operative language of the applicable contract – the Settlement Agreement ("SA") – and instead allow Linear to rewrite that contract to substitute the term "circuitry that senses a reverse current condition (current at or close to zero) to put the circuit into sleep mode or reverse polarity protection mode" for the term "the ZX circuitry identified by counsel for Linear in the ITC Proceeding." However, the SA does not contain any language such as "circuitry that senses a reverse current condition . . ." and at no time during the negotiations leading up to the SA did either party use that language, or anything like that language, or suggest that MPS was, in actuality, agreeing not to make, use or sell any product containing such circuitry.  Linear's position is indefensible.

---

[1] If Linear's expert had such an opinion, he was required to present it in his October 1, 2007 opening report.  He did not do so.  The expert had numerous other opportunities to present such an opinion, but never did so.  These opportunities included his November 1, 2007 rebuttal report and an unauthorized November 27, 2007 "supplemental" report.  The latter two reports were prepared *after* MPS had informed the Court of this defect in Linear's case on October 8, 2007 and requested permission to file a summary judgment motion.  D.I. 92, 98.  Furthermore, Linear did not provide any declaration from its expert in opposition to MPS's Motion for Summary Judgment of No Breach of Contract, filed on November 26, 2007 (D.I. 105, 106) or at any other time.

Linear's opposition engages in more sleight-of-hand, referencing a "third circuit," claiming that "ZX circuitry" is somehow a buzzword for any infringing circuitry, and alleging that because the MP1543 contains a reverse current comparator it therefore contains "ZX circuitry." Opp., at 3-4. Linear even argues that "Monolithic plainly knows what the ZX circuitry is of its own products" (Opp., at 5), apparently hoping to shift the burden to MPS to prove a negative. Linear's evasive advocacy is not a substitute for evidence.

Pursuant to the SA, the parties agreed that MPS "has not made and will not make any sales of any other products in which ***the ZX circuitry identified by counsel for Linear in the ITC Proceeding is connected*** so as to allow such products to enter into what Linear referred to as 'sleep mode,' 'reverse polarity protection', or otherwise practice the Asserted Claims anywhere in the world." *Id.* at § 3.3 (emphasis added). That identified circuitry is not present in the MP1543; Linear has no evidence – factual or from its expert – that the identified circuitry is present in the MP1543; and it would be improper to allow Linear to introduce any evidence or make any argument at trial that the MP1543 contained "***the*** ZX circuitry identified by counsel for Linear in the ITC Proceeding" based on an altered definition. The Court should grant MPS's motion.

## II. LINEAR CANNOT REWRITE THE OPERATIVE LANGUAGE OF THE SETTLEMENT AGREEMENT TO COVER THE CIRCUITRY IN THE MP1543

The SA states, in section 3.3:

> ... For avoidance of doubt, Linear agrees that the MPS products, such as the MP2104, that have the accused ZX circuitry disabled as set forth in the ITC proceeding, do not infringe the Licensed Patents and that MPS may continue to make, have made, use, sell and offer to sell such products.

Thus, by definition, "the ZX circuitry identified by counsel for Linear in the ITC Proceeding" is the circuitry that is enabled in the MP1556 but disabled in the MP2104. That circuitry is not present in the MP1543 – the November 1, 2007 expert report of MPS's expert,

2

Dr. Thomas Szepesi, demonstrated as much. *See* Ex. D to D.I. 106, at 84-87. Accordingly, the MP1543 does not contain "the ZX circuitry identified by counsel for Linear in the ITC Proceeding." Despite having numerous opportunities to do so, Linear's expert never challenged Dr. Szepesi's opinion.

To circumvent this problem, Linear wants to rewrite the operative language of the SA. It wants to argue to the jury that the term "[any] circuitry that senses a reverse current condition (current at or close to zero) to put the circuit into sleep mode or reverse polarity protection mode" means the same thing as "the ZX circuitry identified by counsel for Linear in the ITC Proceeding." Linear cannot do so. During the negotiations leading up to the SA, neither party used anything like that language. There is nothing like that language in the SA. Accordingly, it would be improper to allow Linear to make that argument at trial.

### III. LINEAR CANNOT SHIFT THE BURDEN TO MPS AND FORCE IT TO PROVE A NEGATIVE

Lacking the affirmative proof it needs to support its position, Linear attempts to shift the burden onto MPS by asserting that MPS "knows what the ZX circuitry is of its own products" and that the testimony of MPS witness Wei Chen "pinpoints the 'ZX circuitry' of the MP1543." Opp., at 5. This is specious. Wei Chen did not testify that the MP1543 contains "the ZX circuitry identified by counsel for Linear in the ITC Proceeding" and the deposition excerpt does not support Linear's contention. Linear can only pursue this argument if it rewrites, and changes the meaning of, the operative language of the SA. Since it cannot do so, the Court should grant this motion.

### IV. CONCLUSION

For the foregoing reasons, MPS respectfully requests that the Court grant MPS Motion in Limine No. 2.

3

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP |
| Dean G. Dunlavey<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925<br>Tel: (714) 540-1235 | By: /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, Delaware 19889-0951<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Mark A. Flagel<br>Robert Steinberg<br>Sean S. Pak<br>LATHAM & WATKINS LLP<br>633 West Fifth Street, Suite 4000<br>Los Angeles, CA 90071-2007<br>Tel: (213) 485-1234 | *Attorneys for Defendant*<br>*Monolithic Power Systems, Inc.* |
| David McKone<br>LATHAM & WATKINS LLP<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 777-7316 | OF COUNSEL:<br><br>Bruce Zisser<br>QUINN EMANUEL URQUHART OLIVER &<br>HEDGES, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3100 |
| Claude M. Stern<br>QUINN EMANUEL URQUHART OLIVER<br>& HEDGES, LLP<br>555 Twin Dolphin Dr., Suite 560<br>Redwood Shores, CA 94065<br>Tel: (650) 801-5000 | Alison E. Monahan<br>QUINN EMANUEL URQUHART OLIVER &<br>HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600 |
| Richard I. Werder, Jr.<br>Eric Huang<br>Carlos A. Rodriguez<br>QUINN EMANUEL URQUHART OLIVER<br>& HEDGES, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000 | |

Dated: May 2, 2008
Public Version Dated: May 9, 2008
863721 / 30611

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 9, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 9, 2008, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
Joel M. Freed
Natalia V. Blinkova
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com
jfreed@mwe.com
nblinkova@mwe.com
mcunningham@mwe.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304-1212
jshin@mwe.com

By:  */s/ David E. Moore*
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

750219 / 30611

By:  */s/ David E. Moore*