IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LINEAR TECHNOLOGY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-476 (GMS) |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MONOLITHIC POWER SYSTEMS, INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**MONOLITHIC POWER SYSTEMS' REPLY TO MOTION IN LIMINE NO. 3 TO
PRECLUDE LINEAR TECHNOLOGY FROM PRESENTING ANY EVIDENCE
CONCERNING ITS SETTLEMENT AND LICENSE AGREEMENTS WITH
THIRD PARTIES INCLUDING MAXIM INTEGRATED PRODUCTS**

OF COUNSEL:

Dean G. Dunlavey
LATHAM & WATKINS LLP
Costa Mesa, CA 92626-1925

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
Los Angeles, CA 90071-2007

David McKone
LATHAM & WATKINS LLP
Chicago, IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
San Francisco, CA 94111

I.  **INTRODUCTION**

In its opposition to MPS's Motion in Limine No. 3, Linear states its intention to introduce, as secondary indicia of nonobviousness, Maxim's agreement to take a license to Linear's patents to settle ongoing litigation. This Court, in both *Telcordia Technologies, Inc. v. Cisco Systems, Inc.,* C.A. No. 04-876-GMS, 2007 U.S. Dist. LEXIS 31960 (D. Del., Apr. 24, 2007) and *PharmaStem Therapeutics, Inc. v. Viacell, Inc.,* C.A. No. 02-148-GMS, 2003 WL 22387038 (D. Del. Oct. 7, 2003), excluded precisely this type of evidence. Not only is such information barred by Fed. R. Evid. 408, but it is also much more prejudicial and confusing than probative under Fed. R. Evid. 403.

Linear also states its intention to introduce the transcript of a Maxim earnings call six weeks after the settlement in which Maxim's CEO makes a few statements concerning the settlement. Like the license agreement itself, the statements of Maxim's CEO are inadmissible under the hearsay rules and under Fed. R. Evid. 403. Moreover, they are inadmissible because Linear never identified the CEO in its Rule 26(a) disclosures of persons "likely to have discoverable information . . . that [Linear] may use to support its claims or defenses."

II.  **THE MAXIM SETTLEMENT AND LICENSE ARE INADMISSIBLE**

In *Telcordia,* this Court held that license agreements arising from litigation with third parties are not admissible: "In the present case, the license and settlement agreements between BellCore and Fore Systems arose as a direct result of the settlement of the Fore Case. Thus, they fall ***squarely within the prohibition of Rule 408***." No. 04-876 GMS, at 12 (emphasis added). Likewise, in *PharmaStem,* the Court excluded "all evidence relating to negotiations of the . . . licenses, including the license agreements themselves," because the agreements arose in a litigation context. 2003 WL 22387038, at *4.

Linear contends that Rule 408 should not apply here because MPS was not a party to the

Maxim settlement agreement. The Court has squarely rejected this precise argument. *Telcordia,* No. 04-876 GMS, at 12 (Rule 408 precluded introduction of Telcordia's settlement agreement with Fore Systems against Cisco); *PharmaStem,* 2003 WL 22387038, at *4 (excluding from evidence, under Rule 408, all litigation-driven licenses with third parties).

Linear's opposition argues that the Maxim settlement is relevant. However, the cases upon which Linear relies do not support its position. In *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings,* 370 F.3d 1354, 1368 (Fed. Cir. 2004), the Federal Circuit concluded that evidence of extensive licensing of the patent in suit may support nonobviousness. *Metabolite* is not applicable here, however, as the licenses involved in it were not litigation driven. The same is true of the licenses involved in *Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530, 1539 (Fed. Cir. 1983). Like this Court, the Federal Circuit has found the existence of litigation-driven settlements (like the Maxim settlement) to be of "little significance." *Iron Grip Barbell Co. Inc. v. USA Sports, Inc.,* 392 F.3d 1317, 1324 (Fed. Cir. 2004) ("[o]ur cases specifically require affirmative evidence of nexus where the evidence of commercial success presented is a license, because ***it is often "cheaper to take licenses than to defend infringement suits."***) (emphasis added). The only licenses that Linear has produced were litigation driven.

Linear tries to distinguish *Telcordia* by stating that the settlement agreement in that case involved 78 patents, three of which were at issue in the litigation. Linear's argument is without merit – the Court clearly stated that the settlement agreement in *Telcordia* was inadmissible under Rule 408. This is the same ruling that the Court made in *PharmaStem*, which did not involve a license agreement with a large number of patents.

