IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 06-476 (GMS) |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC., ) | **PUBLIC VERSION** |
| ) | |
| Defendant. ) | |

**MONOLITHIC POWER SYSTEMS' REPLY TO MOTION IN LIMINE NO. 4 TO
PRECLUDE EVIDENCE OF USE OF THE MP1543 BY CUSTOMERS**

OF COUNSEL:

Dean G. Dunlavey
LATHAM & WATKINS LLP
Costa Mesa, CA 92626-1925

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
Los Angeles, CA 90071-2007

David McKone
LATHAM & WATKINS LLP
Chicago, IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
San Francisco, CA 94111

## I. INTRODUCTION

Linear's opposition first concentrates on MPS's alleged direct infringement, an issue that is irrelevant to indirect infringement. MPS's direct infringement, if any, is also irrelevant to Linear's breach of contract claim, which is only applicable to "**sales**" of a covered product. Thus, Linear's discussion of MPS's alleged direct infringement – whether by testing, internal use, or otherwise – has no bearing on MPS's motion.

The Court should grant MPS's motion because Linear cannot show direct infringement by the two U.S. entities that purchased MP1543 parts from MPS's distributor. Linear states that it should be allowed to argue to the jury that circumstantial evidence implies such direct infringement. There is, however, no evidence that either of those entities received a data sheet or made so much as a single voltage regulator with an MP1543 part. Linear should not be permitted to ask the jury to infer the details of products that do not exist. The Court should exercise its power, under Federal Rule of Civil Procedure 16, to "weed out unmeritorious claims . . . before trial begins." *Smith v. Gulf Oil Co.*, 995 F.2d 638, 642 (6th Cir. 1993).

## II. ALLEGED DIRECT INFRINGEMENT BY MPS IS IRRELEVANT TO INDIRECT INFRINGEMENT

In its opposition, Linear accuses MPS of having committed direct infringement by building infringing combinations to test the MP1543. This is irrelevant to this motion. While MPS disagrees that its testing of parts could constitute infringement, MPS's motion does not seek to preclude Linear from making that argument. Rather, MPS seeks to preclude Linear from arguing that some MPS customer has used the MP1543 in a manner that directly infringes. "[L]iability for either active inducement of infringement or for contributory infringement is ***dependent upon the existence of direct infringement by customers***." *RF Delaware, Inc. v. Pacific Keyston Techs., Inc.*, 326 F.3d 1255, 1268 (Fed. Cir. 2003) (emphasis added).

Linear's statement that "infringement by others need not be shown because Monolithic itself directly infringes" is misplaced. MPS's motion targets Linear's accusations of indirect infringement – *i.e.*, inducing infringement and contributory infringement. MPS's alleged direct infringement is irrelevant to that inquiry.[1]

## III. LINEAR HAS INTRODUCED NO CIRCUMSTANTIAL EVIDENCE OF DIRECT INFRINGEMENT BY MPS'S CUSTOMERS

"[T]he patentee always has the burden to show direct infringement for each instance of indirect infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006). The parties agree that Linear cannot show any direct evidence of indirect infringement. To overcome this problem, Linear argues that it should be permitted to show indirect infringement through circumstantial evidence. *See Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1364-65 (Fed. Cir. 2004). Specifically, Linear intends to rely on the datasheet for the MP1543. There is no evidence, however, that either of the two U.S. entities that purchased the MP1543 ever received a datasheet. Moreover, there is no evidence that any of the miniscule number of MP1543 parts sold in the United States (110) ever ended up in a voltage regulator.

The Federal Circuit has held that to show indirect infringement, the patentee at least must show that a third party made or sold a product that included the accused component. *DSU Med. Corp.*, 471 F.3d at 1303 ("[T]o prevail on contributory infringement, DSU must have shown that ITL made and sold the Platypus . . . ."); *S. Bravo Sys., Inc. v. Containment Techs. Corp.*, 96 F.3d

---

[1] MPS's alleged direct infringement is also irrelevant to the question of whether MPS breached the Settlement and License Agreement ("SA"), assuming that the Court were to deny MPS's pending Motion for Summary Judgment of No Breach of Contract (Count One). The SA does not cover direct infringement by MPS. Rather, it provides that "MPS agrees that it has not made and will not make *any sales* of any other products" covered by the SA. SA, § 3.3 (emphasis added). Thus, even if Linear's "'ZX circuitry' means any infringing circuitry" argument were viable, Linear still would have to demonstrate that MPS *sold* an MP1543 to someone in the United States who then used it to build an infringing product.

2

1372, 1376 (Fed. Cir. 1996) ("Bravo's *failure to proffer any evidence of direct infringement likewise doomed its claims* of contributory infringement and inducement to infringe") (emphasis added). Linear has admitted that it has no such evidence. *See* Flatness, 8/14/2007 Dep. Tr. at 105:7-10 (Ex. 3 to Motion). A jury would be unreasonable to conclude otherwise.

Linear's opposition cites to cases holding that circumstantial evidence may be used to prove indirect infringement. The cases, however, do not assist Linear. For example, in *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 1 Fed. Appx. 879, 884 (Fed. Cir. 2001) (unpublished), the passage cited by Linear was addressing damages issues, not infringement. In any event, *Chiuminatta* involved the sale of a finished product, not a part that itself was incapable of infringement. Even then, the Federal Circuit reversed the district court's finding that "each sale of a Green Machine saw led to an act of infringement." Similarly, *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986) dealt with sales of a finished puzzle together with an "an instruction sheet teaching the method of restoring the preselected pattern." *Pickholtz v. Rainbow Techs., Inc.*, 260 F. Supp. 2d 980, 988 (D. Cal. 2003), a district court opinion, is inapplicable – it focuses on the requisite mental state necessary to support an indirect infringement finding.[2] None of Linear's cases relieves a patentee from proving direct infringement by someone as a prerequisite to claiming indirect infringement.

## IV. CONCLUSION

For the reasons set forth above, the Court should grant MPS's motion and preclude Linear from making an indirect infringement argument.

---

[2] Linear's reliance on *VLT Corp. v. Unitrode Corp.*, 130 F. Supp. 2d 178, 184 (D. Mass 2001), is similarly off point, as "Unitrode [did] not argue that Vicor lacks the evidence necessary to prove direct infringement by any third party device." Similarly, in *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326-27 (Fed. Cir. 2004), it was undisputed that a third party manufactured and sold a product that incorporated the defendant's product.

3

<table>
<tr><td>

OF COUNSEL:

Dean G. Dunlavey
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 485-1234

David McKone
LATHAM & WATKINS LLP
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Tel: (312) 777-7316

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
555 Twin Dolphin Dr., Suite 560
Redwood Shores, CA 94065
Tel: (650) 801-5000

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

Dated: May 2, 2008
Public Version Dated: May 9, 2008
863729 / 30611

</td><td>

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:  /s/ David E. Moore
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 North Market Street
     Wilmington, Delaware 19889-0951
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendant*
*Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3100

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600

</td></tr>
</table>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 9, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 9, 2008, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
Joel M. Freed
Natalia V. Blinkova
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com
jfreed@mwe.com
nblinkova@mwe.com
mcunningham@mwe.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304-1212
jshin@mwe.com

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

750219 / 30611

2

By: /s/ David E. Moore