IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 06-476 (GMS) |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| MONOLITHIC POWER SYSTEMS, INC., ) | **PUBLIC VERSION** |
| ) | |
| Defendant. ) | |

**MONOLITHIC POWER SYSTEMS' REPLY TO MOTION IN LIMINE NO. 5 TO
PRECLUDE LINEAR TECHNOLOGY FROM PRESENTING EVIDENCE
CONCERNING THE *AATI* INVESTIGATION OR THE *IMPALA* LITIGATION**

OF COUNSEL:

Dean G. Dunlavey
LATHAM & WATKINS LLP
Costa Mesa, CA 92626-1925

Mark A. Flagel
Robert Steinberg
Sean S. Pak
LATHAM & WATKINS LLP
Los Angeles, CA 90071-2007

David McKone
LATHAM & WATKINS LLP
Chicago, IL 60606

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
Redwood Shores, CA 94065

Richard I. Werder, Jr.
Eric Huang
Carlos A. Rodriguez
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
New York, NY 10010

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19889-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Monolithic Power Systems, Inc.*

OF COUNSEL:

Bruce Zisser
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
Los Angeles, CA 90017

Alison E. Monahan
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
San Francisco, CA 94111

I.  **INADMISSIBLE EVIDENCE DOES NOT BECOME ADMISSIBLE BECAUSE AN EXPERT RELIED UPON IT**

Linear contends that its expert, Mr. Blauschild, should be permitted to testify regarding the events and outcomes in the *AATI* Proceeding and the *Impala* litigation because he "relied on" them. Linear's argument reflects a basic misunderstanding of the rules of evidence. Inadmissible "facts or data . . . ***shall not be disclosed to the jury*** by the proponent of the [expert's] opinion . . . ***unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect***." Fed. R. Evid. 703 (emphasis added). As explained in MPS's motion, courts, including the Third Circuit, have found this type of evidence prejudicial and of low probative value. *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1345 (3d Cir. 2002); *Marin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1357-58 (4th Cir. 1995); *U.S. v. MacDonald*, 688 F.2d 224, 230 (4th Cir. 1982). Thus, Mr. Blauschild's reliance upon inadmissible evidence in formulating his opinions does not make that evidence admissible.[1]

II.  **LINEAR'S AMORPHOUS ARGUMENT CONCERNING MPS'S INEQUITABLE CONDUCT DEFENSE IS UNAVAILING**

Linear argues that it should be permitted to introduce evidence from the *Impala* litigation to rebut MPS's claim that Linear engaged in inequitable conduct by burying the patent examiner with over 220 references. However, Linear does not identify what evidence it intends to

---

[1] Linear's argument that it should be able to rebut MPS's invalidity contentions by introducing "opinions and findings" of the ITC and the *Impala* district court is specious. As an initial matter, the *Impala* court never addressed the issue of validity and the ITC's finding are on appeal to the Federal Circuit. Furthermore, Rule 703 permits an expert to offer an opinion based upon inadmissible facts or data only if the facts and data are "of a type ***reasonably relied upon by experts in the particular field*** in forming opinions or inferences upon the subject." Linear cannot seriously contend that the ITC's findings are normally relied upon by experts in the field. There is, for example, no evidence that any of the ITC commissioners has any expertise in voltage regulators or electrical engineering (or any technical background at all). Finally, as set forth in the text, the ITC's findings could not be presented to the jury in any event.

introduce, leaving the Court and MPS to guess. Fed. R. Civ. P. 32 precludes Linear from introducing depositions of the inventors or the prosecuting attorneys, as MPS was not a party to either *Impala* or *AATI* and thus had no opportunity to participate in those depositions. Additionally, Fed. R. Evid. 802 precludes Linear from introducing the hearsay findings of the ITC or the *Impala* court. Were Linear to argue that such findings are public record exceptions to the hearsay rule under Fed. R. Evid. 803(8)(c), that argument would be misplaced. Moreover, as explained in MPS's motion, this type of evidence is much more prejudicial than probative. *See Coleman*, 306 F.3d at 1345; *Marin*, 48 F.3d at 1357-58; *MacDonald*, 688 F.2d at 230.

### III. THE WILCOX DEPOSITION TESTIMONY FROM *IMPALA* IS NOT ADMISSIBLE

Linear argues that the deposition testimony of named inventor Milton Wilcox from the *Impala* case is admissible under Fed. R. Evid. 804(a)(4). As set forth in MPS's motion, this exception does not apply. Linear tries to rebut MPS's arguments by invoking the "has not otherwise been made known" provision of Fed. R. Civ. P. 26(e). Tellingly, Linear points to nothing in its brief to support a contention that it otherwise made known its intention to introduce Mr. Wilcox's testimony until after the close of discovery. If Linear had made this known, it would have articulated the circumstances.

