IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINEAR TECHNOLOGY CORPORATION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MONOLITHIC POWER SYSTEMS, INC. ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 06-476 GMS |

## **ORDER**

At Wilmington, this 29th day of May, 2008, after having considered the defendant's motion to preclude evidence concerning the plaintiff's settlement and license agreements with third parties;

IT IS ORDERED that the Motion in Limine No. 3 (D.I. 143) is GRANTED. Rule 408 of the Federal Rules of Evidence provides that a license agreement may be excluded from evidence "where it (1) was reached under a threat of litigation, (2) arose in a situation where litigation was threatened or probable, or (3) was negotiated against a backdrop of continuing litigation infringement." *Pharmastem Therapeutics, Inc. v. Viacell Inc.*, No. C.A. 02-148 GMS, 2003 WL 22387038, at *2 (citations omitted). In determining whether the license agreement meets any of the above-stated requirements, the court must look at the context in which the agreement was reached. *Id.*[1] (citing *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1572 (Fed. Cir. 1988)).

In the present case, the license and settlement agreements between the plaintiff and third parties arose as a direct result of the settlement of litigation. Thus, they fall squarely within the

---

[1] Indeed, there are many factors and considerations that result in the successful settlement of litigation.

prohibition of Rule 408. Additionally, the court finds that any probative value of the agreements is clearly outweighed by the unfair prejudice to the defendant. See Fed. R. Evid. 403. Finally, the court finds that the statements made after the settlement are hearsay statements, and properly excluded under Rule 802 of the Federal Rules of Evidence.

/s/ Gregory M. Sleet
CHIEF, UNITED STATES DISTRICT JUDGE