### III. THE OUT-OF-COURT STATEMENTS BY MAXIM'S CEO ARE INADMISSIBLE HEARSAY

Linear's opposition reveals that Linear intends to introduce an unauthenticated transcript

2

of a purported analyst earnings call with Maxim CEO Jack Gifford. Mr. Gifford purportedly said "There wasn't any prior ART that was that strong." According to Linear, this statement reflected Mr. Gifford's "state of mind in taking the license" and this is "entitled to substantial weight" Linear's position is remarkable – and devoid of merit.

Mr. Gifford's statements – made over six seeks after the Linear/Maxim settlement – are inadmissible hearsay.[1] Linear's attempt to rely upon the "state of mind" exception of Fed. R. Evid. 803(3) is wholly misplaced, as that rule (1) deals with contemporaneous statements and (2) expressly excludes "a statement of memory or belief to prove the fact remembered or believed *unless it relates to the execution revocation, identification, or terms of declarant's will.*" Linear's novel reading of Rule 803(3) would render virtually all hearsay admissible. Not surprisingly, the case Linear cites as support for its bizarre proposition, *Simmons Fastener Corp. v. Illinois Tool Works, Inc.*, 739 F.2d 1573, 1575 (Fed. Cri. 1984), does not support Linear.

Mr. Gifford's statement is also inadmissible under Fed. R. Evid. 403 and because Linear never disclosed him in its Rule 26(a) disclosures as a person likely to have discoverable information. Lastly, Linear ignores Mr. Gifford's statements that (1) Maxim developed its product independently of Linear, (2) Maxim did not file a patent application because it thought the circuitry "was obvious," and (3) Maxim settled primarily to end the expensive litigation ($2 million/quarter). *See* Ex. G. to Linear Opposition to MPS MIL #3, at CX-266.0018. Thus, both the Maxim settlement and Mr. Gifford's statement should be excluded.

---

[1] Linear's assertion that it does not seek to introduce that statement for the truth of the matter asserted is frivolous. Linear admits that it wants to use the statement to establish that there was no prior art. Similarly frivolous is Linear's contention that the statement somehow is admissible as a business record under Fed. R. Evid. 803(6), as there is no evidence that it was kept in the course of a regularly conducted business activity or that it was the regular practice of maxim to make such a record, nor has Linear offered any evidence to authenticate the statement, *see* Fed. R. Evid. 803(6), 902(11).

3

|  |  |
|---|---|
| OF COUNSEL:<br><br>Dean G. Dunlavey<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925<br>Tel: (714) 540-1235<br><br>Mark A. Flagel<br>Robert Steinberg<br>Sean S. Pak<br>LATHAM & WATKINS LLP<br>633 West Fifth Street, Suite 4000<br>Los Angeles, CA 90071-2007<br>Tel: (213) 485-1234<br><br>David McKone<br>LATHAM & WATKINS LLP<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 777-7316<br><br>Claude M. Stern<br>QUINN EMANUEL URQUHART OLIVER<br>& HEDGES, LLP<br>555 Twin Dolphin Dr., Suite 560<br>Redwood Shores, CA 94065<br>Tel: (650) 801-5000<br><br>Richard I. Werder, Jr.<br>Eric Huang<br>Carlos A. Rodriguez<br>QUINN EMANUEL URQUHART OLIVER<br>& HEDGES, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000<br><br>Dated: May 2, 2008<br>Public Version Dated: May 9, 2008<br>863728 / 30611 | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By:  /s/ David E. Moore<br>       Richard L. Horwitz (#2246)<br>       David E. Moore (#3983)<br>       Hercules Plaza, 6th Floor<br>       1313 North Market Street<br>       Wilmington, Delaware 19889-0951<br>       Tel: (302) 984-6000<br>       rhorwitz@potteranderson.com<br>       dmoore@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Monolithic Power Systems, Inc.*<br><br><br>OF COUNSEL:<br><br>Bruce Zisser<br>QUINN EMANUEL URQUHART OLIVER &<br>HEDGES, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3100<br><br>Alison E. Monahan<br>QUINN EMANUEL URQUHART OLIVER &<br>HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 9, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 9, 2008, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
Joel M. Freed
Natalia V. Blinkova
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com
jfreed@mwe.com
nblinkova@mwe.com
mcunningham@mwe.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304-1212
jshin@mwe.com

        By:  */s/ David E. Moore*
            Richard L. Horwitz
            David E. Moore
            Hercules Plaza, 6th Floor
            1313 N. Market Street
            Wilmington, Delaware 19899-0951
            (302) 984-6000
            rhorwitz@potteranderson.com
            dmoore@potteranderson.com

750219 / 30611

By:  */s/ David E. Moore*