Moreover, even if Mr. Wilcox's prior deposition testimony is not hearsay under Fed. R. Evid. 804(b)(1), it should be excluded for failure to satisfy Fed. R. Civ. P. 32(a)(1), which states:

> (1) In General. At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
> (A) ***the party was present or represented at the taking of the deposition*** or had reasonable notice of it;
>
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; ***and***
>
> (C) ***the use is allowed by Rule 32(a)(2) through (8).***

As is clear from the face of the Rule, ***all three requirements*** must be met.

Linear argues that it is irrelevant whether MPS was present at Mr. Wilcox's deposition because Mr. Wilcox is now "unavailable" under Rule 32(a)(8). Even assuming that Mr. Wilcox is unavailable, Linear also would have to show that MPS was present or represented at the taking of his deposition. Linear cannot make that threshold showing – MPS was not a party to the *Impala* lawsuit and had no opportunity to participate in Mr. Wilcox's depositions.[2]

### IV. THE FACT THAT MPS MAY SEEK TO INTRODUCE CERTAIN TESTIMONY FROM EITHER THE *IMPALA* OR THE *AATI* CASE DOES NOT GIVE LINEAR *CARTE BLANCHE* TO INTRODUCE HEARSAY EVIDENCE FROM THOSE CASES

Linear's opposition suggests that because MPS may seek to introduce certain testimony from either the *Impala* or *AATI* case, Linear has unfettered authority to introduce testimony and evidence from those cases. Linear's suggestion is clearly wrong. The abilities of the parties to introduce such evidence is highly asymmetric. MPS is entitled to introduce testimony from the *Impala* and *AATI* cases, both because Linear was present and represented and because admissions against interest are not hearsay. *See* Fed. R. Evid. 804(b)(1), 804(b)(3); Fed. R. Civ. P. 32. Conversely, Linear is not entitled to introduce such testimony because the same hearsay and evidentiary exceptions do not apply to it. While Linear may be permitted to request the introduction of additional portions of such testimony "which ought in fairness to be considered contemporaneously with it" (Fed. R. Evid. 106), any such additional portions would only be presented ***after*** MPS presented the testimony and would only include the witness' testimony that was directly related to the subject introduced by MPS.

Accordingly, MPS's Motion in Limine No. 5 should be granted.

---

[2] This threshold requirement was met in *Aubrey Rogers Agency, Inc. v. AIG Ins. Co.*, 2000 U.S. Dist. LEXIS 997, cited by Linear, as AIG attended the deposition sought to be admitted against it.

3

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP |
| Dean G. Dunlavey<br>LATHAM & WATKINS LLP<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925<br>Tel: (714) 540-1235 | By: /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, Delaware 19889-0951<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| Mark A. Flagel<br>Robert Steinberg<br>Sean S. Pak<br>LATHAM & WATKINS LLP<br>633 West Fifth Street, Suite 4000<br>Los Angeles, CA 90071-2007<br>Tel: (213) 485-1234 | *Attorneys for Defendant*<br>*Monolithic Power Systems, Inc.* |
| David McKone<br>LATHAM & WATKINS LLP<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Tel: (312) 777-7316 | OF COUNSEL:<br><br>Bruce Zisser<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3100 |
| Claude M. Stern<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>555 Twin Dolphin Dr., Suite 560<br>Redwood Shores, CA 94065<br>Tel: (650) 801-5000 | Alison E. Monahan<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600 |
| Richard I. Werder, Jr.<br>Eric Huang<br>Carlos A. Rodriguez<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000 |  |

Dated: May 2, 2008
Public Version Dated: May 9, 2008
863731 / 30611

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 9, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 9, 2008, the attached document was Electronically Mailed to the following person(s):

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899
klouden@mnat.com

Raphael V. Lupo
Mark G. Davis
Ronald J. Pabis
Stephen K. Shahida
Joel M. Freed
Natalia V. Blinkova
Matthew G. Cunningham
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005
rlupo@mwe.com
madavis@mwe.com
rpabis@mwe.com
sshahida@mwe.com
jfreed@mwe.com
nblinkova@mwe.com
mcunningham@mwe.com

Jimmy Shin
McDermott Will & Emery LLP
3150 Porter Dr.
Palo Alto, CA 94304-1212
jshin@mwe.com

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

750219 / 30611